CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED |  | VOUCHER NUMBER |
|---|---|---|---|
|  | **Julius Omar Robinson** |  |  |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT /DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT NUMBER |
|---|---|---|---|
|  | **4:00-CR-0260-Y (2)** |  |  |

| 7. IN CASE/MATTER OF *(Case Name)* | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
|  | ☐ Adult Defendant  ☐ Appellant  ☐ Other<br>☒ Habeas Petitioner  ☐ Appellee | ☐ D1 28 U.S.C. § 2254 Habeas (Capital)  ☒ D3 28 U.S.C. § 2255 (Capital)<br>☐ D2 Federal Capital Prosecution  ☐ D4 Other (Specify) _____ |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

**Capital Murder**

| 11. ATTORNEY'S NAME *(First Name, M.I., Last Name, including any suffix)*, AND MAILING ADDRESS | 12. COURT ORDER: |
|---|---|
| Gary Taylor<br>P.O. Box 90212<br>Austin, TX 78709<br><br>Telephone Number:  (512) 301-5100; FAX (512) 233-2953 | ☒ O  Appointing Counsel    ☐ C  Co-Counsel<br>☐ F  Subs For Federal Defender    ☐ R  Subs For Retained Attorney<br>☐ P  Subs For Panel    ☐ Y  Standby Counsel<br>**Prior Attorney's Name:** _____  **Appointment Date:** _____<br>(A) Because the above-named person represented has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications by law, is appointed to represent the person in this case.<br>(B) The attorney named in Item 11 is appointed to serve as: ☐ LEAD COUNSEL  ☒ CO-COUNSEL |

| 13. NAME AND MAILING ADDRESS OF LAW FIRM *(Only provide per instructions)* | **Name of Co-Counsel**<br>or Lead Counsel:  Gary Taylor    **Appointment Date:** 1-10-5 |
|---|---|
| DISTRICT COURT<br>NORTHERN DISTRICT OF TEXAS<br>FILED<br>JAN 1 0 2005<br>CLERK, U.S. DISTRICT COURT<br>By _____<br>Deputy | (C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead in counsel or co-counsel).<br>☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time, for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order<br>*Terry R. Means*<br>Signature of Presiding Judicial Officer or By Order of the Court<br>1-10-05<br>Date of Order _____  Nunc Pro Tunc Date _____<br>(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.<br>☐ YES  ☒ NO |

## CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING   Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding.  CHECK NO MORE THAN ONE BOX.  Submit a separate voucher for each *stage* of the *proceeding*.

| CAPITAL PROSECUTION | HABEAS CORPUS | OTHER PROCEEDING |
|---|---|---|
| a. ☐ Pre-Trial    e ☐ Appeal | g ☐ Habeas Petition    k ☐ Petition for the | l. ☐ Stay of Execution    o ☐ Other |
| b ☐ Trial    f. ☐ Petition for the | h ☐ Evidentiary Hearing    U.S. Supreme | m. ☐ Appeal of Denial of Stay    _____ |
| c. ☐ Sentencing    U.S. Supreme Court | i. ☐ Dispositive Motions    Writ of Certiorari | n. ☐ Petition for Writ of Certiorari to the U.S. |
| d ☐ Other Post Trial    Writ of Certiorari | j. ☐ Appeal |    Supreme Court Regarding Denial of Stay |

| 15. CATEGORIES *(Attach itemization of services with dates)* | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH. ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (RATE PER HOUR = $         ) |  |  |  | IN COURT TOTAL *Category a* | IN COURT TOTAL *Category a* |
| b  Interviews and Conferences with Client |  |  |  |  |  |
| c. Witness Interviews |  |  |  |  |  |
| d. Consultation with Investigators & Experts |  |  |  |  |  |
| e  Obtaining & Reviewing the Court Record |  |  |  |  |  |
| f. Obtaining & Reviewing Documents and Evidence |  |  |  | OUT OF COURT TOTAL *Categories b-j* | OUT OF COURT TOTAL *Categories b-j* |
| g  Consulting with Expert Counsel |  |  |  |  |  |
| h. Legal Research and Writing |  |  |  |  |  |
| i  Travel |  |  |  |  |  |
| j  Other *(Specify on additional sheets)* |  |  |  |  |  |
| TOTALS: Categories b thru j (RATE PER HOUR =         ) |  |  |  |  |  |

## CLAIM FOR TRAVEL AND EXPENSES *(Attach itemization of expenses with dates)*

| 16  Travel Expenses *(lodging, parking, meals, mileage, etc.)* |  |  |  |  |
|---|---|---|---|---|
| 17.  Other Expenses *(other than expert, transcripts, etc.)* |  |  |  |  |

**GRAND TOTALS (CLAIMED AND ADJUSTED):**

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE<br><br>_____  **TO:** _____ | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

21. CLAIM STATUS    ☐ Final Payment    ☐ Interim Payment Number _____    ☐ Supplemental Payment

Have you previously applied to the court for compensation and/or reimbursement for this   ☐ YES  ☐ NO   If yes, were you paid?  ☐ YES  ☐ NO
Other than from the Court, have you, or to your knowledge has anyone else, received payment *(compensation or anything of value)* from any other source in connection with this representation?  ☐ YES  ☐ NO    If yes, give details on additional sheets.
**I swear or affirm the truth or correctness of the above statements.**

Signature of Attorney _____    Date _____

## APPROVED FOR PAYMENT — COURT USE ONLY

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER |  | DATE | 27a. JUDGE CODE |  |

# United States District Court
### Northern District of Texas

Clerk of Court

1100 Commerce Street, Room 1452

Dallas, TX 75242

January 10, 2005

Gary Taylor
P. O. Box 90212
Austin, Texas 78709

SUBJECT:    USA v. Julius Omar Robinson; 4:00-CR-0260-Y (02)

Dear Mr. Taylor:

You have been appointed as co-counsel by United States District Judge Terry R. Means to represent the above-named defendant pursuant to an Order Appointing Counsel filed 1/10/05, a copy of which is attached as well as the original CJA 30 voucher.

The CJA appointment vouchers, worksheets, and instructions are available on our web site at http://www.txnd.uscourts.gov/forms/cja.html. If you need copies mailed to you, please contact me at (817) 850-6697. Attached to this letter is the Notice to Court Appointed Counsel of Public Disclosure of Attorney Fee Information as well as the court's Privacy Notice. Vouchers shall be submitted no later than 45 days after the final disposition of the case, unless good cause is shown.

Sincerely,

Deborah DuPree, Deputy Clerk

Enclosures

## NOTICE TO COURT APPOINTED COUNSEL OF
## PUBLIC DISCLOSURE OF ATTORNEY FEE INFORMATION

### NEW RULES APPLICABLE TO CASES COMMENCED
### ON OR AFTER JANUARY 25, 1998

The Criminal Justice Act (CJA), 18 U.S.C. § 3006A, now requires that the amounts paid to court appointed attorneys be made publicly available upon the court's approval of the payments. The court may disclose an unredacted copy of a payment voucher submitted by defense counsel, or a redacted copy of a voucher indicating only the amounts approved for payment according to categories of services listed in the statute. The extent of disclosure depends on whether the case is pending and on whether the court determines that certain interests (enumerated in subpart (d)(4)(D) of the CJA and listed below in part B.1) require the redaction of detailed information on the voucher. Upon court approval of a voucher claim, payment information will be made available as follows:

**A. BEFORE OR DURING THE TRIAL:** After redacting any detailed information provided to justify the expenses, the court shall make available to the public only the amounts approved for payment. Upon the completion of trial, unredacted copies of the vouchers may be released, depending on whether an appeal is being pursued and whether the court determines that one or more of the interests listed in part B.1 require the redaction of information.

**B. AFTER THE TRIAL IS COMPLETED:** The court shall make available to the public either a redacted or unredacted voucher as follows:

**1. If trial court proceedings have been completed and appellate review is not being pursued or has concluded at the time payment is approved:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed below justify limiting disclosure to the amounts approved for payment in the manner described in part A. The interests that may require limiting disclosure include:

(1) the protection of any person's 5th Amendment right against self-incrimination;
(2) the protection of the defendant's 6th Amendment rights to effective assistance of counsel;
(3) the defendant's attorney-client privilege;
(4) the work product privilege of the defendant's counsel;
(5) the safety of any person; and
(6) any other interest that justice may require.

**2. If appellate review is being pursued at the time payment is approved:** The court shall make available to the public only the amounts approved for payment in the manner described in part A unless it finds that none of the interests listed above in part B.1 will be compromised.

**C. AFTER THE APPEAL IS COMPLETED:** The court shall make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed in part B.1 justify limiting disclosure to the amounts approved for payment in the manner described in part A.

**If counsel believes that any of the interests listed above in part B.1 justify limiting disclosure to the amounts approved for payment, counsel should submit to the court a written request, identifying the interests at risk and the arguments in support of providing protection, at or before the time a claim for payment is made. Failure to do so could result in the public availability of unredacted copies of your vouchers without further notice.**

> This constitutes notice as required under 18 U.S.C. § 3006A(d)(4)(E). You may not receive additional notice before any payment information is made available to the public.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

### PRIVACY NOTICE
### Availability of Private and Sensitive Case Information via the Internet

Users of the court's Internet public access to electronic records system ("ECF/PACER") have access to the full text of certain court documents. Any person holding an ECF/PACER login and password may read, download, store, and print such documents, even if the person is not a party to, or an attorney appearing in, the case.

The following documents will not be available for inspection through ECF/PACER: a sealed document, a document in a social security case, and any document in a criminal case that the Judicial Conference has determined should not be in a public case file, such as an unexecuted summons or warrant, the statement of reasons in a judgment of conviction, and a financial affidavit filed in seeking representation pursuant to the Criminal Justice Act.

An attorney or pro se party should not include private or sensitive information in any document filed with the court—whether filed traditionally (in paper) or electronically—unless such inclusion is necessary to the case. If a social security number, tax identification number, a minor's name, a person's birth date, or a financial account number must be included, include only

> (1) the last four digits of the social security number or tax identification number;
> (2) the minor's initials;
> (3) the year of birth; or
> (4) the last four digits of the financial account number.

In a criminal case, if a home address must be included, only the city and state should be included.

Because filings may also contain information implicating not only privacy but also personal security concerns, an attorney or pro se party should also exercise caution when filing a document that contains any of the following information:

1. Medical records, treatment, and diagnosis;
2. Employment history;
3. Individual financial information;
4. Proprietary or trade secret information;
5. Information regarding the victim of any criminal activity;
6. National security information;
7. Sensitive security information as described in 49 U.S.C. § 114(s); or
8. Information regarding an individual's cooperation with the government.

Under the E-Government Act of 2002, an attorney or pro se party wishing to file a document containing private or sensitive information may, in addition to filing a redacted copy, file the document, or a reference list, under seal. A reference list is a document that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item of redacted information listed.

Attorneys are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. It is the sole responsibility of attorneys and parties to make any redactions and to decide whether or not to file a document under seal. The clerk will not review any filing for redaction.

This notice is provided to assist attorneys and pro se parties in addressing privacy and security concerns. It does not modify or affect a national or local rule of procedure or the authority of a judge of the court to order the parties in a specific case to proceed in a manner different from what is set out in this notice.

If you have any questions concerning this notice, please contact the district clerk's office.