ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 4 2005
10:45

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | X | |
| | X | |
| V | X | CAUSE NO. 4:00-CR-00260-2 -Y |
| | X | |
| JULIUS ROBINSON | X | |

### MOTION TO COMPEL PRODUCTION OF TRIAL COUNSEL'S FILES

Comes now Julius Robinson to ask this Court to issue an order to trial counsel, Jack

Strickland to produce all of his files in this cause to habeas counsel for copying for the following

reasons:

### I.

Mr. Robinson is a death sentenced inmate and for whom the undersigned counsel has

been appointed to represent him by this Court in proceedings under 28 USC Sec. 2255.

### CERTIFICATE OF CONFERENCE

The undersigned counsel has conferred with opposing counsel, Ms. Angie Henson of the

US Attorney's office; she is not opposed to the relief sought by this motion.

### II.

Counsel has attempted to obtain the files of trial counsel Jack Strickland by attempting to

call his office, by emailing him and by writing him a letter. Mr. Strickland has refused to make

any of his files available except by personal examination by the undersigned counsel in Mr.

Strickland's office. The undersigned counsel has offered to copy the files and return the original

file to Mr. Strickland. Mr. Strickland's reply is also attached. It should be noted that Mr. Wes

Ball, cocounsel at trial in this cause, has provided his file to counsel. Mr. Robinson has also

written Mr. Strickland and asked him to release his file to habeas counsel.

III.

Mr. Strickland's position that the files belong to him and are accessible to habeas counsel only in Mr. Strickland's office and only at mutually convenient times is inappropriate for a number of reasons. First, it violates the Texas Disciplinary Rules of Professional Conduct for Texas lawyers. Under the Rules, files belong to the client, not the attorney. Hebison v. State, 615 S.W.2d 866, 868 (Tex.Civ.App. - Houston 1st 1981 no writ); TEX.R.DISCIPLINARY CONDUCT Sec. 1.15(d). ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation."). Mr. Strickland is not, under the Texas Rules, in a position to insist that he retain the documents and allow only visual inspection.

In **Resolution Trust v H____ PC**, 128 F.R.D. 647 (N.D. Texas 1989), Judge Sanders agreed with the position advocated by Mr. Robinson here. There the plaintiff sought to compel the defendant law firm to turn over all documents and material created during their representation of the plaintiff's predecessor in interest, Caprock Savings and Loan. Citing **Nolan v Foreman**, 665 F.2d 738 (5th Cir. 1982) and **Hebison v. Texas** supra, the Court concluded that the plaintiff was entitled to all of the documents in counsel's file, including any potential work product. The Court noted that it was a virtually universal practice for former attorneys to transfer their entire file to new counsel. "In such cases, former attorneys do not withhold anything from the file, and

any materials, which they wish to keep are copied at their expense."

Second, Mr. Strickland's position is unworkable because it interferes with the investigation and development of Mr. Robinson's case, a factor that Mr. Ball clearly recognized when he turned over his files. In any case where the death penalty has been assessed, whether the defendant received the effective assistance of counsel is a primary question that must be answered. It would do Mr. Robinson little good, for example, to allege ineffective assistance based on failure to investigate an issue if Mr. Strickland's files would readily and easily answer that question. Further, such an allegation that could be easily and readily answered would consume this Court's resources unreasonably if the matter could be resolved so easily. Finally, **Wiggins v Smith** 539 U.S. 510 (2003) makes it clear that defense counsel must take certain steps to satisfy the Sixth Amendment.

Ineffectiveness, moreover, is not the only claim to which Mr. Strickland's files can shed light. Whether the prosecution satisfied its duty to disclose exculpatory information can be resolved by examination of an attorney's file. When evidence was disclosed and if it was disclosed would be highly relevant to such a claim. Other claims might well be developed based on Mr. Strickland's files.

Finally, there is the matter of cost and convenience. Neither of the counsel appointed by this Court for the 2255 proceedings lives in Fort Worth. To allow Mr. Strickland to retain his files and make them available only at mutually convenient dates and times would entail multiple trips to and from Fort Worth just to review portions of his files, assuming that busy lawyers can arrange their schedules for mutually convenient times.

Mr. Strickland clearly has an interest in being able to respond accurately to possible allegations filed at a later date. That interest can be satisfied, however, if, as the undersigned

counsel proposed, counsel copies the files and returns them immediately to Mr. Strickland's possession.

Mr. Robinson also requests that this Court allow him to serve a copy of this Court's order on Mr. Strickland together with a subpoena duces tecum that orders Mr. Strickland to produce his files to the person serving the subpoena and order.

WHEREFORE, PREMISES CONSIDERED, Mr. Robinson respectfully requests that this Court issue an order to Mr. Jack V. Strickland compelling him to surrender his files to either of the appointed counsel conditioned that habeas counsel promptly copy those files and return the originals to Mr. Strickland's possession and that undersigned counsel be permitted to serve said order together with a subpoena duces tecum returnable instanter.

Respectfully submitted,

Michael B. Charlton
P.O. Box 2269
Alvin Tx 77512
(713) 572 2333
(832 201 9653 (fax)
mike@charlton-legal.com
State Bar of Texas # 04144800
COUNSEL FOR JULIUS ROBINSON

### CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion was served on Angie Henson of the United States Attorney's Office for the Northern District of Texas, 801 Cherry St. , Unit 4, Fort Worth Tx 76102 on February 7, 2005by both email and by postal service.

Michael B. Charlton

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | X | |
| | X | |
| **V** | X | **CAUSE NO. 4:00-CR-00260-2** |
| | X | |
| **JULIUS ROBINSON** | X | |

**ORDER**

On this the ___ day of February, 2005 this Court considered Mr. Robinson's motion to compel and concluded that the same should be granted.

IT IS HEREBY ORDERED THAT   Jack V. Strickland turn over his files in the above referenced cause to either Michael B. Charlton or Gary Taylor and that habeas counsel be permitted to serve a copy of this order together with a subpoena duces tecum that orders Mr. Strickland to turn over the files to the person serving the subpoena.

_____
HONORABLE TERRY MEANS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

Jan. 26, 2005

Julius O. Robinson
26190-177
P.O. Box 33
Terre Haute, IN  47808

Jack Strickland                    Wes Ball
909. Throckmorton. St              4025 Woodland Park Blvd suite 100
Fort Worth, Tx 76102               Arlington, Tx 76013

Dear Mr. Strickland + Wes Ball

        I just receive a letter from my new lawyer
saying that they where having a issue with you about
my files. I would be very happy if you turn over all of
my files on my case to Michael. B. Charlton, Gary Taylor and
Sean Kennedy. Thank you.

                        Sincerely yours

                        Julius O. Robinson

CC: Michael B. Charlton (mail)
     Gary Taylor        (mail)
     Sean Kennedy       (mail)

                              NOTARIZED THIS
                              30th day of JANUARY
                              2005.
                              BJ Bul, NOTARY
                              Commission expires 1/18/2012
                              VIGO Co. INDIANA.

*Law Offices of*
**MICHAEL B. CHARLTON**

*Attorney at Law*
Board Certified - Criminal Law
Texas Board of Legal Specialization

*P.O. Box 2269*
*Alvin, Texas 77512*
*(713) 572-2333*
*Internet address: mike@charlton-legal.com*

January 20, 2005

Jack V. Strickland
Attorney at Law
909 Thockmorton
Fort Worth, Tx 76102-6397.

Re: USA v Robinson

Dear Jack,

Thanks for providing the appellate record.

I wanted to write to try and resolve the issue of access to Mr. Robinson's files in your office. I understand completely that anyone who has tried a capital murder case feels defensive when the habeas lawyer starts calling. I have tried seven capital cases and I feel the same way. Nevertheless, we have both been at this business long enough to know that these issues have to be addressed.

It is not appropriate for you to insist that your files remain in your office and that we can only have access at your discretion. The law is clear that the files don't belong to you but to Mr. Robinson. Hebison v. State, 615 S.W.2d 866, 868 (Tex.Civ.App. - Houston 1st 1981 no writ); In re George, 28 S.W.3d 511, 516 (Tex. 2000). TEX.R.DISCIPLINARY CONDUCT Sec. 1.15(d). We will be more than happy to copy the records and return them to you. I think we should be able to resolve this amicably without resorting to either invoking discovery procedures in the federal court or the Grievance Committee. But please make no mistake about it: we have a duty to investigate these issues and we will take what steps we need to to fulfill it.

I hope we can work this out, Jack. Please let me know by replying to the email address above. I'll also call your office next week; Gary will be in Plano for the capital seminar and he can swing by your office to pick up the files. I remain

Sincerely yours,

Mike Charlton

cc: Gary Taylor (by email)
Sean Kennedy (by email)
Julius Robinson (by USPS).

**charlton**

**From:** JVS1943@aol.com

**Sent:** Thursday, January 13, 2005 9:02 AM

**To:** mike@charlton-legal.com

**Subject:** Re: Julius Robinson

Mr. Charlton,
    The Robinson trial record is ready for you to pick up at my office.  I made a special trip to my office last night to assemble it for you.  You will need to sign a receipt for it, so please count the volumes.
    I will not release my file to you or anyone else.  You may make arrangements to inspect it at my office at a mutually convenient time.
    Please contact my legal assistant to arrange a time to pick up the record on Tuesday, as my office will be closed Monday, January 17th.
    Thank you.

Jack V. Strickland

2/7/2005