ORIGINAL

CTI/NOD

&  _____

BY: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | X |
| | X |
| V | X  CAUSE NO. 4:00-CR-00260-2 |
| | X |
| JULIUS ROBINSON | X |

**PETITIONER'S RESPONSE TO MR. STRICKLAND'S**

**MOTION TO MODIFY SUBPOENA AND**

**MOTION TO ORDER MR. STRICKLAND TO SHOW**

**CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT**

Comes now, Michael B. Charlton, counsel for Julius Robinson and files this response to Mr. Jack Strickland's Motion to modify the subpoena ordered by this Court and, alternatively, a request that this Court enter its order setting a show cause hearing and requiring Mr. Strickland to show cause why he should not be held in contempt for his refusal to honor the subpoena issued by this Court:

**I.**

Mr. Robinson is a death sentenced inmate. Mr. Jack Strickland was appointed to represent Mr. Robinson in his death penalty trial. The Court thereafter appointed Michael Charlton and Gary Taylor to represent Mr. Robinson with relation to habeas proceedings under 28 U.S.C. § 2255.

**II.**

To put this matter into context, a complete recitation of the relevant facts is in order. On January 12, 2005, the undersigned counsel faxed a letter to Mr. Strickland's secretary informing her and Mr. Strickland that Mr. Taylor would be in Fort Worth and would come to Mr. Strickland's office to pick up the appellate record and Mr. Strickland's files related to Mr. Robinson's case. The fax was pursuant to a prior conversation between undersigned counsel and Mr. Strickland. A copy of that fax is attached.

Mr Strickland responded the next day, Thursday, January 13, 2005 that Mr. Taylor could pick up the appellate record but not the files:

> *I will not release my file to you or anyone else. You may make arrangements to inspect it at my office at a mutually convenient time.*

(***Email, dated January 13, 2005, by Strickland toCharlton***). This correspondence was provided to the Court as an attachment to Mr. Robinson's Motion to Compel, and is attached hereto.

On January 20, 2005, the undersigned counsel wrote Mr. Strickland a letter which included

*Dear Jack,*

> *Thanks for providing the appellate record.*

> *I wanted to write to try and resolve the issue of access to Mr. Robinson's files in your office. I understand completely that anyone who has tried a capital murder case feels defensive when the habeas lawyer starts calling. I have tried seven capital cases and I feel the same way.*

*Nevertheless, we have both been at this business long enough to know that these issues have to be addressed.*

*It is not appropriate for you to insist that your files remain in your office and that we can only have access at your discretion. The law is clear that the files don't belong to you but to Mr. Robinson. **Hebison v. State**, 615 S.W.2d 866, 868 (Tex.Civ.App. - Houston 1ˢᵗ 1981 no writ); **In re George**, 28 S.W.3d 511, 516 (Tex. 2000). TEX.R.DISCIPLINARY CONDUCT Sec. 1.15(d). We will be more than happy to copy the records and return them to you. I think we should be able to resolve this amicably without resorting to either invoking discovery procedures in the federal court or the Grievance Committee. But please make no mistake about it: we have a duty to investigate these issues and we will take what steps we need to to fulfill it.*

*I hope we can work this out, Jack. Please let me know by replying to the email address above. I'll also call your office next week; Gary will be in Plano for the capital seminar and he can swing by your office to pick up the files. I remain*

*Sincerely yours,*
*Mike Charlton[1]*

This letter is attached hereto.

On February 7, 2005, the undersigned counsel, having heard nothing from Mr. Strickland, mailed and provided this Court an unopposed motion to compel Mr. Strickland to provide his files (relating to Mr. Robinson's case) in response to a subpoena; that motion was filed with the Court on February 14, 2005. On February 23, this Court granted that

---

[1]    On January 26, 2005, the client Julius Robinson also write both Mr. Strickland and Mr. Wes Ball and asked them to turn over all of his files to the undersigned counsel. Mr. Strickland, in his letter to Mr. Robinson of March 2, 2005, discussed above and mailed almost six weeks later, acknowledged receiving this letter. It should be noted that Mr. Ball turned over his files to Mr. Taylor, co-counsel, immediately and without question. They have been copied and are being returned to Mr. Ball. Counsel and Mr. Ball have had several conversations since that date.

motion. The motion and order are in the file of this Cause and counsel asks the Court to take judicial notice of these pleadings.

On March 2, 2002, well over a month after the January 10 letter, and a week after this Court entered its order, Mr. Strickland wrote the following letter to Mr. Robinson in response to our client's request that his files be turned over to counsel.

> *Dear Julius:*
>
> *I have just received your letter of January 26th regarding your file. I am concerned that you may have been misinformed, so let me explain the situation.*
>
> *Your file is your property and I am certainly willing to make it available to your writ lawyers for such copying and inspection as they deem necessary. However, I do not believe it is in anyone's interest – yours, mine, or the writ lawyers' – to simply release that file without appropriate safeguards in place. Accordingly, my procedure in every case including yours, is as follows:*
>
> *I will make the files available for inspection by your new lawyers. That inspection can take place in my conference room with no interference from me. The time for such is at the discretion of the lawyers and for however long they wish, as long as both are within reason. For example, I will not meet them at midnight. If they determine that they wish to copy all or part of the file, we can do so on a limited basis in the office, or in the case of more extensive copying, at the Kinko's right around the corner.*
>
> *I have absolutely no intention of restricting access or otherwise obstructing your lawyers inspection of your file. Any suggestion that I would do so is not only incorrect, but insulting. I think you know better than that. We are all on the same side in this case.*
>
> *I am sending a copy of this letter to Mr. Charlton, who can in turn, pass it on to his co-counsel. I will look forward to hearing from them to arrange a time to begin this process.*

*I hope things are going as well for you as can be expected. Please keep Wes and me posted as to the progress of your application. If you have any further questions or concerns, let us know.*

*Sincerely,*

*JACK V. STRICKLAND*

A true and correct copy of this letter is attached hereto.

As Mr. Strickland acknowledged in his motion, and as reflected in the affidavit of the Texas Legal Assistance process server, Steve Strickland, retained to serve Mr. Strickland with the subpoena issued by this Court on February 23, 2004, Mr. Strickland was served with the Court's subpoena on March 2, 2005.[2] The process server stated:

> *I served the aforementioned documents on Jack Strickland and explained that I was to pick up the entire file to forward to Michael Charlton at the time of service. Mr. Strickland told me he was in the middle of a death case and the file was not ready for pick up. Mr. Strickland said if needed they would have a hearing. Mr. Stickland stated that he needed a little time to get the file in order and I could come back to his office in a few days and pick up the file.*

The Return on said subpoena is attached hereto.

On March 10, 2005, before Mr. Strickland filed his motion to modify the subpoena, he contacted co-counsel, Gary Taylor and informed him he would file the Motion and later faxed a copy of the motion to Taylor. Mr. Strickland indicated he would probably not need to retain copies of the formal discovery provided to him by the United States Attorney's Office, which he indicated was a large part of the materials. Mr. Strickland further indicated

---

[2]    Mr. Scott Strickland did not serve the subpoena; his employee did.

that he would permit copying of anything that Mr. Taylor wanted but it would take some time to compile the portion of the file which Mr. Strickland generated.  Mr. Taylor indicated to Mr. Strickland that, as newly appointed counsel he was unfamiliar with the case and unable to designate portions of the file.  Mr. Taylor informed Mr. Strickland that, at this stage, we could not know for sure what documents would be relevant and that all of the documents needed to be provided.  **Mr. Taylor stated that he needed the entire file**.  Finally, Taylor informed Mr. Strickland that his intent was only to have the entire file digitally copied and, if Mr. Strickland wished, the entire file would be returned. Mr. Strickland informed Taylor that the discovery portion of the file could be ready the following week but the remainder would be provided within the time period set by this Court.

### III.

In his Motion to Strike, Mr. Strickland  alleges a number of issues which may be addressed relatively quickly.  Mr. Strickland asserts that

> "... it would better serve the interests of all concerned, including the Court, that there be a complete and accurate record of all materials taken from the possession of STRICKLAND. This is easily accomplished by lawyers on each side of this issue sitting down together and going over the materials which CHARLTON wishes to have. Copies can then be made.  By employing this procedure, there is no question as to what is in the file in STRICKLAND'S possession and no question as to what documents are being provided. Documents cannot be removed and documents cannot be added."

***Motion to Strike***.  The undersigned counsel have made it clear to Mr. Strickland that they wish all of the documents and files relating to Mr. Strickland's representation of Julius

Robinson. Mr. Robinson concurs. As can be seen from the attached correspondence,  Mr. Strickland has never made this offer explicit and it can only be inferred from his letter to Mr. Robinson. Be that as it may, the undersigned counsel insisted, and continues to insist, that the Mr. Strickland's entire file be provided.

The undersigned counsel have offered to copy the files but, if Mr. Strickland suspects that counsel will alter documents, Mr. Strickland may either copy the files himself, at his expense, or prepare an inventory of documents to be provided counsel. However, in the almost two months since counsel first requested the files, Mr. Strickland has accomplished neither. He has simply and continually refused the undersigned counsels' requests to produce Mr. Robinson's materials. As a direct result of the delay occasioned by Mr. Strickland, almost two months of the statute of limitations, and counsel's valuable time, has been lost–time which should have been spent investigating this case.

## IV.

Mr. Strickland is not entitled to retain these files. As was stated in the motion to compel and reiterated here, the files don't belong to him; they belong to Mr. Robinson and Mr. Robinson requested these files be turned over to the undersigned counsel. Again, as argued before, Mr. Strickland's legal position is untenable for several reasons. First, it violates the Texas Disciplinary Rules of Professional Conduct for Texas lawyers. Under the Rules, files belong to the client, not the attorney. ***Hebison v. State***, 615 S.W.2d 866, 868 (Tex.Civ.App. - Houston 1st 1981 no writ); TEX.R.DISCIPLINARY CONDUCT Sec.

1.15(d). ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation."). Mr. Strickland is not, under the Texas Rules, in a position to insist that he retain the documents and allow only visual inspection.

In ***Resolution Trust v H____ PC***, 128 F.R.D. 647 (N.D. Texas 1989), Judge Sanders agreed with the position advocated by Mr. Robinson.[3] In this case the plaintiff sought to compel the defendant law firm to turn over all documents and material created during their representation of the plaintiff's predecessor in interest, Caprock Savings and Loan. Citing *Nolan v Foreman*, 665 F.2d 738 (5th Cir. 1982), and ***Hebison v. Texas***, *supra*, the District Court concluded that the plaintiff was entitled to all of the documents in counsel's file, including any potential work product. The Court noted that it was a virtually universal practice for former attorneys to transfer their entire file to new counsel. "In such cases, former attorneys do not withhold anything from the file, and any materials, which they wish to keep are copied at their expense."

---

[3] A copy of Resolution Trust is attached.

Second, Mr. Strickland's position is unworkable because it interferes with the investigation and development of Mr. Robinson's case. Wes Ball, Mr. Strickland's co-counsel at trial, promptly provided his files to the undersigned counsel, recognizing their importance to the development of habeas claims. In any case where the death penalty has been assessed, whether the defendant received the effective assistance of counsel is a primary question that must be investigated. It would not benefit Mr. Robinson, or this Court, for the undersigned counsel to allege an issue of ineffective assistance of counsel which is contradicted by Mr. Strickland's files. Such allegations, which are easily and readily answered, would only consume this Court's resources unreasonably. Finally, *Wiggins v Smith*, 539 U.S. 510 (2003), not only placed an obligation on trial counsel for the standard of practice in a death penalty trial under the Sixth Amendment, but made clear that these issues are matters which competent habeas counsel should investigate.

Ineffective assistance of counsel is not the only claim to which Mr. Strickland's files might be probative. Whether the prosecution satisfied its duty to disclose exculpatory information can be resolved by examination of an attorney's file. When evidence was disclosed, and if it was disclosed, is clearly an issue of materiality which must be considered under *Brady v. Maryland*, 373 U.S. 83, 87 (1962). Other claims also might be developed based on information within Mr. Strickland's files.

## V.

The cost and convenience of Mr. Strickland's limitations are appropriately considered. Neither of the undersigned counsel live in Fort Worth. To allow Mr. Strickland to retain his files and make them available only at mutually convenient dates and times would entail multiple trips for both counsel to and from Fort Worth just to review portions of his files, assuming that busy lawyers can arrange their schedules for mutually convenient times. Such is unduly burdensome on counsel and an unreasonable expenditure of the resources available to counsel.

## VI.

Gary Taylor, appointed as co-counsel in this case, has previously appeared before this Court in similar proceedings. *See, **Bruce Webster v. United States**.* Trial counsel's files in this case were obtained without issue. Moreover, both of the undersigned counsel have appeared in many habeas corpus cases in both state and federal court and none of the issues raised by Mr. Strickland have ever come to pass.

## VII.

The undersigned counsel specifically request ALL of Mr. Strickland's files. That has been the undersigned counsel's position from the first request to Mr. Strickland and there is no justification for counsel to travel to Fort Worth simply to reiterate this request. If Mr. Strickland believes that the undersigned counsel will fraudulently destroy, alter or add documents, he could have copied his files himself or created an index of all his materials. However, as Mr. Strickland has had almost two months to comply with the undersigned

counsel's requests, and has taken no steps to comply, Mr. Strickland should be ordered to immediately turn over the files without further delay.

Mr. Strickland clearly has an interest in being able to respond accurately to possible allegations filed at a later date. That interest can be satisfied, however, if, as the undersigned counsel proposed, counsel copies the files and returns them immediately to Mr. Strickland's possession.

## VIII.

As to the assertions that the undersigned counsel, Charlton, made false representations, *see Motion to Strike*, p. 2, counsel would refer the Court to the assertions in the email of January 13, 2005. [4] It is certainly a fair reading of that email that Mr. Strickland took the position that Mr. Robinson's files belonged to him ("I will not turn over my file to you or anyone else.") that he was allowing only visual inspection, ("You may make arrangements to inspect it at my office at a mutually convenient time."). Further, Mr. Strickland refused to make any of his files available except by personal examination in his office (Ditto). Counsel's allegations to this Court are clearly supported by Mr. Strickland's January 13 email. The Court, which examined the email, was free to draw its own conclusions and at any rate, after reading the assertions and the email, ordered a subpoena

---

[4] It should also be noted that Mr. Robinson's letter of January 26, 2005, Mr. Strickland's email of January 13, and Mr. Charlton's reply letter of January 20 were attached to the Motion to Compel and filed with the Court.

issue compelling Mr. Strickland to produce the files relating to his representation of Mr. Robinson.

As to any implication that Mr. Strickland was censoring the file in some manner, such an implication has never been argued. Counsel have only argued that, under the law, they were entitled to these files and insisted on their production.

Mr. Strickland also states that counsel never served him with a copy of the motion. This allegation is true. As the undersigned counsel informed Strickland, he no longer represents a party to this action, and as counsel argued to the Court, the files do not belong to him, even if they remain in his possession. These files belong to Mr. Robinson and Mr. Robinson specifically requested they be provided to the undersigned counsel. Counsel has no quarrel with Mr. Strickland maintaining the character and integrity of his file. He has had, however, two months to take steps to do just that. As he has not done so, the file should be immediately turned over.

Finally, Strickland impugns the undersigned counsel's integrity by referring to a case in the state district court of Tarrant County. As is becoming increasingly clear, Mr. Strickland is imparting only part of the story. If the Court deems it necessary, counsel can provide the Court with all the relevant details of the Curtis Moore case.

A word about counsel is appropriate. Charlton is a 1979 graduate of Texas Tech University School of Law. In 1978, he was asked to join the School's law review and, in 1979, was asked by his peers to become the Fifth Circuit Symposium Editor of that Law Review. He was also asked in that year to join the Law School's Board of Barristers, again

at the invitation of his peers, and given an award by the International Board of Trial Lawyers, at the request of the Law School's Dean. After law school, he served as a Briefing Attorney to the Honorable Leon Douglas of the Texas Court of Criminal Appeals. Since that date, he has been in private practice. He has published a treatise on Texas Criminal Law (Vol VI, Criminal Law, Texas Practice Series (West 2ed 2001), now in its second edition. He co-edited, with Cynthia Hampton, the Larkin Evidence Manual published by the Texas Criminal Defense Lawyer's Association and is a member of that association's board. He has been board certified since 1984 in Criminal Law by the Texas Board of Legal Specialization, a process which requires that the candidate's integrity and fitness to practice law be attested to by both judges and fellow lawyers. That attestation must occur every five years. In 2000, his peers in the Harris County criminal bar selected him as the Lawyer of the Year for his pro bono work on behalf of Roy Criner; Texas Lawyer selected him as Lawyer of the Year in 2001 for his work in the same case. In 1994, counsel was chairman of the Harris County Democratic Party and, in 1992, was selected by then Governor Ann Richards to serve as an associate justice of the First Court of Appeals in Houston, Texas, an appointment, however, not confirmed by the Texas Senate because counsel is not African American.

Co-counsel, Gary Taylor, has a similar professional resume which can be provided if the Court determines it relevant. Michael Charlton and Gary Taylor have represented a number of Texas inmates in all stages of death penalty litigation, including the case of Jose Medellin whose case is currently pending before the United States Supreme Court on the

issue of the enforceability of the Vienna Convention on Consular Relations and for which oral argument is currently scheduled for March 28, 2005. None of these factors obviously guarantee integrity but it is highly unlikely that Michael Charlton would have attained his present station were his reputation as that implied by Mr. Strickland. *See, **Motion to Strike**.*

Finally, the procedures employed by Charlton and Taylor obviate Strickland's concerns. As Taylor has informed Strickland, these files are not retained by the undersigned counsel. As was accomplished with Mr. Balls's files and the appellate record, the boxes, upon arrival are immediately sent to a service which electronically scans the documents and copies them to a CD. Once that process is finished, the CD's and the boxes are sent back to counsel. Counsel then returns the files to either Mr. Ball or Mr. Strickland. The undersigned counsel does not even examine counsel's files until they have been scanned. Second, there is no way for the undersigned counsel to know at this stage what documents are relevant to any potential claim. Counsel would not know which documents to alter, destroy or make up, even were he inclined to do so. [5] Finally, if Strickland was so concerned about Charlton's supposed misconduct, he could have turned over his files to Taylor, against whom he makes no allegation.

---

[5] In the twenty six years counsel has been practicing law and in the 23 years of active death penalty litigation, counsel has (1) never encountered a trial counsel unwilling to abide of the Rules of Professional Conduct and turn over his file and (2) has never been accused of altering, destroying or adding documents.

## IX.

## Prayer

**WHEREFORE, PREMISES CONSIDERED**, the undersigned counsel respectfully request this Court enter an order requiring Jack Strickland to immediate produce any and all materials in his possession relating to his representation of Julius Robinson. The undersigned counsel would further show that Mr. Strickland's actions have been contemptuous. The undersigned counsel request that this Court use it inherent powers to ensure the immediate production of these materials.

Respectfully submitted,

**MICHAEL B. CHARLTON**
Attorney at Law
P.O. Box 2269
Alvin Tx 77512
(713) 572 2333
(832) 201 9653 (fax)
mike@charlton-legal.com

By: _____

      Michael B. Charlton
      State Bar of Texas # 04144800
      Counsel for Julius Robinson

**GARY TAYLOR**
Attorney at Law
P. O. Box 90212
Austin, Texas 78709
512.301.5100
512.233.2953 (fax)
gtlaw@earthlink.net
State Bar No. 19691650

Co-Counsel for Julius Robinson

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion was served on Angie Henson of the United States Attorney's Office for the Northern District of Texas, 801 Cherry St. , Unit 4, Fort Worth Tx 76102 and to Mr. Jack Strickland, 909 Throckmorton, Fort Worth Texas 76102 on March 10, 2005 by both email and by postal service.


Michael B. Charlton


## CERTIFICATE OF CONFERENCE

The undersigned counsel, Michael B. Charlton, conferred with opposing counsel, Ms. Angie Henson, Assistant United States Attorney to ascertain whether she is opposed to that portion of this Motion asking this Court to issue a show cause order why Mr. Strickland should not be held in contempt for refusing to honor the subpoena served upon him. Ms. Henson is not opposed to the relief sought in that portion of this Motion. Counsel has not conferred with Ms. Henson as to the portion of this motion filed in response to Mr. Strickland's motion.


Michael B. Charlton

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | X | |
| | X | |
| V | X | **CAUSE NO. 4:00-CR-00260-2** |
| | X | |
| JULIUS ROBINSON | X | |

# COURT ORDER

The Court has reviewed the Motion to Strike filed by Jack Strickland in this cause and the responsive pleading by Mr. Robinson's current counsel. The Court finds that Julius Robinson requested Jack Strickland to provide his current counsel all of the materials in Mr. Strickland's possession relating to the instant prosecution. The Court further finds that current counsel have made numerous requests of Jack Strickland for these materials. The Court further finds that it approved the issuance of a subpoena compelling Mr. Strickland to produce these materials. Finally, the Court finds that Mr. Strickland has had a reasonable and sufficient time period in which to either copy or inventory the materials in his posession.

**IT IS THEREFORE ORDERED** that Jack Strickland immediately, and without delay, deliver to Michael Charlton or Gary Taylor, the current counsel appointed by the Court, or their designated representative, all of the materials in his possession relating to his representation of Julius Robinson.

**IT IS FURTHER ORDERED** that Jack Strickland appear before this Court on the ___ day of _____, at _____ o'clock, ____.m., to show cause why he should not be held in contempt for failure to comply with the subpoena issued under this Court's order.

SIGNED on this the ____ day of March, 2005.

_____
HONORABLE TERRY MEANS
UNITED STATES DISTRICT JUDGE

*Law Offices of*
# MICHAEL B. CHARLTON

—————————————————
*Attorney at Law*
Board Certified - Criminal Law
Texas Board of Legal Specialization

*P.O. Box 2269*
*Alvin, Texas 77512*
 *(713) 572-2333*
*mike@charlton-legal.com*

January 12, 2005

Jack  V. Strickland
Attorney at Law
909 Throckmorton
Fort Worth Tx 76102

FAX TRANSMISSION 817 330 1020

attn: Debbie

re: Julius Robinson v USA

Dear Debbie,

As Jack may have told you, Gary Taylor and I have been appointed to represent Mr. Robinson in his writ of habeas corpus. I talked with Jack on Monday and he told me to fax you a note letting you know how we might obtain the records in this cause. Gary Taylor will be in Fort Worth as early as Friday or as late as Monday or Tuesday to pick up the records for transportation to his office in Austin. If it is okay with you, he will come by the office to pick them up. If there are any problems or any questions, please do not hesitate to contact either me at the email address above, or contact me by phone at 505 751 0515. You may also contact Gary at gtlaw@earthlink.net or at 512 743 7584. We will make arrangements to copy the records and return whatever Jack needs at a later date. I remain

Sincerely yours,


Michael B. Charlton

cc: Gary Taylor (by email)
Sean Kennedy (by email)
Julius Robinson (by mail)

**charlton**

**From:** JVS1943@aol.com

**Sent:** Thursday, January 13, 2005 9:02 AM

**To:** mike@charlton-legal.com

**Subject:** Re: Julius Robinson

Mr. Charlton,

   The Robinson trial record is ready for you to pick up at my office. I made a special trip to my office last night to assemble it for you. You will need to sign a receipt for it, so please count the volumes

   I will not release my file to you or anyone else. You may make arrangements to inspect it at my office at a mutually convenient time.

   Please contact my legal assistant to arrange a time to pick up the record on Tuesday, as my office will be closed Monday, January 17th.

   Thank you.

Jack V. Strickland

3/10/2005

*Law Offices of*
# MICHAEL B. CHARLTON

*P.O. Box 2269*
*Alvin, Texas 77512*
*(713) 572-2333*
*Internet address: mike@charlton-legal.com*

Attorney at Law
Board Certified - Criminal Law
Texas Board of Legal Specialization

January 20, 2005

Jack V. Strickland
Attorney at Law
909 Thockmorton
Fort Worth, Tx 76102-6397.

Re: USA v Robinson

Dear Jack,

Thanks for providing the appellate record.

I wanted to write to try and resolve the issue of access to Mr. Robinson's files in your office. I understand completely that anyone who has tried a capital murder case feels defensive when the habeas lawyer starts calling. I have tried seven capital cases and I feel the same way. Nevertheless, we have both been at this business long enough to know that these issues have to be addressed.

It is not appropriate for you to insist that your files remain in your office and that we can only have access at your discretion. The law is clear that the files don't belong to you but to Mr. Robinson. Hebison v. State, 615 S.W.2d 866, 868 (Tex.Civ.App. - Houston 1st 1981 no writ); In re George, 28 S.W.3d 511, 516 (Tex. 2000). TEX.R.DISCIPLINARY CONDUCT Sec. 1.15(d). We will be more than happy to copy the records and return them to you. I think we should be able to resolve this amicably without resorting to either invoking discovery procedures in the federal court or the Grievance Committee. But please make no mistake about it: we have a duty to investigate these issues and we will take what steps we need to to fulfill it.

I hope we can work this out, Jack. Please let me know by replying to the email address above. I'll also call your office next week; Gary will be in Plano for the capital seminar and he can swing by your office to pick up the files. I remain

Sincerely yours,

Mike Charlton

cc: Gary Taylor (by email)
Sean Kennedy (by email)
Julius Robinson (by USPS).

Jan. 26, 2005

Julius O. Robinson
26198-177
P.O. Box 33
Terre Haute, IN 47808

Jack Strickland          Wes Ball
909. Throckmorton. St     4025 Woodland Park Blvd suite 100
Fort Worth, Tx 76102      Arlington, Tx 76013

Dear Mr. Strickland & Wes Ball

        I just receive a letter from my new lawyer
saying that they where having a issue with you about
my files, I would be very happy if you turn over all of
my files on my case to Michael. B. Charlton, Gary Taylor and
Sean Kennedy. Thank you.

                        Sincerly your;

                        Julius O. Robinson

CC: Michael B. Charlton (mail)
    Gary Taylor        (mail)
    Sean Kennedy       (mail)

                                NOTARIZED THIS
                                30th day of JANUARY
                                2005.
                                BBall, NOTARY
                                Commission expires 4/18/2012
                                VIGO Co. INDIANA.

ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

**FEB 23 2005**

CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA, §
          Plaintiff, §
                   §
                   §
V.                    §
                   §      CRIMINAL NO.  4:00-CR-0260-Y
JULIUS OMAR ROBINSON (02), §
also known as Face, also §
known as Scar, also known, §
as Scarface §
          Defendant §

### ORDER GRANTING LEAVE OF COURT TO SUBPOENA FILE

On February 14, 2005, Julius Omar Robinson filed his *Motion to Compel Production of Trial Counsel's Files*, containing a certificate of conference indicating that the Government did not oppose the motion. Having reviewed the motion and pleadings on file, the Court finds that Robinson is entitled to the records sought and that leave of court should be granted to subpoena his prior counsel's file in this cause.

IT IS, THEREFORE, ORDERED that Robinson's *Motion to Compel Production of Trial Counsel's Files* be, and it is hereby, GRANTED, and Robinson is granted leave to use the procedures set forth in Rule 45 of the Federal Rules of Civil Procedure to obtain his file from his trial counsel, Jack V. Strickland.

SIGNED February **23**, 2005.

                                     *Terry R. Means*
                                       TERRY R. MEANS
                                       UNITED STATES DISTRICT JUDGE

TRM/drs:be

1

March 2, 2005

Mr. Julius O. Robinson
26190-177
Post Office Box 33
Terre Haute, Indiana 47808

        RE:    No. 04-5930
                *Julius Omar Robinson vs. United States of America*

Dear Julius:

I have just received your letter of January 26th regarding your file. I am concerned that you may have been misinformed, so let me explain the situation.

Your file is your property and I am certainly willing to make it available to your writ lawyers for such copying and inspection as they deem necessary. However, I do not believe it is in anyone's interest – yours, mine, or the writ lawyers' – to simply release that file without appropriate safeguards in place. Accordingly, my procedure in every case including yours, is as follows:

I will make the files available for inspection by your new lawyers. That inspection can take place in my conference room with no interference from me. The time for such is at the discretion of the lawyers and for however long they wish, as long as both are within reason. For example, I will not meet them at midnight. If they determine that they wish to copy all or part of the file, we can do so on a limited basis in the office, or in the case of more extensive copying, at the Kinko's right around the corner.

I have absolutely no intention of restricting access or otherwise obstructing your lawyers inspection of your file. Any suggestion that I would do so is not only incorrect, but insulting. I think you know better than that. We are all on the same side in this case.

I am sending a copy of this letter to Mr. Charlton, who can in turn, pass it on to his co-counsel. I will look forward to hearing from them to arrange a time to begin this process.

Mr. Julius O. Robinson
March 2, 2005
Page Two

     I hope things are going as well for you as can be expected. Please keep Wes and me posted as to the progress of your application. If you have any further questions or concerns, let us know.

Sincerely,

JACK V. STRICKLAND

JVS/df

cc:    Mr. Wes Ball
       Mr. Mike Charlton

RETURN OF AUTHORIZED PERSON

JULIUS ROBINSON                        , PLAINTIFF
VS.                                                        CAUSE # 4:00-CR-0260-Y
UNITED STATES OF AMERICA               , DEFENDANT

    AFFIANT BEING SWORN STATES UNDER OATH THAT "I AM OVER THE AGE OF 18 AND
NOT INTERESTED NOR A PARTY TO THE SUIT.  I PERSONALLY DELIVERED THE FOLLOWING
DOCUMENT(S) IN THE ABOVE-CAPTIONED MATTER ON THE FOLLOWING ENTITY, AT THE
FOLLOWING ADDRESS, ON THE DATE, AT THE TIME AND MANNER SET FORTH BELOW:

DOCUMENT(S):    FEDERAL DEPOSITION SUBPOENA


DELIVERED TO:                          JACK V. STRICKLAND
AGENT/TITLE:

ADDRESS:        909 THROCKMORTON

                FT. WORTH              ,               COUNTY, TX  76102-


DATE AND TIME CAME TO HAND:    3/04/05    @ 10:00AM
DATE AND TIME DELIVERED:       3/08/05    @ 10:15AM


I SERVED THE AFOREMENTIONED DOCUMENTS ON JACK STRICKLAND AND EXPLAINED THAT I
WAS TO PICK UP THE ENTIRE FILE TO FORWARD TO MICHAEL CHARLTON AT THE TIME OF
SERICE. MR. STRICKLAND TOLD ME HE WAS IN THE MIDDLE OF A DEATH CASE AND THE
FILE WAS NOT READY FOR PICK-UP. MR. STRICKLAND SAID THAT IF NEEDED THEY COULD
HAVE A HEARING. MR. STRICKLAND STATED THAT HE NEEDED A LITTLE TIME TO GET THE
FILE IN ORDER AND I COULD COME BACK TO HIS OFFICE IN A FEW DAYS AND PICK UP THE
FILE.


I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION CONTAINED HEREIN IS TRUE
AND CORRECT AND THIS AFFIDAVIT WAS EXECUTED ON MAR 9 2005      ."

                                          _____
                                          SIGNATURE OF PROCESS SERVER
STATE OF TEXAS      }
COUNTY OF TARRANT   }

BEFORE ME, A NOTARY PUBLIC, ON THIS DAY PERSONNALY APPEARED THE ABOVE NAMED
AUTHORIZED PERSON, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED TO THE
FOREGOING DOCUMENT AND, BEING BY ME FIRST DULY SWORN, DECLARED THAT THE STATE-
MENTS THEREIN CONTAINED ARE TRUE AND CORRECT. GIVEN UNDER MY HAND AND SEAL OF
OFFICE ON THIS ___9___ DAY OF __MARCH__ 2005.

                                          _____
                                          NOTARY PUBLIC
FEES (SERVICE) 75.00
MILEAGE         -
TOTAL          75.00

KIM STRICKLAND
Notary Public, State of Texas
My Commission Expires
08-08-2005