FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2005 JUL 20 AM 9: 40

CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | X | |
| | X | |
| V | X | CAUSE NO. 4:00-CR-00260-2 |
| | X | |
| JULIUS ROBINSON | X | |

## MOTION TO PERMIT WITHDRAWAL OF COUNSEL

## AND TO APPOINT SECOND COUNSEL IN THIS CAUSE

Julius Robinson, the defendant in this cause and petitioner in an action for writ of habeas corpus asks this Court to permit the withdrawal of Gary Taylor as counsel in this cause and to Sean Kennedy, the Supervising Attorney of the Capital Habeas Unit of the Federal Public Defender's Office for the Central District of California as cocounsel in this case for the following reasons:

### I.

Mr. Robinson is a inmate convicted in this Court and sentenced to death. This Court appointed Michael B. Charlton and Gary Taylor to represent Mr. Robinson in proceedings under 28 USC Section 2255 attacking his conviction and sentence.

### CERTIFICATE OF CONFERENCE

Counsel conferred with Angie Henson of the United States Attorney's office on July 14, 2005 by email communication. She is not opposed to the relief sought.

### II.

Mr. Taylor has taken a job with the Capital Habeas Unit of the Federal Public Defender for Nevada. He must start his job soon and will not be permitted to retain his Texas cases. He asks this Court's permission to withdraw. He is filing a separate motion to withdraw.

Mr. Robinson asks this Court to reconsider its prior decision and to appoint Sean Kennedy to assist Michael B. Charlton in this cause. Prior to the appointment of Taylor and Charlton, Sean Kennedy, the Supervising Counsel for the Capital Habeas Unit of the Federal Public Defender's Office for the Central District of California was recruited by Federal death penalty resource counsel, Richard Burr, to represent Mr. Robinson. Mr. Kennedy visited Mr. Robinson in prison to ascertain whether Mr. Robinson would agree; this Court, however, entered its order of appointment before Mr. Kennedy could file his motion with the Court.

Mr. Kennedy has conferred with both of the counsel appointed and all are in agreement on this request. The undersigned counsel would ask this Court to designate Mr. Kennedy as cocounsel in this case.

The appointment of Mr. Kennedy would serve this Court's mission in providing counsel to represent death sentenced inmates for habeas proceedings well for a variety of reasons.

First, Mr. Kennedy is extremely well qualified to handle this assignment. His resume is attached. He is currently the Supervising Attorney for the Federal Defender's Capital Habeas Unit in the Central District of California where he supervises 12 attorneys plus support staff; their sole responsibility is representing some of California's death row population. From 1992 ro 2003, he was a Deputy Federal Public Defender in that same office. He is a graduate of Loyola Law School (1989) and is an adjunct professor at that Law School. He is the 2002 recipient of the Skip Glenn Award for Excellence in Indigent Defense presented by the California Attorneys for Criminal Justice. He has been a lecturer on mental health and the law since 1999 with the American College of Forensic Psychiatry and Psychology.

Second, the association of Mr. Kennedy and his office as cocounsel in this case will result in enormous cost savings to this Court's Criminal Justice Act Budget. Mr. Kennedy's Office

has already been provided extensive resources in investigators, mitigation specialists, and funds for expert assistance.  With those resources available, it would not be necessary for the undersigned counsel to even ask this Court for such assistance.

The assistance is necessary.  If there were any doubt, **Rompilla v Beard**, ___ U.S. ____ (2005) now makes it very clear that the Supreme Court expects defense counsel to conduct the most thorough of investigations and it is abundantly clear in this matter that trial counsel did not conduct the required investigation. While it is not the function of this pleading to argue the merits of Mr. Robinson's claim, it is sufficient to note that trial counsel made no real effort to contact many of Mr. Robinson's family. Mr. Ball has admitted that no visit was ever made to Mr. Robinson's home town to interview family members still living there and that the defense presentation from Mr. Robinson's mother was not very forthcoming.

Finally, the association of Mr. Kennedy and his office would assure the Court that Mr. Robinson would get the best legal representation possible.  It is essential that habeas counsel investigate every reasonable avenue for relief and Mr. Kennedy's appointment will serve that goal. The Court could be assured that every viable claim that could be raised would be raised with, as noted, substantially less cost to the Court.

WHEREFORE, PREMISES CONSIDERED, Mr. Robinson respectfully requests that this Court enter an order denominating Sean Kennedy of the Capital Habeas Unit of the Federal Public Defender's Office for the Central District of California as cocounsel for the petitioner.

Respectfully submitted,

Michael B. Charlton
P.O. Box 2269
Alvin Tx 77512
(713) 572 2333
(832 201 9653 (fax)
mike@charlton-legal.com
State Bar of Texas # 04144800
COUNSEL FOR JULIUS ROBINSON

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion was served on Angie Henson of the United States Attorney's Office for the Northern District of Texas, 801 Cherry St. , Unit 4, Fort Worth Tx 76102 on July 14, 2005 by both email and by postal service.

Michael B. Charlton

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | X | |
| | X | |
| V | X | CAUSE NO. 4:00-CR-00260-2 |
| | X | |
| JULIUS ROBINSON | X | |

## ORDER

On this the ___ day of July, 2005 came on Julius Robinson's request to associate Sean Kennedy of the Capital Habeas Unit of the Federal Public Defender's Office for the Central District of California as cocounsel in the 28 USC Section 2255 action to be filed in this Court. It is the opinion of the Court that this motion is well taken and should be granted.

IT IS THEREFORE ORDERED that the Clerk of the Court shall notice in this Court's records that Sean Kennedy of the Federal Public Defender's Office for the Central District of California be designated as cocounsel in this cause and that all documents, notices etc shall be mailed to him at the Federal Public Defender, 321 East 2nd Street, Los Angeles, CA, 90012-4202.

_____
HONORABLE TERRY MEANS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS