IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON (02), | § | |
| AKA Face, AKA Scar, | § | |
| AKA Scarface, | § | |
|     Defendant-Petitioner | § | CRIMINAL NO. 4:00-CR-0260-Y (2) |
| V. | § | (Civil No. 4:05-CV-756-Y) |
| | § | **Death Penalty Case** |
| UNITED STATES OF AMERICA | § | |
|     Plaintiff-Respondent | § | |

## ORDER DENYING LEAVE OF COURT TO SUBPOENA RECORDS

On May 18, 2006, Julius Omar Robinson filed his Unopposed Motion for the Issuance of a Subpoena (doc. #2372), containing a certificate of conference indicating that the Government did not oppose the motion.

Having reviewed the motion and pleadings on file, the Court finds that Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Court authorize discovery, such as the production of documents, only upon a showing of good cause. *See United States v. Webster*, 392 F.3d 787, 801-802 (5th Cir. 2004). Good cause for discovery is determined from an examination of petitioner's pleadings, and may be found when a habeas petitioner "establishes a prima facie claim for relief." *Harris v. Nelson*, 394 U.S. 286, 290 (1969); *See also Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, such discovery is not available for "fishing expeditions." *Webster*, 392 F.3d at 802.

Petitioner has not made a showing of good cause for the requested discovery. His motion merely states that he "would like

to review" the requested material, and that the institution maintaining such records will not make them available without a subpoena authorized by an order of this court. Therefore, he has not shown good cause for discovery under Rule 6 for the records sought.

IT IS, THEREFORE, ORDERED that petitioner Robinson's Unopposed Motion for the Issuance of a Subpoena (doc. #2372) be, and it is hereby, DENIED.

SIGNED June 1, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

2