IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JULIUS OMAR ROBINSON (02),  §
AKA Face, AKA Scar,         §
AKA Scarface,               §
 Defendant-Petitioner  §  CRIMINAL NO. 4:00-CR-260-Y (2)
V.                          §  (Civil No. 4:05-CV-756-Y)
                            §  **Death-Penalty Case**
UNITED STATES OF AMERICA    §
 Plaintiff-Respondent  §

## ORDER DENYING MOTION TO INTERVIEW JURORS

On November 1, 2006, Julius Omar Robinson filed a Motion Seeking Permission to Interview Jurors (doc. #2385). The Government has filed a response in opposition to the motion (doc. #2387).

Having reviewed the motion and pleadings on file, the Court concludes that the request is without merit and should be denied. In requesting permission to interview jurors, Petitioner does not state that he has any reason to suspect that his jury was actually partial, but merely points to the importance of his right to an impartial jury under the Sixth Amendment and argues that he has no other way of discovering whether this right has been violated than to interview his trial jurors. (Motion at 5-10.) In the alternative, Petitioner argues that he should be allowed to interview a prospective juror who was excused upon the exercise of a peremptory strike by the government in order to investigate her testimony during voir dire that her husband had been prosecuted for drug possession so that Petitioner may investigate whether the rule

announced in *Batson v. Kentucky,* 476 U.S. 79 (1986), may have been violated. (Motion at 11-12.)  Neither reason justifies subjecting these jurors or prospective jurors to interviews by petitioner.

Local Criminal Rule 24.1 states,

A party, attorney, or representative of a party or attorney, shall not, before or after trial, contact any juror, prospective juror, or the relatives, friends, or associates of a juror or prospective juror, unless explicitly permitted to do so by the presiding judge.

This type of rule protects the jury "from an effort to find grounds for post-verdict charges of misconduct, reduces the 'chances and temptations' for tampering with the jury, increases the certainty of [jury] trials, and spares the district courts time-consuming and futile proceedings." *United States v. Skilling*, No. CRIM H-04-025, 2006 WL 3030662 (S. D. Tex. Oct. 23, 2006)(construing a similar local criminal rule).

In construing this Court's local criminal rule 24.1, both parties have cited to *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), which observed that "[h]istorically, interrogations of jurors have not been favored by federal courts except where there is some showing of illegal or prejudicial intrusion into the jury process."  Clearly, Robinson has not made any such showing, and admits that he cannot. (Motion at 5.) Robinson's request appears to be nothing more than a fishing expedition.  To grant it would be to ignore the clear caution stated by the Fifth Circuit Court of Appeals in *Riley* that,

2

"[c]ourts simply will not denigrate jury trials by afterwards ransacking the jurors in search of some ground, not previously supported by evidence, for a new trial." *Id.*

Although Robinson's alternative request does not come squarely within the caution contained in *Riley*, it also fails.  In it, Robinson requests permission to interview an excluded juror in order to investigate whether the race-neutral reasons given by the prosecution for exercising its peremptory challenge were merely pretextual, masking purposeful discrimination against the prospective juror on the basis of her race.  The prosecutor provided race-neutral reasons, including reputation information on the juror, that the prospective juror's husband and brother had been involved to some degree with federal drug cases, and that the prospective juror had an apparent reluctance about the death penalty. (*See* Motion to Vacate under 28 U.S.C. § 2255 at 95; Response to 28 U.S.C. § 2255 Motion at 60.)

Robinson seeks to investigate whether a portion of the juror's explanation, that her husband was prosecuted for drug possession, was more accurate and whether her understanding would conflict with that of the prosecution. (*See* Motion at 11.)  However, the critical inquiry in *Batson* does not focus on the mind of prospective jurors but, rather, on the intent of prosecutors. *See Hernandez v. New York*, 500 U.S. 352, 365 (1991).  Since the prosecution has tendered to this court criminal history records to support this reason for

3

the strike, an interview further examining the prospective juror's understanding of her husband's prosecution would not appear to be helpful. (*See* Exhibit K attached to Response to 28 U.S.C. § 2255 motion.)

Robinson has not provided any examples of post-trial interviews of prospective jurors that have ever been used by the courts in considering *Batson* challenges. Typically, such challenges focus on the record of jury selection in light of the policies and practices of the prosecutors involved. *See, e.g., Miller-El v. Dretke*, 545 U.S. 231, 240-66 (2005). Therefore, the requested permission for a post-trial interview of this prospective juror would appear neither useful to a *Batson* analysis nor necessary to protect any of Petitioner's rights.

In sum, Robinson has not shown that granting permission for any of the requested interviews would be appropriate or necessary to protect his rights in this proceeding. Accordingly, the motion should be, and it is hereby, DENIED in all respects.

SIGNED November 28, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

4