THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| **JULIUS OMAR ROBINSON,** | : | **CAUSE NO. 4:00-CR-00260-2** |
| **aka Face, aka Scar, aka Scarface,** | : | **(Civil No. 4:05-CV-756-Y)** |
| **Defendant/Petitioner,** | : | |
| | : | **DEATH PENALTY CASE** |
| **vs.** | : | |
| | : | **Honorable Terry Means** |
| **UNITED STATES OF AMERICA,** | : | **United States District Judge** |
| | : | |
| **Plaintiff/Respondent.** | : | |

_____

**BRIEF IN SUPPORT OF PETITIONER'S MOTION
FOR RECONSIDERATION OF ORDER DENYING
MOTION FOR ISSUANCE OF A SUBPOENA
TO OBTAIN JAIL RECORDS**

_____

**PROCEDURAL HISTORY**

On May 18, 2006, Petitioner filed his Unopposed Motion for the Issuance of a Subpoena.

The purpose of the request was to obtain jail visitation logs for Mr. Robinson during the time

of trial. *Id*.   On June 1, 2006, the Court denied the motion.  The Court concluded that Petitioner

had failed to demonstrate good cause.

**DISCOVERY STANDARD**

A federal petitioner is entitled to discovery upon a showing of good cause.  Rules on

Motion Attacking Sentences Under Section 2255, R. 6 (2007) ; *Murphy v. Johnson*, 205 F.3d

809, 814 (5th Cir. 2000).  To establish good cause, "the petitioner must demonstrate that 'a

factual dispute, if resolved in the petitioner's favor, would entitle him to relief... .'" *Lave v.*

*Dretke*, 416 F.3d 372, 380 (5th Cir. 2005) *quoting, Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).  Where petitioner has met his burden, "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); *Harris v. Nelson*, 394 U.S. 286, 299, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969).  A court that refuses to grant discovery when necessary to develop the facts of a claim abuses its discretion.  *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995); *East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995) ("a court's blanket denial of discovery is an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'") (quoting *Coleman v. Zant*, 708 F.2d 541, 547 (11th Cir. 1983)).

## ARGUMENT

**Good Cause Exists for Discovery of the Jail Visitation Logs Because it is Necessary to Develop the Factual Basis of Mr. Robinson's Ineffective-Assistance-of-Counsel Claim**

Mr. Robinson has demonstrated good cause to justify a subpoena for the jail visitation logs.[1]  In his 2255 motion, Mr. Robinson presented a *prima facie* claim that he was deprived his Sixth Amendment right to effective assistance of counsel.  *See* Motion to Vacate Conviction and Sentence and for New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure ("2255 Motion").  Mr. Robinson argued that his attorneys failed to conduct a reasonable investigation into his life history and background in preparation for the penalty phase.  2255 Motion, Claim I(D), pp. 25-88.

---

[1]Admittedly, Mr. Robinson's original motion did not set forth specific facts sufficient to allow the Court to determine whether good cause existed.  *Murphy*, 205 F.3d at 814 ("a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory."); *see also Willie v. Maggio*, 737 F.2d 1372 (5th Cir. 1984).  Mr. Robinson seeks to rectify this oversight with the instant motion.

Mr. Robinson seeks to rely upon the paucity of visits by members of the defense team prior to his trial. Routine and in-depth interviews with the client are the cornerstone of competent investigation. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) (finding petitioner had failed to establish deficient performance under *Strickland* where trial counsel had met "regularly" with the defendant). Trial counsel is obligated to "maintain close contact with the client throughout preparation of the case." ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases 11.4.2 (1989). This communication is important, not only for updating the client about the status of his case but to learn vital information to support the defense. ABA Standards for Criminal Justice, The Defense Function 4-3.2 commentary (2d Ed. 1982 Supp. ). ("Client interviews are . . . necessary to allow the attorney to learn the facts."). Indeed, "[t]he client is usually the lawyer's primary source of information for an effective defense." *Id.* [2]

In *Chandler v. United States*, 218 F.3d 1305, 1318-19 (11th Cir. 2000), the Eleventh Circuit held:

> Because the reasonableness of counsel's acts (including what investigations are reasonable) depends 'critically' upon 'information supplied by the [petitioner]' or 'the [petitioner]'s own statements or actions,' evidence of a petitioner's statements and acts in dealing with counsel is highly relevant to ineffective assistance claims. . . . '[An] inquiry into counsel's conversations with the [petitioner] may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.'

*Id*., quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674

---

[2]*See also* ABA Guidelines 11.4.1 commentary (1989)("As soon as time permits arrange for an in- depth interview with your client with an eye toward both developing the necessary trust and eliciting as many facts as you can to start you on the road to formulating your defense.")

3

(1986). *Chandler* also gave credit to the presumption that, "[g]iven the lack of clarity of the record, we presume that [counsel] talked with [the defendant] as part of his effort to ascertain whether there was any mitigating circumstance evidence that Collins had failed to present." *Chandler*, at 1319 n.24 (emphasis added), *citing Williams v. Head*, 185 F.3d 1223, 1235 (11th Cir. 1999). Thus, Mr. Robinson requires the jail records not only to prove his counsel's ineffective assistance and lack of preparation for trial but also to negate any presumption that his counsel acted effectively by maintaining the critical communication required by counsel in a capital case.

There is a genuine factual dispute regarding the frequency of legal visits with Mr. Robinson. According to Mr. Robinson, neither trial counsel nor their investigator, Mr. Cummings, visited him on a regular basis. In fact, Mr. Robinson does not recall his attorneys meeting with him more than three times prior to trial. The investigator, Bruce Cummings, only met with him once.

On the other hand, Mr. Cummings seems to imply that he met with Mr. Robinson and repeatedly questioned him as part of the penalty phase investigation. (*See generally*, Resp. Ex. C, Aff. of Bruce Cummings, at 1) (Cummings relied entirely on Robinson to identify "who might make good fact witnesses for him."); *id*. at 1-2 (asking Robinson to individuals who "might be willing to speak on his behalf."); *id*. at 3 ("Other persons that Mr. Robinson directed me to were his football and track coaches at Lamar High School.").)

The jail visitation logs can easily resolve this dispute. Rather than rely on the memory of trial counsel, their investigator, or for that matter, Mr. Robinson, the Court can refer to neutral records prepared contemporaneously with the legal visits. Consequently, because Mr. Robinson

4

has established good cause that these records support his claim, he is entitled to a subpoena for obtaining access to the visitation logs.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court reconsider its previous denial and grant Mr. Robinson authority to issue a subpoena to obtain the visitation.

Respectfully submitted,


 s/  Michael B. Charlton
Michael B. Charlton
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, NV 89101
Telephone:  (702) 388-5106
Facsimile:   (702) 388 5103
E-Mail:  mike_charlton@fd.org
State Bar of Texas # 04144800
ATTORNEY FOR PETITIONER

**CERTIFICATE OF SERVICE**

I, Michael Charlton, hereby certify that on April 16, 2007, I electronically filed the

foregoing document with the clerk of the court for the U.S. District Court, Northern District of

Texas, using the electronic case filing system of the court.  The electronic case filing system sent

a "Notice of Electronic filing" to the following attorneys of record who have consented in writing

to accept this Notice as service of this document by electronic means:

SUSAN COWGER
Assistant United States Attorney
U.S. Attorney's Office
1100 Commerce Street, 3rd Fl.
Dallas, Texas  75242


 s/  Michael B. Charlton
MICHAEL B. CHARLTON
Attorney for Petitioner