# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JULIUS OMAR ROBINSON,** | : | **CAUSE NO. 4:00-CR-00260-2** |
| **aka Face, aka Scar, aka Scarface,** | : | **(Civil No. 4:05-CV-756-Y)** |
| **Defendant/Petitioner,** | : | |
| | : | **DEATH PENALTY CASE** |
| **vs.** | : | |
| | : | **Honorable Terry Means** |
| **UNITED STATES OF AMERICA,** | : | **United States District Judge** |
| | : | |
| **Plaintiff/Respondent.** | : | |

_____

## EXHIBIT NO. 79 (PART 1 OF 2)

## SUBMITTED IN SUPPORT OF IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO VACATE CONVICTION AND SENTENCE AND FOR NEW TRIAL PURSUANT TO 28 U.S.C. § 2255

(Filed Electronically Under the Electronic Filing System Requirements)

_____

Certified True Copy

THE STATE OF TEXAS          '

COUNTY OF TARRANT          '

I, Thomas A. Wilder, Clerk of the District Courts of Tarrant County, Texas, do hereby certify that the above and foregoing is a true and correct copy of all documents in Cause number 0574361D (52 pages).

In Cause Number 0574361D, THE STATE OF TEXAS vs. JULIUS O. ROBINSON as the same appears on the file and/or record in my said office.

WITNESS MY SIGNATURE and seal of the Court at office in the city of Fort Worth, Tarrant County, Texas, this date of January 25, 2007.

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

By _____
JUSTIN DAVIS, Deputy District Clerk

Exhibit 79 - 000001

Case 4:00-cr-00260-Y    Document 2417-11    Filed 06/15/07    Page 3 of 26    PageID 7315

Exhibit 79 - 000002



STATE OF TEXAS Vs.

ROBINSON, JULIUS O        213    B M 18
05743610    D213                3/08/76
ATTEMPT MURDER Y *Deadly Conduct*    2/07/95
CID# 0424050    CASE# 0574361
                                /08/95

**CRIMINAL DOCKET**

DETAINER 2-15-2001

(CRIMINAL) DISTRICT COURT _213_

TRANSFERRED TO _____

FEB 9 1995    COMPLAINT FILED.    BOND SET AT $500,000

FEB 27 1995    *Steve Starron* appointed as counsel.

MAR 14 1995    INDICTMENT VOL. _full_ PAGE _34_

MAR 14 1995    State's Announcement of Ready Filed

√ 3-14-95    Pro-Se Habeas Corpus for Relief from Excessive
              Bail filed (copy to Def + Dist attys)

APR 17 1995    ANNOUNCEMENT DOCKET CALL

√ 4-24-95    Bond reduced to $10,000 w/ conditions
              ANNOUNCEMENT DOCKET CALL

5-31-95    DEFENDANT'S APPLICATION FOR CONTINUANCE FILED & Granted

JUL 10 1995    ANNOUNCEMENT DOCKET CALL

SEP 18 1995    TRIAL DOCKET CALL

NOV 6 1995    TRIAL DOCKET CALL

1-8-96    TRIAL DOCKET CALL

1-19-96    Bond Forfeited; Warrant Issued
            Bond Reset at $20,000 w/ conditions (FX 1-24-96)

1-24-96    Bond reinstated with same conditions
            Warrant recalled. Bond forfeiture set
            aside without cost.

DISPOSITION OF CASE:

1. 5 years Unadjudicated Probation    INDEXED

2. Administrative Closure per Court

Right
Index Finger    3. _____
*thumb*

State's Attorney _Peter Keim_    4. _____

On Probation Revocation _____

Defendant's Attorney _Michael Gregory_

On Probation Revocation _____

Surety _John Gilmore; Jennifer D. Adams_

Appeals Attorney _____

MAR 11 1996    TRIAL DOCKET CALL

– over

**Thomas A. Wilder**
District Clerk
401 W. Belknap
Fort Worth, TX 76196-0402

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED



05743610

# CRIMINAL DOCKET

3-11-96 — Defendant waived arraignment. Waiver of jury signed by all parties in open Court and filed. Defendant, after being warned, entered plea of guilty to: Deadly Conduct before the Court. After hearing the evidence, the Court found that the evidence substantiates the defendant's guilt. However, assessment of punishment is deferred under Article 42.12, Section 45 a Defendant placed on probation for _5_ years under terms and conditions that during the term of Probation the Defendant shall: Nos. (a) to (5) inclusive, regular term. Conditions of Probation served on Defendant in open Court. Plea bargaining agreement followed: Art. 26:13 Vol_56_ Page_327_ A+B No right of appeal, Art. 44.02

CONDITIONS OF COMMUNITY SUPERVISION RECORDED   VOL 56 PAGE 338 A+B

SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION. DEFENDANT RECEIVED A COPY OF THE AMENDMENT.   VOL 56 PAGE 339 A

Presiding Judge, 213th District Court

MICROFILMED

6-23-98 — Petition to Proceed to Adjudication filed. Alias Capias issued, upon the Order of the Judge of this Court. No Bond (ef 6-25-98)

6-25-98 — Bond set at $2,500

JUL 17 1998 — PROBATION REVOCATION DOCKET CALL

AUG - 7 1998
SEP - 4 1998 — PROBATION REVOCATION DOCKET CALL

9-4-98 — DEFENDANT PLEAD NOT TRUE TO PARHARAPHS One é Two; TESTIMONY; No FINDINGS; COURT IN RECESS UNTIL 9-11-98 @ 1:30; DEFENDANT ALLOWED TO REMAIN ON BOND

9-11-98 — Petition to Proceed to Adjudication Dismissed. Defendant's Probation Reinstated

6-23-00 — Motion for Early Release & Dismissal filed
FEB 13 2001 — Second Petition to Proceed to Adjudication (ef 12/15-01) filed. Alias Capias issued, upon the Order of the Judge of this Court. No Bond

7-25-02 — Second Petition to Proceed to Adjudication Dismissed, Warrant Recalled Defendant's Probation Dismissed per Court Administrative Closure.

SMEAD 14 SP97847

Exhibit 79 - 000003

## CASE NO. 0574361D

THE STATE OF TEXAS        ‡        IN THE 213TH DISTRICT

VS.        ‡        COURT OF

JULIUS O. ROBINSON        ‡        TARRANT COUNTY, TEXAS

### UNADJUDICATED JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE AND SUSPENDING IMPOSITION OF SENTENCE

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. ROBERT K. GILL | Date of Judgment | : MARCH 11, 1996 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : PETER H. KEIM |
| Attorney for Defendant | : MICHAEL GREGORY | Charging Instrument: | INDICTMENT |

| Offense Date | Offense | |
|---|---|---|
| FEBRUARY 7, 1995 | DEADLY CONDUCT - DISCHARGE FIREARM AT INDIVIDUAL | |

| Degree | Count | Plea |
|---|---|---|
| 3RD | TWO | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |
| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |
| Punishment | : DEFERRED      Date to Commence   : MARCH 11, 1996 |
| Probationary Term | : FIVE (5) YEARS |
| Fine Not Suspended | : NONE |

On this day, set forth above, this cause came for trial and came the State of Texas, by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by Defendant, the Defendant entered his plea as shown above thereto, and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, and the Defendant further having affirmatively stated awareness of the consequences of such plea and acknowledged to not having been misled or harmed by the admonishment of the Court, yet the Defendant persisted in entering such plea, said plea is by the Court received and now entered of record upon the minutes of the Court as the plea herein of said Defendant. The Court after receiving the plea shown and hearing the evidence, finds that it substantiates the Defendant's guilt and that further proceedings should be deferred without entering an adjudication of guilt and that Defendant should be placed on probation on reasonable terms and conditions as the Court may require.

The State of Texas do have and recover of the said Defendant all costs in this prosecution expended including any fine shown above for which let execution issue. And it is further ORDERED by the Court that the imposition of sentence of the judgment of conviction herein shall be suspended during the good behavior of the Defendant and that the Defendant be placed on probation during the period of time, fixed by the Court, under the conditions to be determined by the Court, as provided by law. However, when it is shown above that a fine applicable to the offense committed has been imposed by the Court and not suspended, then it is ORDERED that Defendant pay such fine and all costs in this prosecution expended and that Defendant be placed on probation during the period of time fixed by the Court, under the conditions to be determined by the Court, as provided by law.

IT IS THEREFORE CONSIDERED by the Court that the evidence substantiates the Defendant's guilt and that further proceedings should be Deferred without entering an adjudication of guilt, and that Defendant be placed on probation during the period of time prescribed by the Court on such reasonable terms and conditions as the Court may require in accordance with law.

VOLUME 56 PAGE 327A OF CASE NO. 0574361D

Exhibit 79 - 000004

## ORDER SETTING CONDITIONS OF COMMUNITY SUPERVISION

On this day, above shown, in open court, the Defendant, the above-named attorney for Defendant, and the attorney for the State, appeared and the Court considered the terms and conditions of probation in accordance with the judgment of conviction heretofore entered herein; and the Court being of the opinion that such terms and conditions should be subject to the supervision of the Court through the duly appointed and acting Director of Community Supervision and Corrections Department of Tarrant County, Texas;

It is therefore ORDERED by the Court that the Defendant be, and is hereby placed on probation for the above named term beginning on the date of entry of judgment herein under the supervision of the Court, through the Director of Community Supervision and Corrections Department of Tarrant County, Texas, subject to the following terms and conditions set out in the attached Conditions of Community Supervision which is incorporated and made a part thereof.

CONDITIONS OF COMMUNITY SUPERVISION INCORPORATED AS A PART OF THIS JUDGMENT AND ATTACHED HERETO RECORDED IN VOLUME 56, PAGE(S) 328A & B

SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION RECORDED IN VOLUME 56, PAGE 329A

_____

PRESIDING JUDGE

Date Signed       :   MARCH 15, 1996

Notice of Appeal       :   _____

Mandate Received       :   _____

VOLUME 56 PAGE 327B OF CASE NO. 0574361D

Exhibit 79 - 000005

Judicial District of Tarrant County, Texas
**COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT**
200 West Belknap, Fort Worth, Texas 76196-0255
Telephone: (817) 884-2450    Office Hours: 7:30 a.m. to 5:30 p.m. Monday - Friday

☐ **SJF**

☐ **ADJUDICATED**      **CONDITIONS OF COMMUNITY SUPERVISION**      ☒ **DEFERRED ADJUDICATION**

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

**THE STATE OF TEXAS**                                        IN __213ᵗʰ__ DISTRICT

**VS. NO.** 0574361D      **MAR 1 1 1996**      COURT NO. _____ OF

Julius O. Robinson                  Time __ X __ 9:45 AM      **TARRANT COUNTY, TEXAS**

In accordance with the authority conferred by the Community Supervision Law of the State of Texas, you have been placed on Community Supervision as an alternative to incarceration on this __11ᵗʰ__ day of __March__, 19__96__, for the period of __5__ years, having been sentenced for _____ years, for the offense of __Deadly Conduct__ by the Honorable __ROBERT GILL__, Judge/Magistrate in Criminal District Court No. __213__, Tarrant County, Texas.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING TERMS AND CONDITIONS OF COMMUNITY SUPERVISION:**

a.  Commit no offense against the laws of this State or of any other State or of the United States.

b.  Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids or excessive consumption of alcoholic beverages.

c.  Avoid persons and places of disreputable or harmful character.

d.  Report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, or as scheduled by the Court and/or Supervision Officer and obey all rules and regulations of the Department.

e.  Permit the Supervision Officer to visit you at your home or elsewhere at any time.

f.  Work faithfully at suitable employment as far as possible, furnish proof of employment to your Supervision Officer and, if unemployed, participate in the Community Supervision and Corrections Department's Jobs, Education and Training Skills (JETS) program, unless waived by the Court.

g.  Remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes you to leave.

h.  Support your dependents.

i.  Notify the Supervision Officer of Tarrant County, Texas, if your address or employment is changed within five days from the date of change.

j.  ~~Possess no firearms away from your residence.~~ No ownership or possession of any firearm.

k.  Supervision is conditioned on your agreement to execute a pre-signed waiver of extradition.

l.  Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas, the following:

1.  COURT COSTS in the amount of $ __174⁵⁰__, at the rate of $ __0__ per month.

2.  SUPERVISION FEE in the amount of $ __40__, each month during the period of supervision.

3.  RESTITUTION in the amount of $ __502__, at the rate of $ __15__ per month.

4.  FINE in the amount of $ _____, at the rate of $_____ per month.

5.  ATTORNEY FEES in the amount of $_____, at the rate of $_____ per month.

6.  CRIME STOPPERS FEE in the amount of $ __0__ to be paid within 30 days from the date shown above.

7.  CRIME VICTIMS COMPENSATION ACT PAYMENT in the amount of $ __45__, at the rate of $ __5⁰⁰__ per month.

8.  _____ in the amount of $_____, at the rate of $_____ per month.

9.  _____ in the amount of $_____, at the rate of $_____ per month.

The first payments on the above to be made on the 15th of __April__, 19__96__, and like payments on the 15th day of each month thereafter until full payments are made. (Unless otherwise specified).

VOL. __56__ PAGE __328A__

Exhibit 79 - 000006

05743161 D9

**Conditions of Community Supervision**                                                      Page 2

m.  If supervision is transferred to another jurisdiction, continue to report to Tarrant County by mail each month, and comply with the rules and regulations of the receiving jurisdiction. Pay fees to Tarrant County unless waived by the Court.

n.  (X) Complete __110__ hours of Community Service Restitution at the rate of no less than __5__ hours per month as scheduled by the Supervision Officer or Court, to be completed at an agency approved by the District Judges of Tarrant County.

o.  (X) Submit to urine testing for controlled substances and cannabinoids at the direction of the Supervision Officer and pay for urine testing as required.

p.  (√) Complete education programs as directed by the Supervision Officer. Obtain GED

q.  ( ) Observe a curfew as directed by the Supervision Officer or the Court.

r.  (X) Do not contact __W/ I.P. or any member of family__

s.  (√) Supplement(s) / Amendment(s) as attached.          submit your person, place of residence, or any vehicle under your control, to search, at any time, day or night, upon request of any peace officer, with or without a warrant.

You are advised that under the laws of this State, the Court has determined and imposed the above terms and conditions of your Community Supervision, and may at any time during the period of Community Supervision alter or modify them. The Court also has the authority, at any time during the period of Community Supervision, to Revoke your Community Supervision for any violation of the conditions of your Community Supervision set out above.

_____
Judge / ~~Magistrate~~

This day, a copy of the conditions of Community Supervision was handed to me by the Clerk of this Court.

_____
Witness: Supervision Officer

_____
Witness: District Clerk

_____
Probationer




DC-105-CR
REV. 12-95

VOL. 56 PAGE 328B

Exhibit 79 - 000007

DATE: _3-11-96_____

THE STATE OF TEXAS                         )(          IN _213th_ DISTRICT

    VS. NO. _057436 ID_              )(          COURT NO. _____ OF

_Julius O. Robinson_                       )(          TARRANT COUNTY, TEXAS

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

The defendant is ordered to participate fully in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the Court:

1. Submit to Electronic Monitoring/Home Confinement for a period of _____ days to begin upon completion of equipment installation.

   ☐   Breath Alcohol Testing                    ☐   Visitel
   ☐   Continuous Radio Frequency Monitoring     ☐   Intruder Detection
                                                                              ☐ _____

2. Submit to testing for Controlled Substances/Cannabinoids, Alcohol as directed by the Supervision Officer or the Court.

3. Submit to screening, assessment, evaluation and/or testing for _Substance Abuse_ as directed by the Supervision Officer or Court.

4. Attend and complete education, counseling and/or treatment for the following as directed by the Supervision Officer or Court:

   _____          _____

   _____          _____

   _____          _____

                                                              **FILED**
                                       THOMAS A. WILDER, DIST. CLERK
                                       TARRANT COUNTY, TEXAS

5. Attend and complete Education Programs as directed by the Supervision Officer.      MAR 11 1996

6. Attend and complete the state certified Texas Drug Offender Education Program.      Time _9:45 Am_

7. Attend and complete the state certified Texas DWI Repeat Offender Program.      By _R.A._____ Deputy

8. Do not operate any vehicle without an Ignition Interlock Device. Do not tamper with, attempt to bypass or allow any other person to activate the device.

9. Enter, reside and remain at the Restitution Center until released by the Court.

10. Enter, reside and remain at the Court Residential Center until released by the Court.

11. Enter, reside and remain at the Substance Abuse Treatment Facility until released by the Court.

12. Enter, reside and remain at the Shock Incarceration Facility (Boot Camp) until released by the Court.

13. Comply with the rules of Surveillance Probation.

14. Attend Victim-Defendant Mediation.

15. Confinement in the Tarrant County Jail, _____ days, beginning _____.

16. Confinement in a state jail facility for _____ days, to begin no later than 10 days from the date of this order.

17. Extension of Community Supervision Period of _____, beginning _____.

18. Abstain from the use of alcohol.

19. Observe a curfew as directed by the Supervision Officer or the Court.

20. Do not contact _____ in any manner.

21. _____

                                                               Judge / ~~Magistrate~~

This day, a copy of the above Supplement/Amendment to Conditions of Community Supervision was handed to me by the Clerk of this Court/Supervision Officer.

_Sally Smith_____
Witness: Supervision Officer

_Rebecca Wilant_____          _Julius Robinson_
Witness: Court Clerk     VOL. 56 PAGE 339A          Probationer

                                              DC-105A CR    GPC-1701    REV. 12-95

Exhibit 79 - 000008

NAME    JULIUS O ROBINSON

ADDRESS    1413 N COOPER        APT A

ARLINGTON        TX 76011

RACE  B SEX  M AGE  18 DOB  08-08-76

CASE NO. 0574361 FILED: (DATE)  02-09-95
PC HAS BEEN DETERMINED
TRANSFER: 04 COURT        DATE

OFFENSE  ATTEMPT MURDER

DATE  02-07-95

I.P.        SARA TUCKER

C.C.

AGENCY  ARLINGTON PD

OFFENSE NO. 950018762    COURT  D213

INDICTMENT NO. ___0574361 D___

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURORS OF TARRANT COUNTY, TEXAS**, duly elected, tried, empaneled,

sworn and charged to inquire of offenses committed in Tarrant County, in the

State of Texas, upon their oaths do present in and to the  * * * * * * * * *

**CRIMINAL DISTRICT COURT NO. 1**                    of said County that  * *

JULIUS O ROBINSON        hereinafter called Defendant, in the County of

Tarrant and State aforesaid, on or about the   7TH day of  FEBRUARY 19 95, did

THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF
MURDER OF SARA TUCKER, DO AN ACT, TO-WIT: SHOOT AT HER WITH A DEADLY WEAPON,
TO-WIT: A FIREARM, AND SAID ACT AMOUNTED TO MORE THAN MERE PREPARATION THAT
TENDED BUT FAILED TO EFFECT THE COMMISSION OF SAID MURDER,

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID
DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 7TH
DAY OF FEBRUARY, 1995, DID THEN AND THERE KNOWINGLY DISCHARGE A FIREARM AT OR
IN THE DIRECTION OF SARA TUCKER,

Filed (Clerk's use only)

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 4 1995

Time ___1015___
By _____ Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Criminal District Attorney
**INDICTMENT - ORIGINAL**

_____
Foreman of the Grand Jury

Exhibit 79 - 000009

REC BOND = H

213 DISTRICT COURT

**THE STATE OF TEXAS**
**COUNTY OF TARRANT**

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 2 6 2002

Time _____ 4.00

By _____ Deputy

0574361

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
JULIUS O ROBINSON
and him safely

keep, so that you have him before the Honorable
213 DISTRICT COURT
, in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by ~~indictment of~~

~~STATE'S APPLICATION TO REVOKE PROBATION~~
✓ ~~STATE'S~~ APPLICATION TO PROCEED TO ADJUDICATION
Second

~~YOU ARE FURTHER COMMANDED TO SERVE THE SAID DEFENDANT~~
WITH THE ATTACHED COPY OF THE APPLICATION.

a ~~XXXXXXXXXX~~ ~~misdemeanor~~ felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas
this      13TH day of      FEBRUARY   2001

THOMAS A. WILDER

CLERK DISTRICT COURT

TARRANT COUNTY, TEXAS

By _Rebecca_____, Deputy

FORM C. C. 265

---

No.     0574361 D

**TARRANT COUNTY**

# WARRANT

THE STATE OF TEXAS

JULIUS O ROBINSON  VS
2602   CLAYBORN CT
ARLINGTON       TX 080876 B M

Issued the      13TH day of
FEBRUARY   2001

Came to hand on the
day of                    ,
and executed on the
day of                    ,
by _Recalled 9-25-00_

_____ ,
Tarrant   County,   Texas .

By _____ , Deputy.

Arrest . . . . . . . $ _____
Mileage . . . . . . . _____
Miscellaneous . . . . _____
      FEB 14 2001
Total . . . . . . . . _____

Exhibit 79 - 000010

C E R T I F I C A T E   O F   P R O C E E D I N G S

CASE: 0574361   DATE: 7/25,08    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS O                                    WARRANT: 0574361D
MICRO:     ROBINSON,JULIUS O              INDICTED: Y    DATE: 03/14/95

COURT: D213              HEARD: _____    TRANSFER COURT: _____

CHOV: ___/___/___  I/O: ___  COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER          DATE: 02/07/95  LSR INC: _____

DISPOSITION OFFENSE: 130052    DEADLY COND-DISCH FA/INDV

PLEA: _____          BOND TYPE: _____    FINE: _____

DISP: DFAC ___/___/___     STATUS: _____       CT COST: _____

SENTENCE: ___/___/___      EVENT: _____        MISC: _____

ACTION: PDIM ___/___/___                             DUE: ___/___/___
        WREC
PROB (MOS): ___/___/___     AMOUNT: _____       PAID: _____

                           FORFEIT: ___/___/___

INST VERD: _____      BONDSMAN: _____

PROCEEDINGS: 2nd Pet, Dism    Warrant Recalled
             Deft. convicted in Fed. Court


JUDGE/: _____       CLERK: Rebecca W. ___
MAGISTRATE

PETR    02/13/2001

√ ew

Exhibit 79 - 000011



**DEE ANDERSON**
**SHERIFF**
817.884.1320
FAX 817.884.1317

**WARRANT DIVISION**
**CRIMINAL COURTS BLDG**
**300 W BELKNAP**
**SECOND FLOOR**
**FT WORTH TX  76102-2084**

## TARRANT COUNTY
## SHERIFF'S DEPARTMENT
## 2/15/01

THOMAS A. WILDER
DISTRICT CLERK
2001 FEB 22  PM 2: 01
FILED
TARRANT COUNTY

FEDERAL CORRECTIONAL INSTITUTION
ATTN RECORDS
3150 HORTON RD
FORT WORTH, TX 76119

Dear Sirs:
    Enclosed is a copy of our WARRANT NUMBER WART# 0574361D

For ACTOR  ROBINSON, JULIUS OMAR  , CHARGING   ATTEMPT MURDER

ISSUED 2/13/01, By JUDGE GILL , COURT  D213

**DOB  8/8/76  SEX/RACE** M/B **HAIR/EYES** BLK/BRO **HT/WT**  5'11/210

ADDRESS  IN YOUR CUSTODY #26190-177

OTHER   BOND- HOLD NO BOND

        We have received information that the above actor may be in your:

____ JURISDICTION and/or _____X_____ CUSTODY.

____ Please apprehend this actor on authority of this warrant and advise this department at
     817-884-1321 or 817-884-1170; also notify us by teletype at TX22000W0 or locally FWSW.

X Please place this warrant as a detainer. Advise earliest date, if local charges pending, or if
     actor is ready for release to this agency or has been released on bond from your jurisdiction.

X WE WILL EXTRADITE.

____ This is to confirm that extradition proceedings are in process on the above actor.  Please
     accept this as a request for extension of extradition hearings in your state, pending arrival of
     a Governor's Warrant from the State of Texas.

____ Please return our warrant. As of _____the above actor is no longer wanted by
     this department.

You may be assured of our cooperation in all matters of mutual interest.

Sincerely

**DEE ANDERSON, SHERIFF**


BY:_____
     **CRIMINAL WARRANT DIVISION**

Exhibit 79 - 000012

Cause No. 0574361 D

| THE STATE OF TEXAS | IN THE 213th DISTRICT COURT |
| VS. | OF |
| JULIUS O. ROBINSON | TARRANT COUNTY, TEXAS |

## STATE'S SECOND
## PETITION TO PROCEED TO ADJUDICATION

DEFENDANT:                    JULIUS O. ROBINSON

OFFENSE:                      DEADLY CONDUCT - DISCHARGE
                             FIREARM AT INDIVIDUAL

DATE OF OFFENSE:             FEBRUARY 7, 1995

DATE OF PROBATION:           MARCH 11, 1996

LENGTH OF SENTENCE:          DEFERRED ADJUDICATION

LENGTH OF SUPERVISION:       FIVE (5) YEARS

**NOW COMES** the State of Texas, by and through Tim Curry, Criminal District Attorney for Tarrant County, Texas, and would show the Court that, on the date shown above, the Defendant named above appeared in Court with counsel and pled guilty to the offense shown above. The Court heard evidence and found that such evidence substantiated the Defendant's guilt of the offense shown above; however, the also Court found that further proceedings should be deferred without making an adjudication of the Defendant's guilt, and placed the Defendant on community supervision for the period shown above, subject to the terms and conditions set out in the Court's file.

The State of Texas would further show the Court that, during the effective period of such community supervision, the Defendant violated the terms and conditions set by the Court as follows:

1. **FAILURE TO REPORT**: The Defendant was ordered to report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately after being placed on probation and no less than monthly thereafter, or as scheduled by the Court or Supervision Officer, and obey all rules and regulations of the Department. In violation of this condition, the Defendant failed to report as scheduled by Defendant's Supervision Officer during the following periods:

   November, December, 2000; and January of 2001.

Exhibit 79 - 000013

2.   **CHANGE OF ADDRESS**: The Defendant was ordered to notify the Supervision Officer of Tarrant County, Texas, if the Defendant's address or employment is changed within five days from the date of such change. In violation of this condition, the Defendant moved from 2602 Clayborn Court, Arlington, Texas on or before January 3, 2001, and failed to notify the supervision officer within five (5) days of change.

3.   **FAILURE TO PAY**: The Defendant was ordered to pay to and through the Community Supervision and Corrections Department various sums on specific dates, beginning on the 15th day of April, 1996. In violation of that condition, the Defendant has failed to make such payments as follows:

(A)   **Supervision Fee** in the amount of $40.00 each month due on the 15th day of each month. In violation of this condition, the Defendant failed to pay $40.00, or any other amount, on the 15th day or any other day in the month in the following months:

> June, September, October, 1996; February, March, April, October, 1997; March, June, September, October, November, 1998; May, July, August, October, November, December, 1999; February, March, June, July, August, October, November, December, 2000; and January of 2001.

**CONSIDERING THE FOREGOING**, the State of Texas requests the Court to order and direct that the District Clerk immediately issue an Alias Capias (or a Precept To Serve if the Defendant is on good bond), requiring that the Defendant be arrested and brought before this Court (or directing the Defendant to appear on a date certain) and to show cause, if any he or she has, why the community supervision previously granted herein should not be set aside, and why the Court should not proceed to adjudication of guilt and assessment of punishment as the law provides. The State also requests the Court to direct the District Clerk to cause a true copy of this Petition to be served on the Defendant as soon as possible, and for such other orders as the Court may direct.

Respectfully submitted,

**TIM CURRY**
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
401 W. Belknap
Ft. Worth, Texas 76196-0201
(817) 884-1400

By: _____
Assistant Criminal District Attorney
State Bar No. _____

Date: _____

Exhibit 79 - 000014

# ORDER

On this date, the foregoing Petition was presented to the Court in chambers, and the following is hereby ordered:

___X___ the District Clerk shall issue an Alias Capias for the arrest of the Defendant

_____ the Defendant shall remain on bond, and the District Clerk shall issue a Precept To Serve the foregoing Petition on the said Defendant

_____ bond is hereby set at $_____ with the following conditions:

Report to the Community Supervision and Corrections Department, 200 West Belknap, 2nd Floor, Fort Worth, Texas 76196-0255:
  (a) immediately after release or the next working day, and
  (b) report monthly and as directed until released by the Court.

Signed and Ordered Entered on _____2/1_____, 2001.

_____
Robert K. Gill, Judge Presiding
213th District Court
Tarrant County, Texas

Exhibit 79 - 000015

CAUSE NO. 0574361D

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 2 3 2000

Time _____ 11:35
By _____
                    Deputy

THE STATE OF TEXAS          0     IN THE DISTRICT COURT

VS.                         0     213TH JUDICIAL DISTRICT

JULIUS ROBINSON             0     TARRANT COUNTY, TEXAS

## MOTION FOR EARLY RELEASE AND DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIUS ROBINSON, Defendant in the above entitled and numbered cause, by and through his Attorney of Record, MICHAEL GREGORY, and files this his Motion for Early Release and Dismissal of this cause of action, pursuant to Article 42.12, Section 5 of the Texas Code of Criminal Procedure, and would show unto the Court as follows:

I.

That on or about March 11, 1996, the Defendant received a deferred adjudication in the above entitled and numbered cause, and was required to report to the Adult Community Supervision Department of Tarrant County, Texas, for a period of 5 years. That since said date, the Defendant has fully satisfied all terms and conditions of said deferred adjudication, including payment of all funds ordered by the Court, and that the best interests of society and the Defendant will be served by granting this Motion.

II.

That four years and three months has elapsed since the Defendant was placed on deferred adjudication, which is more than one-half (1/2) of the sentence imposed.

Exhibit 79 - 000016

III.

That the Defendant is now a resident of Fort Worth, Tarrant County, Texas.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays as follows:

1.    To be discharged from any further supervision by any community supervision department; and

2.    That the above entitled and numbered cases be dismissed pursuant to the Texas Code of Criminal Procedure; and

3.    For such other and further relief as Defendant may be justly entitled to.

RESPECTFULLY SUBMITTED,

MICHAEL GREGORY
ATTORNEY FOR DEFENDANT
State Bar No. 00790003
111 North Houston, Suite 200
Fort Worth, Texas 76102
Tel: (817) 335-1854
Fax: (817) 335-3193

CERTIFICATE OF SERVICE

As Attorney of Record for Defendant, I do hereby certify that a true and correct copy of the above and foregoing document was this date provided to the Attorney for the State and the Tarrant County Community Supervision Department.

Date:  June 22 , 2000.

Attorney for Defendant

Exhibit 79 - 000017

CAUSE NO.0574361D

THE STATE OF TEXAS       ▯     IN THE DISTRICT COURT

VS.                     ▯     213TH JUDICIAL DISTRICT

JULIUS ROBINSON       ▯     TARRANT COUNTY, TEXAS

## O R D E R

ON THIS, the ____ day of _____, 2000, came on to be heard the foregoing Motion for Early Release and Dismissal, and the Court, after considering same, is of the opinion that it should be, in all things, granted; therefore, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.   The Defendant, JULIUS ROBINSON, be hereby discharged from any further supervision by any community supervision department; and

2.   That pursuant to Article 42.12 of the Texas Code of Criminal Procedure, the Court hereby discharges the Defendant, JULIUS ROBINSON, from any further liability under said cause.

3.   That pursuant to Article 42.12 of the Texas Code of Criminal Procedure, the above entitled and numbered cause is hereby dismissed with prejudice against refiling same.

SIGNED AND ENTERED this _____ day of _____, 2000.

_____
JUDGE PRESIDING

Exhibit 79 - 000018

C E R T I F I C A T E   O F   P R O C E E D I N G S

CASE: 0574361    DATE: 9/11/98    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS D    WARRANT:
MICRO:    ROBINSON,JULIUS D    INDICTED: Y    DATE: 03/14/95

COURT: D213    HEARD: _____    TRANSFER COURT: _____

CHOV: __/__/__    I/O: ___    COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER    DATE: 02/07/95    LSR INC: ___

DISPOSITION OFFENSE: 130052    DEADLY COND-DISCH FA/INDV

PLEA: _____    BOND TYPE: _____    FINE: _____

DISP: _____ __/__/__    STATUS: _____    CT COST: _____

SENTENCE: _____ __/__/__    EVENT: _____    MISC: _____

ACTION: PDIM __/__/__    DUE: __/__/__

PROB (MOS): _____ __/__/__    AMOUNT: _____    PAID: _____

FORFEIT: __/__/__

INST VERD: _____    BONDSMAN: _____

PROCEEDINGS: 9.4.98 P hz HT/No Findings    9-11-98 Petition

Dismissed/Prob Reinstated

JUDGE/: _____ (signature)    CLERK: _____ (signature)
~~MAGISTRATE~~

PETR    06/23/1998

3rd  J. Evans    DW finding on 3-11-98    Michael Gregory

Arlene

Exhibit 79 - 000019

CERTIFICATE OF PROCEEDINGS

CASE: 0574361   DATE: 9,4,98   DOCKET: 0574361D   CID: 0424050

DEFENDANT: ROBINSON,JULIUS O   WARRANT: 0574361D
MICRO:   ROBINSON,JULIUS O   INDICTED: Y   DATE: 03/14/95

COURT: D213   HEARD: _____   TRANSFER COURT: _____

CHOV: ___/___/___   I/O: ___   COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER   DATE: 02/07/95   LSR INC: ___

DISPOSITION OFFENSE: 130052   DEADLY COND-DISCH FA/INDV

PLEA: _____   BOND TYPE: _____   FINE: _____

DISP: _____ ___/___/___   STATUS: _____   CT COST: _____

SENTENCE: _____ ___/___/___   EVENT: _____   MISC: _____

ACTION: _____ ___/___/___   DUE: ___/___/___

PROB (MOS): _____ ___/___/___   AMOUNT: _____   PAID: _____

FORFEIT: ___/___/___

INST VERD: _____   BONDSMAN: _____

PROCEEDINGS: #1-02 NT/ Testimony; No findings; Court Contested hearing in recess until 9-11-98 @ 1:30; DEFT ALLOWED TO REMAIN ON BOND (Judges)

JUDGE/: _Robt H Hill_   CLERK: _____
MAGISTRATE

PETR   06/23/1998

Michael Gregory

3rd   (Allene)

J.W. Evans

Exhibit 79 - 000020

# The State of Texas

**COUNTY OF** TARRANT

260572

APPEARANCE BOND

INSTANTER

| | | | | |
|---|---|---|---|---|
| Name: ROBINSON,JULIUS O | | Race: B | Near. Rel: | |
| | | Sex: M | Address: | |
| Addr: 1514 BIRMINGHAM DR | | Height: 6' 0" | CSZ: | |
| CSZ: ARLINGTON TX 76012 | | Weight: 210 | Emp. Name: THAT SOUND GOOD CD AND TAPE | |
| Tel. #: | | Eyes: BRO | Emp. Address: | |
| D.L. #: 07583755 State: TX | | Hair: BLK | CSZ: | |
| DOB: AUG 8, 1976 Place of Birth: FAYETTEVILLE NC | | | Emp. Tel: | |

| Case No. | Bond No. | Date Executed | Bond Amt. | Charging Instrument | Warrant No. | Arresting No. | CID |
|---|---|---|---|---|---|---|---|
| 0574361 | 0427221-X | JUN 25, 1998 | $2,500.00 | INDICTMENT | 0574361D | | 0424050 |

**Principal**
ROBINSON,JULIUS O

Offense Charged FELONY-ATTEMPTED MURDER (AFTER 9/1/94),

**Surety Name/Address**
ADAMS,JENNIFER D          AB09    817-336-4107
1009 EVANS AVENUE         FT WORTH      TX 76104

Court of Jurisdiction  213TH  DISTRICT COURT
TARRANT  COUNTY

## KNOW ALL MEN BY THESE PRESENTS:

That we, the above named and undersigned principal and sureties, in our respective capacities, are held and firmly bound unto the State of Texas in the penal sum of the above shown amount of bond, in addition to costs of Court, post judgment interest, and interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by peace officers in rearresting the principal in the event the conditions of this bond are violated, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such that whereas the above named principal is being held in due course of law for the above shown offense and appeared in the above shown court, said principal was ordered and required as shown above, to give bail in the above amount for his/her personal appearance before the above named court. Said principal acknowledges and understands that at the time of the making of this bond, that charges have        been filed either by affidavit, information, complaint, or indictment, and said principal further understands and acknowledges that such charges if not filed may be filed at a later date. Said principal and said surety agree and hereby contract that they acknowledge the validity of this bond, charges being filed as outlined herein and said principal and surety hereby covenant and agree that they will not contest the enforceability of this bond on the grounds of charges not being filed in a court of jurisdiction provided that said formal charges are later filed in a court of jurisdiction. Now if the principal shall well and truly make personal appearance instanter before the court shown above of the above named County at the above shown location at the present term of said court if now in session, or at its next regular term if now in vacation and further shall well and truly make personal appearance before any other court in which the same may be filed or transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due process of law, then and there to answer said accusation against said principal, this obligation shall become void, otherwise to remain in full force and effect.

CONDITIONS OF THE BOND: IT IS A CONDITION OF THIS BOND THAT THE DEFENDANT/PRINCIPAL SHALL RETAIN AN ATTORNEY PRIOR TO THE FIRST TIME THE DEFENDANT/PRINCIPAL IS SUMMONED TO APPEAR IN COURT IN CONNECTION WITH THIS CASE.** A PERSON APPEARING FOR ANY COURT SETTING WITHOUT AN ATTORNEY MAY BE FOUND TO HAVE VIOLATED A CONDITION OF BOND AND MAY BE ARRESTED AND PLACED IN JAIL AND HIS BOND FORFEITED.** (THE GOLD COPY OF THIS BOND IS RECEIVED BY THE DEFENDANT/PRINCIPAL).

>> PRINCIPAL: *[signature]*

**PERSONAL BOND:**

I swear that I will appear before                                                           at

                                                                                              Texas,

on the        day of                          at the hour of          , or upon notice by the court, or to pay to the Court the principal sum
of                          plus all necessary and reasonable expenses incurred in any arrest for failure to appear.

**AFFIDAVIT OF SUFFICIENCY OF SURETY:**

I do swear that I am worth, in my own right, at least the sum of $59,007.00 $59,007.00          , after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in TARRANT          County, and have property in this State liable to execution worth said amount or more.

I AM THE SURETY/BONDSPERSON FOR THE PRINCIPAL ON THIS BOND.

Surety: *[signature]*                                          Principal: *[signature]*

```
Barbara J.  Woods
Notary Public State of Texas
My Commission Expires
August 13, 2000
```

Sworn to and subscribed before me this 18th day of MAY 1998     Witness: *[signature]*

*[signature]* Notary                     Approved Magistrate

| | |
|---|---|
| Taken and Approved this 25TH day of JUNE 1998. | I certify the surety named herein has collateral in the amount indicated and, if submitted for approval, I would accept same. |
| Sheriff: DAVID WILLIAMS | DAVID WILLIAMS  Sheriff |
| County: TARRANT  Texas | TARRANT  County, Texas |
| By *[signature]*, Deputy | By _____, Deputy |

LEFT THUMB     RIGHT THUMB

Exhibit 79 - 000021

REC BOND = HOLD

CID-0424050

0574361

213 DISTRICT COURT

*NIU*

THE STATE OF TEXAS
COUNTY OF TARRANT

No.    0574361D

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

TARRANT COUNTY

You are hereby commanded to take the body of
JULIUS O ROBINSON        and him safely

## WARRANT

keep, so that you have him before the Honorable
213 DISTRICT COURT        , in and for

THE STATE OF TEXAS
VS.
JULIUS O ROBINSON
1514   BIRMINGHAM
ARLINGTON        TX 080876 B M

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by ~~indictment~~ of

Issued the        23RD day of

~~STATE'S APPLICATION TO REVOKE PROBATION~~

JUNE 19 98

~~STATE'S APPLICATION TO PROCEED TO ADJUDICATION~~

~~YOU ARE FURTHER COMMANDED TO SERVE THE SAID DEFENDANT~~
~~WITH THE ATTACHED COPY OF THE APPLICATION.~~

Came to hand on the 23RD
day of JUN , 19 98
and executed on the 25TH
day of JUN
A. D. 1998

a ~~Xmisdemeanor~~ felony.

by ARREST & BOND
PAPERS SERVED

issued under my hand and seal of office
in the City of Fort Worth, Texas

DAVID WILLIAMS, SHERIFF
Tarrant County, Texas

this    23RD day of        JUNE 19 98.

By _____ , Deputy.

THOMAS A. WILDER

Arrest ......... $ _____

CLERK DISTRICT COURT

Mileage ......... _____

TARRANT COUNTY, TEXAS

Miscellaneous ... _____

By _____ , Deputy

Total ......... _____

FORM D. C. 265-C R

Exhibit 79 - 000022

## C E R T I F I C A T E   O F   P R O C E E D I N G S

CASE: 0574361   DATE: 6/25/98   DOCKET: 0574361D   CID: 0424050

DEFENDANT: ROBINSON,JULIUS O                      WARRANT: 0574361D
MICRO:     ROBINSON,JULIUS O       INDICTED: Y      DATE: 03/14/95

COURT: D213              HEARD: _____   TRANSFER COURT: _____

CHOV: ___/___/___   I/O: ___   COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER        DATE: 02/07/95  LSR INC: ___

DISPOSITION OFFENSE: 130052   DEADLY COND-DISCH FA/INDV

PLEA: _____        BOND TYPE: _____   FINE: _____

DISP: _____ ___/___/___   STATUS: _____   CT COST: _____

SENTENCE: _____ ___/___/___   EVENT: _____   MISC: _____

ACTION: BSET ___/___/___                      DUE: ___/___/___

PROB (MOS): _____ ___/___/___   AMOUNT: _____   PAID: _____

                        FORFEIT: ___/___/___

INST VERD: _____        BONDSMAN: _____ _____

PROCEEDINGS: Bond set at $2,500/Prob Rev

          atty: John michael Gregory

          _____

JUDGE/: S/ Robert K. Hill          CLERK: R.m.____
MAGISTRATE/

PETR   06/23/1998

fees paid Stephen
up per Love

3rd

Exhibit 79 - 000023



NO. 0574361D

| | | |
|---|---|---|
| THE STATE OF TEXAS | {} | IN THE 213TH JUDICIAL |
| | {} | |
| VS. | {} | DISTRICT COURT OF |
| | {} | |
| JULIUS O. ROBINSON | {} | TARRANT COUNTY, TEXAS |

## PETITION TO PROCEED TO ADJUDICATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the State of Texas by and through Tim Curry, Criminal District Attorney of Tarrant County, Texas, and would respectfully show the Court that on March 11, 1996, JULIUS O. ROBINSON, hereinafter styled Defendant, appeared in Court with his or her attorney and the Court heard evidence in the above entitled and numbered cause and found that evidence substantiated the Defendant's guilt on a charge of Deadly Conduct; however, the Court found that further proceedings should be deferred without making an adjudication of guilt and the Court placed the Defendant on probation as set out in the order setting conditions of probation, for a term of five (5) years.

Your petitioner would show to the Court that said Defendant thereafter, during the effective period of said probation, violated the terms and conditions of said probation in that:

1. The Defendant, JULIUS O. ROBINSON, was ordered by the Court to commit no offense against the laws of this State or of any other State or of The United States. In violation of this condition the Defendant on or about the 9th day of May, 1998 , in the County of Hopkins and State of Texas, did then and there intentionally and knowingly possess a usable quantity of marihuana in an amount of less than two ounces.

2. The Defendant, JULIUS O. ROBINSON, was ordered by the Court to remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes Defendant to leave. In violation of this condition the Defendant on or about May 8, 1998, left Tarrant County without permission from the Court or Supervision Officer and went to Hopkins County.

PETITION TO PROCEED TO ADJUDICATION - PAGE 1 OF 3

Exhibit 79 - 000024

WHEREFORE, your Petitioner prays that this Honorable Court order and direct that the District Clerk forthwith issue an alias capias (or if Defendant is on good bond in this cause, the Clerk is ordered to issue a precept to serve), herein directing that the Defendant be arrested and brought before this Honorable Court to show cause, if he or she has any, why said probated sentence entered herein should not be set aside and why the Court should not proceed to adjudication of said case; that the Court further direct said District Clerk to serve upon said Defendant, as soon as possible, a true copy of this petition; and for such other orders the Court may direct.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Assistant Criminal District Attorney
Tarrant County, Texas

DATE: 6/12/48

___X___ ALIAS CAPIAS ORDERED

_____ DEFENDANT TO REMAIN ON BOND
PRECEPT TO SERVE PETITION ORDERED.

BOND SET AT:_____

PETITION TO PROCEED TO ADJUDICATION - PAGE 2 OF 3

Exhibit 79 - 000025