IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON, | § | |
|    aka Face, aka Scar, aka Scarface | § | |
|      Defendant-Petitioner, | § | |
| | § | |
| v. | § | NO. 4:00-CR-260-Y |
| | § |   (Civil No. 4:05-CV-756-Y) |
| | § | **DEATH PENALTY CASE** |
| UNITED STATES OF AMERICA, | § | |
|      Plaintiff-Respondent. | § | **ECF** |

**RESPONSE TO MOTION FOR LEAVE TO
AMEND 28 U.S.C. § 2255 MOTION AND
REQUEST FOR EXTENSION OF RESPONSE PERIOD**

The United States opposes in part Robinson's motion for leave to amend his §

2255 petition. Specifically, the United States opposes Robinson's effort to add what he

has termed Ground Seven as a new basis for relief. As he admits, Ground Seven does not

relate back to any claim he made in his timely filed original petition, and it therefore falls

outside the one-year statute of limitations for § 2255 claims under the AEDPA. *Mayle v.*

*Felix*, 545 U.S. 644 (2005); 28 U.S.C. § 2255(1), (4).

Furthermore, Ground Seven raises a claim that is procedurally barred, as it was

raised and rejected on direct appeal from the conviction. *E.g., Ordonez v. United States*,

588 F.2d 448, 448-49 (5th Cir. 1979) ("the issue was decided adversely to appellant on

direct appeal and need not be considered again."). The fact that the Supreme Court has

recently decided cases in which the opinions of the Court have nothing to do with the

**Response to Motion for Leave to Amend . . . - Page 1**

erroneous omission from the indictment of death-penalty aggravating factors – in fact, have nothing to do with indictment error of any kind – does not suffice as a ground to ignore the well-worn rule of procedural bar for claims already raised and rejected on appeal. Furthermore, even if the Supreme Court's opinions in the two cases Robinson cites (*United States v. Gonzalez-Lopez*, 126 S.Ct 2557 (2006) and *United States v. Resendiz-Ponce*, 127 S.Ct 782 (2007)) were on point with respect to his new claim, they would still not be retroactive on collateral review unless the Supreme Court declared them to be. *See Schriro v. Summerlin*, 124 S.Ct. 2519 (2004) (new constitutional rules of criminal procedure are not retroactively applicable to cases that became final on direct review before the decision was announced). Robinson does not even address this obstacle to his Ground Seven.

In short, leave to add Ground Seven should not be granted.

As for the remainder of Robinson's proposed amended petition, the government is not opposed to Robinson adding alleged factual support for his original claims that are already on file. Nor is it opposed to his addition of written argument based on the additional factual material. However, the government proposes that Robinson's proposed "stylistic and structural" changes to the entire petition, (Motion for Leave at p.2, n.1), are unnecessary and would impose an undue hardship on the government in terms of the efforts that would become necessary to respond to the amended petition as a unified document. As the court knows, the parties have already each filed pleadings that are near to or exceed 100 pages in length, not counting exhibits. Under all the circumstances, the

**Response to Motion for Leave to Amend . . . - Page 2**

government asks that the Court order Robinson to segregate his new material (other than Ground Seven), and file it as a supplement to his original petition, with the new exhibits attached, so that it may be the subject of a narrow, tailored response, not unnecessarily requiring that the government cover the waterfront for a second time.

Alternatively, if Robinson is permitted to file his amended petition as he has proposed, the United States asks for an extension of the usual time allotted for its response, and specifically that the response be due not earlier than August 24, 2007. Even if Robinson files his new material as a supplement only, the United States asks that its response deadline be set not earlier than July 26, 2007.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

*SCowger*

SUSAN COWGER
Assistant United States Attorney
Texas State Bar No: 08390150
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:   214.659.8622
Facsimile:    214.767.2846
E-mail:        susan.cowger@usdoj.gov
Attorney for Respondent

**Response to Motion for Leave to Amend . . .  - Page 3**

**CERTIFICATE OF CONFERENCE**

Mr. Michael Charlton advised me that he is unopposed to filing any additional allowed material as a supplement, and unopposed to an extension of time for the government's response, but is opposed to excision of Ground Seven as a basis for relief.

_____
SUSAN COWGER
Assistant United States Attorney


**CERTIFICATE OF SERVICE**

I certify that I filed this motion electronically on June 21, 2007 using the court's electronic case filing (ECF) system. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael B. Charlton
Assistant Federal Public Defender
411 E. Bonneville, Suite 250
Las Vegas, Nevada  89101

Sean Kennedy
Federal Public Defender
321 E. 2nd Street
Los Angeles, California, 90012

_____
SUSAN COWGER
Assistant United States Attorney