# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **JULIUS OMAR ROBINSON,** | : | **CAUSE NO. 4:00-CR-00260-2** |
| **aka Face, aka Scar, aka Scarface,** | : | **(Civil No. 4:05-CV-756-Y)** |
| **Defendant/Petitioner,** | : | |
| | : | **<u>DEATH PENALTY CASE</u>** |
| **vs.** | : | |
| | : | **Honorable Terry Means** |
| **UNITED STATES OF AMERICA,** | : | **United States District Judge** |
| | : | |
| **Plaintiff/Respondent.** | : | |

---

## EXHIBIT NO. 79 (PART 2 OF 2)

**SUBMITTED IN SUPPORT OF IN SUPPORT OF DEFENDANT'S AMENDED
MOTION TO VACATE CONVICTION AND SENTENCE AND FOR
NEW TRIAL PURSUANT TO 28 U.S.C. § 2255**

(Filed Electronically Under the Electronic Filing System Requirements)

---

### * * * CONDITIONS OF BOND * * *

Report to the Community Supervision and Corrections Department, 200 West Belknap, 2nd Floor, Fort Worth, Texas 76196-0255.

A.   Immediately after release or the next working day.

B.   Report immediately or as directed until released by Court.

_____, PRESIDING JUDGE,
IN THE 213TH DISTRICT OF TARRANT COUNTY, TEXAS

PETITION TO PROCEED TO ADJUDICATION - PAGE 3 OF 3

Exhibit 79 - 000026

**ARREST/IDENTIFICATION**

| TRN | DPS NO. (SID) | FBI NO. | CONTRIBUTOR ORI | LEAVE BLANK |
|---|---|---|---|---|
| 001 350 5513 | | | 22 0011 | |

NAME (LAST, FIRST, MIDDLE): Robinson, Julius O
DATE OF BIRTH: 03 13 1974   PLACE OF BIRTH: NC

| SEX | RACE | ETH. | HGT. | WGT. | EYES | HAIR | SCARS, MARKS, TATTOOS, AMPUTATIONS |
|---|---|---|---|---|---|---|---|
| M | B | | 6 | 17 | Brn | Blk | |

SKIN TONE: Drk   SOCIAL SECURITY NO.: 239 23 6554   MISC. NO.   CITZ: US   STATE

DRIVER LICENSE NO.: 01583755   STATE: TX   TYPE: C   ID CARD NO.   STATE

ALIAS NAME(S)

ADDRESS: 1413 N. Cooper #146   CITY: Arl   STATE: TX   ZIP: 760

| ORI: | ARRESTING AGENCY | TRANS. HAZ. MATERIAL? | OPER. COM VEHICLE? | LIC. PLATE NO | STATE | YEAR | DATE OF ARREST | AGENCY ARREST NO. |
|---|---|---|---|---|---|---|---|---|
| TX0015S | | Y OR N | Y OR N | | | | 02 08 1995 | 15145 |

NAME: | AGENCY CASE NO.: 95001901 | FIREARM CODE

| TRS | OFFENSE CODE | GOC | OFFENSE | STATUTE CITATION | LEVEL & DEGREE | FELONY CAPITAL 1, 2, OR 3 | MISDEMEANOR A. OR B |
|---|---|---|---|---|---|---|---|
| A001 | 53990000 | A | Crim. Attempt - Murder | 19.52 (B)(1) PC | | 3 | |

DATE OF OFFENSE: 02 07 1995   ARREST DISPOSITION: Held   DISPOSITION DATE: 03 12 1996   PROSECUTOR ORI: TX 0015A   DATE: 02 09

IS CHARGE A RESULT OF ANOTHER AGENCY'S WARRANT? YES [ ] NO [ ]   PREPARED BY: P. Luttenbach   DATE: 02 09

**PROSECUTOR**

PROSECUTOR ORI: TX22001SA   PROSECUTOR OFFICE: TCDA

PROSECUTOR ACTION CODE: A (USE ONLY ONE CODE. REFER TO PAF CODE LIST)   PROSECUTOR ACTION LITERAL   DATE OF REJECTION

CHANGED OFFENSE CODE | GOC | OFFENSE | STATUTE CITATION

DEGREE OF CHANGED OFFENSE: FELONY (CAPITAL 1, 2, OR 3) MISDEMEANOR (A. OR B)   CHARGES FILED IN: (COURT ORI): TX 22015SJ

COURT NAME: D213   ADDITIONAL CHARGES BY PROSECUTOR, NOT PRESENT AT ARREST? YES [ ] NO [X]   IF YES, FILL OUT SUPPLEMENTAL FORM

PREPARED BY: D. Price   DATE: 2/9/1995

**COURT**

COURT ORI: TX220155J   COURT NAME: 213th District Court   STATUTE CITATION: 22.05   PC

OFFENSE CODE: 52130005   GOC | OFFENSE: Deadly Conduct

DEGREE OF DISPOSED OFFENSE: FELONY (CAPITAL 1, 2, OR 3) 3   MISDEMEANOR (A. OR B)   CAUSE NUMBER: 0574361D   SENTENCE DATE   COURT DISPOSITION: 312

FINAL PLEA: GUILTY [X] NO CONTEST [ ] NOT GUILTY [ ]   COURT DISPOSITION DATE: 03 11 1996

CONFINEMENT   SENTENCE SUSPENDED TIME   PROBATION: 5 years   FINE   SENTENCE SUSPENDED FINE

COURT COST: 175   COURT PROVISION

MULTIPLE SENTENCES: CONCURRENT [ ] CONSECUTIVE [ ]   AGENCY TO RECEIVE CUSTODY: TX J20015G2

APPEAL DATE   OFFENDER STATUS DURING APPEAL   RESULT OF APPEAL

CHECK BOX TO INDICATE DIC-17 DATA IS PRESENT [ ]   BEGINNING DATE OF SUSPENSION   EDUCATION PROGRAMS: DWI [ ] DRUGS [ ]   EDUCATION REQUIRED [ ]   EDUCATION WAIVED   REPEAT OFFENDER REQUIRED

ENDING DATE OF SUSPENSION   EDUCATION COMPLETED   EDUCATION EXTENDED   REPEAT OFFENDERS COMPLETE

PREPARED BY: REBECCA MEINHART   DATE: 03 11 1996

IS THE USE OF SUPPLEMENT REQUIRED ON THIS INCIDENT? YES [ ]   NO [ ]

MAIL TOP COPY TO: TEXAS DEPARTMENT OF PUBLIC SAFETY   PO BOX 4143   AUSTIN TX 78765-4143

WHITE—ARREST REPORTING SHEET   YELLOW—PROSECUTOR REPORTING SHEET   PINK—COURT REPORTING SHEET   CR-43 (Rev.)

Exhibit 79 - 000027

## CASE NO. 0574361D

| THE STATE OF TEXAS | § | IN THE 213TH DISTRICT |
| VS. | § | COURT OF |
| JULIUS O. ROBINSON | § | TARRANT COUNTY, TEXAS |

### UNADJUDICATED JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE AND SUSPENDING IMPOSITION OF SENTENCE

| Judge Presiding | : HON. ROBERT K. GILL | Date of Judgment | : MARCH 11, 1996 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : PETER H. KEIM |
| Attorney for Defendant | : MICHAEL GREGORY | Charging Instrument: | INDICTMENT |

| Offense Date | Offense |
| FEBRUARY 7, 1995 | DEADLY CONDUCT - DISCHARGE FIREARM AT INDIVIDUAL |

| Degree | Count | Plea |
| 3RD | TWO | GUILTY |

| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |

| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |

| Punishment | : DEFERRED | Date to Commence | : MARCH 11, 1996 |
| Probationary Term | : FIVE (5) YEARS | | |
| Fine Not Suspended | : NONE | | |

On this day, set forth above, this cause came for trial and came the State of Texas, by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by Defendant, the Defendant entered his pleas as shown above thereto, and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, and the Defendant further having affirmatively stated awareness of the consequences of such plea and acknowledged to not having been misled or harmed by the admonishment of the Court, yet the Defendant persisted in entering such plea, said plea is by the Court received and now entered of record upon the minutes of the Court as the plea herein of said Defendant. The Court after receiving the plea shown and hearing the evidence, finds that it substantiates the Defendant's guilt and that further proceedings should be deferred without entering an adjudication of guilt and that Defendant should be placed on probation on reasonable terms and conditions as the Court may require.

The State of Texas do have and recover of the said Defendant all costs in this prosecution expended including any fine shown above for which let execution issue. And it is further ORDERED by the Court that the imposition of sentence of the judgment of conviction herein shall be suspended during the good behavior of the Defendant and that the Defendant be placed on probation during the period of time, fixed by the Court, under the conditions to be determined by the Court, as provided by law. However, when it is shown above that a fine applicable to the offense committed has been imposed by the Court and not suspended, then it is ORDERED that Defendant pay such fine and all costs in this prosecution expended and that Defendant be placed on probation during the period of time fixed by the Court, under the conditions to be determined by the Court, as provided by law.

IT IS THEREFORE CONSIDERED by the Court that the evidence substantiates the Defendant's guilt and that further proceedings should be Deferred without entering an adjudication of guilt, and that Defendant be placed on probation during the period of time prescribed by the Court on such reasonable terms and conditions as the Court may require in accordance with law.

Exhibit 79 - 000028

C E R T I F I C A T E   O F   P R O C E E D I N G S

CASE: 0574361  DATE: 3/11/96      DOCKET: 0574361D      CID: 0424050

DEFENDANT: Robinson, Julius O.
MICRO:                                    INDICTED: Y      WARRANT: DATE: 3/14/95

COURT: 213th              HEARD: _____      TRANSFER COURT: _____

CHOV: __/__/__  I/O: ___  COUNTY: _____

CHARGE OFFENSE: _____      DATE: / /   LSR INC: ___

DISPOSITION OFFENSE: 130052 Deadly conduct _____

PLEA: PGBC              BOND TYPE: _____      FINE: _____

DISP: DFAJ __/__/__     STATUS: _____      CT COST: _____

SENTENCE: _____ __/__/__    EVENT: _____      MISC: _____

ACTION: _____ __/__/__                              DUE: __/__/__

PROB (MOS): 060 __/__/__    AMOUNT: _____      PAID: _____

                           FORFEIT: __/__/__

INST VERD: _____      BONDSMAN: _____  _____

PROCEEDINGS: Court two    5 yrs Unadjud Prob,
D.W. finding

JUDGE/: _____/_____      CLERK: _____
MAGISTRATE

Peter Keim                              michael Gregory

                    JRw

Exhibit 79 - 000029

DA-559 , GPC-9767

COURT: ___213___    CASE NO.: __057436/D__

DEFENDANT: __Julius D. Robinson__

OFFENSE: __Deadly Conduct (Count 2)__

OFFENSE CODE: _130052_    DEGREE: __3__

PENALTY: __2-10 $10,000__

AGREED
RECOMMENDATION: __5 ADFAT + TAIP + GED__
__+ No Weapons + No. Contact w/ IP or__
__Family + $502 Restitution__

*Please be advised that on
PROBATION CASES involving
1st DEGREE FELONY Offenses
(including 2nd DEGREE FELONY DRUG
Offenses) the Court WILL
REQUIRE a "Special Search Condition"
to Apply in those Cases.

__Assistant District Attorney__

The undersigned defendant and his attorney hereby agree to the above recommendation by the prosecutor and it is understood that if, upon a plea of guilty by this defendant, and the punishment assessed by the Court does not exceed the punishment recommended, an appeal may only be prosecuted with permission of the trial court. All pre-trial motions filed in this cause are waived.

__Defendant__

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 11 1996

Time __9:45 Am__
By __Rm__ Deputy

__Attorney for Defendant__
Bar Card No.: __00790003__

Exhibit 79 - 000030

NO. _057436/0_

| | | |
|---|---|---|
| THE STATE OF TEXAS | {} | IN THE 213TH JUDICIAL |
| | {} | |
| VS. | {} | DISTRICT COURT OF |
| | {} | |
| _Julius D. Robinson_ | {} | TARRANT COUNTY, TEXAS |

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAR 11 1996
9:45 Am
By_____ Deputy

### WRITTEN PLEA ADMONISHMENTS

On this __11__ day of __March__, 199_6_, pursuant to the requirements of law, you, the defendant in this cause, are hereby admonished in writing as follows:

1. [X] You are charged with the felony offense of:

   _DEADLY CONDUCT (COUNT 2)_

   Offense Code: _130052_

   [ ] Your charge has been reduced to the lesser included offense of:

   _____

   Offense Code: _____

2. The plea bargain recommendation is: _5 DFAT + TDIP + GED + NO WEAPONS + NO CONTACT W/ IP OR FAMILY + $502 RESTITUTION_

3. You are entitled to have a jury determine whether you are Guilty or not Guilty and if Guilty, to assess your punishment. Should you have more than one case pending, you may have them tried separately.

4. You may request that the indictment be read and explained to you in open court. You are not obligated to give evidence against yourself; you may require the State to prove the elements of the offense alleged in the indictment by legal and competent evidence beyond a reasonable doubt; you and your attorney may confront and cross-examine witnesses and you have the power of subpoena to bring witnesses into court to testify in you behalf.

5. If convicted, you face the following range of punishment:

[ ] **FIRST DEGREE FELONY:** Life or any term of not more than 99 years nor less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ] **SECOND DEGREE FELONY:** A term of not more than 20 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[X] **THIRD DEGREE FELONY:** A term of not more than 10 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000 may also be assessed. (If the offense was committed before September 1, 1994, a term of confinement in a community correctional facility for any term of not more than one (1) year may be assessed in lieu of confinement in the Institutional Division).

[ ] **FIRST DEGREE ENHANCED:** Life or any term of not more than 99 years nor less than 15 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

WRITTEN PLEA ADMONISHMENTS-PAGE 1 OF 4

Exhibit 79 - 000031

[ ]   SECOND DEGREE ENHANCED: Life or any term of not more than 99 years nor less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ]   THIRD DEGREE ENHANCED: A term of not more than 20 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ]   HABITUAL OFFENDER: Life or any term of not more than 99 years nor less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

[ ]   OTHER: _____

_____

_____

6.   **Plea Bargaining:** A plea bargain or recommendation of punishment is not binding on the Court. The Court may set punishment anywhere within the range provided by law for this offense. If there is a plea bargain agreement, the Court will inform you in open Court whether the agreement will be followed before making any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea should you desire.

7.   **Permission to Appeal:** When the Court follows a plea bargain agreement, permission of the Court must be given before you can prosecute an appeal on any matter in the case, except for matter raised by written motion filed prior to trial. This Court seldom consents to an appeal where conviction is based upon a Guilty Plea.

8.   **Citizenship:** If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

9.   **Deferred Adjudication:** Should the Court defer adjudicating your guilt and place you on probation, upon violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge. No appeal may be taken from this determination. Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense.

After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred.

10.   **Probation:** If the Court grants you straight probation as opposed to deferred adjudication, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the court, without a jury, whether to revoke your probation and sentence you to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a period of time not to exceed that originally assessed by the Court at the time you were found guilty,.

11.   If no indictment has been returned by a Grand Jury charging you with this offense, you do not have to stand trial until such an indictment has been returned, and you then will be given ample time (at least 10 days) to consult with your attorney before trial.

12.   If a victim impact statement has been returned to the prosecutor under Art. 26.13 C.C.P., the Judge has reviewed a copy of that report.

Admonishments given this defendant on the above noted date.

_____
ROBERT K. GILL, PRESIDING JUDGE

WRITTEN PLEA ADMONISHMENTS-PAGE 2 OF 4

Exhibit 79 - 000032

## WRITTEN WAIVER OF DEFENDANT-JOINED BY ATTORNEY

Comes now the Defendant, in open Court, joined by my attorney and state:

(1)    I am able to read the English language and fully understand each of the written plea admonishments by the Court and I have no questions;

(2)    I waive arraignment and formal reading of the indictment or felony information;

(3)    I am aware of the consequences of my plea;

(4)    I am mentally competent and my plea is knowingly, freely, and voluntarily entered;

(5)    Should my attorney be just recently appointed, I give up and waive any right I may have for further time to prepare for trial;

(6)    If I am proceeding on a felony information, I give up my right to indictment by a Grand Jury;

(7)    Should I be tried on more than one case, I agree that all may be heard and determined at one time;

(8)    I waive all pretrial motions that may have been filed in connection with my case(s);

(9)    I am totally satisfied with the representation given to me by my attorney.  My attorney provided me fully effective and competent representation;

(10)   I also waive and give up in accordance with Art. 1.14 C.C.P. all rights given to me by law, whether of form, substance, or procedure;

(11)   Joined by my attorney, I waive and give up my right to a jury, both as to my guilt and assessment of my punishment, and in accordance with Art. 1.15 C.C.P., I waive and give up the right to appearance, confrontation, and cross-examination of the witnesses, and I consent to oral and written stipulations of evidence;

(12)   I give up my right not to incriminate myself and agree to testify under oath and judicially confess my guilt if requested by my attorney or the State's attorney;

(13)   If I am proceeding on a misdemeanor case, I request that a presentence investigation report not be made;

(14)   I request the Court to approve of the plea recommendation (in Paragraph 5 of the Plea Admonishments) and dispose of my case(s) in accordance therewith.

X _____
DEFENDANT

 I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers to the Defendant and am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will plead guilty understanding the consequences thereof.

_____
ATTORNEY FOR DEFENDANT

WRITTEN PLEA ADMONISHMENTS-PAGE 3 OF 4

Exhibit 79 - 000033

## JUDICIAL CONFESSION

Upon my oath I swear my true name is ___Julius O. Robinson___ and I am __19__ years of age. I have read the indictment or information filed in this case and I committed each and every act as alleged therein, except those acts waived by the State. All the facts alleged in the indictment or information are true and correct. I am guilty of the offense(s) charged as well as all lesser included offenses. All the facts alleged in the indictment or information are true and correct. Any enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation (Paragraph 2 of the Plea Admonishments) and request the Court to take each into account in determining my sentence for the instant offense. I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

X _Julius Robinson_
**DEFENDANT**

### APPLICATION FOR PROBATION

I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas, any other state, nor in any Federal Court of the United States. I request the Court to consider this my application for a probated sentence.

X _Julius Robinson_
**DEFENDANT**

SWORN AND SUBSCRIBED before me this __11th__ day of __March__, 1996.

_____
**DEPUTY DISTRICT CLERK**
**TARRANT COUNTY, TEXAS**

\* \* \* \* \* \* \*

In open court we join and approve the waiver of jury trial pursuant to Art. 1.13 C.C.P. and the stipulations of evidence pursuant to Art. 1.15 C.C.P. We further agree and consent to the admission of guilt of any unadjudicated offense under Section 12.45 of the Texas Penal Code. In addition, the Court finds as a fact that the Defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered. It is agreed that the Court may take judicial notice of this document and all contents; and the Court takes judicial notice of same.

_____          SBN _00790003_
**ATTORNEY FOR THE DEFENDANT**

_____          SBN _15532500_
**ATTORNEY FOR THE STATE**

_____
**ROBERT K. GILL, PRESIDING JUDGE**

WRITTEN PLEA ADMONISHMENTS-PAGE 4 OF 4

Exhibit 79 - 000034

Judicial District of Tarrant County, Texas
**COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT**          □ S J F
200 West Belknap, Fort Worth, Texas 76196-0255
Telephone: (817) 884-2450    Office Hours: 7:30 a.m. to 5:30 p.m. Monday - Friday

□   ADJUDICATED            **CONDITIONS OF COMMUNITY SUPERVISION**          ✗   **DEFERRED ADJUDICATION**
                                             **FILED**
                              THOMAS A. WILDER, DIST. CLERK
THE STATE OF TEXAS                TARRANT COUNTY, TEXAS          IN __213th__ DISTRICT

VS. NO. 0574361D          **MAR 11 1996**                        COURT NO. _____ OF

_Julius O. Robinson_                         H   9:45 AM          TARRANT COUNTY, TEXAS
                                    Time _____ _____ Deputy

In accordance with the authority conferred by the Community Supervision Law of the State of Texas, you have been
placed on Community Supervision as an alternative to incarceration on this ___11th___ day of __March__,
19 _96_, for the period of ___5___ years, having been sentenced for _____ years, for the offense of
__Deadly Conduct_____ by the Honorable __ROBERT GILL_____,
Judge/Magistrate in Criminal District Court No. __213__, Tarrant County, Texas.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING TERMS AND CONDITIONS OF
COMMUNITY SUPERVISION:**

a.   Commit no offense against the laws of this State or of any other State or of the United States.

b.   Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids
     or excessive consumption of alcoholic beverages.

c.   Avoid persons and places of disreputable or harmful character.

d.   Report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following
     this hearing, and no less than monthly thereafter, or as scheduled by the Court and/or Supervision Officer and obey
     all rules and regulations of the Department.

e.   Permit the Supervision Officer to visit you at your home or elsewhere at any time.

f.   Work faithfully at suitable employment as far as possible, furnish proof of employment to your Supervision Officer
     and, if unemployed, participate in the Community Supervision and Corrections Department's Jobs, Education and
     Training Skills (JETS) program, unless waived by the Court.

g.   Remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes you to leave.

h.   Support your dependents.

i.   Notify the Supervision Officer of Tarrant County, Texas, if your address or employment is changed within five days
     from the date of change.

j.   ~~Possess no firearms away from your residence.~~ No ownership or possession of any firearm.

k.   Supervision is conditioned on your agreement to execute a pre-signed waiver of extradition.

l.   Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas, the
     following:

     1.   COURT COSTS in the amount of $ __174 50__, at the rate of $ __10__ per month.

     2.   SUPERVISION FEE in the amount of $ __40__, each month during the period of supervision.

     3.   RESTITUTION in the amount of $ __502__, at the rate of $ __15__ per month.

     4.   FINE in the amount of $ _____, at the rate of $_____ per month.

     5.   ATTORNEY FEES in the amount of $_____, at the rate of $_____ per month.

     6.   CRIME STOPPERS FEE in the amount of $ __10__ to be paid within 30 days from the date shown above.

     7.   CRIME VICTIMS COMPENSATION ACT PAYMENT in the amount of $ __45__, at the rate of $ __5 00__
          per month.

     8.   _____ in the amount of $_____, at the rate of $_____ per month.

     9.   _____ in the amount of $_____, at the rate of $_____ per month.

The first payments on the above to be made on the 15th of __April__, 19 _96_, and like payments on
the 15th day of each month thereafter until full payments are made. (Unless otherwise specified).

VOL. _56_ PAGE _328A_

Exhibit 79 - 000035

057436109

**Conditions of Community Supervision**                                                                                              Page 2

m.  If supervision is transferred to another jurisdiction, continue to report to Tarrant County by mail each month, and comply with the rules and regulations of the receiving jurisdiction. Pay fees to Tarrant County unless waived by the Court.

n.  (X) Complete __110__ hours of Community Service Restitution at the rate of no less than __5__ hours per month as scheduled by the Supervision Officer or Court, to be completed at an agency approved by the District Judges of Tarrant County.

o.  (X) Submit to urine testing for controlled substances and cannabinoids at the direction of the Supervision Officer and pay for urine testing as required.

p.  (X) Complete education programs as directed by the Supervision Officer. Obtain GED

q.  ( ) Observe a curfew as directed by the Supervision Officer or the Court.

r.  (X) Do not contact __W/ I.P. or any member of family__

s.  (X) Supplement(s) / Amendment(s) as attached.    Submit your person, place of residence, or any vehicle under your control, to search, at any time, day or night, upon request of any peace officer, with or without a warrant.

You are advised that under the laws of this State, the Court has determined and imposed the above terms and conditions of your Community Supervision, and may at any time during the period of Community Supervision alter or modify them. The Court also has the authority, at any time during the period of Community Supervision, to Revoke your Community Supervision for any violation of the conditions of your Community Supervision set out above.

_____
Judge / ~~Magistrate~~

This day, a copy of the conditions of Community Supervision was handed to me by the Clerk of this Court.

_____                          _____
Witness: Supervision Officer                                 Probationer

_____
Witness: District Clerk



DC-105-CR
REV. 12-95

VOL. _56_ PAGE _328B_

Exhibit 79 - 000036

DATE: 3-11-96

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN 213-th DISTRICT |
| VS. NO. 0573 436 1D | )( | COURT NO. _____ OF |
| Julius O. Robinson | )( | TARRANT COUNTY, TEXAS |

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

The defendant is ordered to participate fully in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the Court:

1. Submit to Electronic Monitoring/Home Confinement for a period of _____ days to begin upon completion of equipment installation.

   ☐ Breath Alcohol Testing                    ☐ Visitel
   ☐ Continuous Radio Frequency Monitoring     ☐ Intruder Detection
                                               ☐ _____

2. Submit to testing for Controlled Substances/Cannabinoids, Alcohol as directed by the Supervision Officer or the Court.

③. Submit to screening, assessment, evaluation and/or testing for _Substance Abuse_ as directed by the Supervision Officer or Court.

4. Attend and complete education, counseling and/or treatment for the following as directed by the Supervision Officer or Court:

   _____    _____
   _____    _____
   _____    _____

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 11 1996

Time _9:45A~_
By _Ric_ Deputy

5. Attend and complete Education Programs as directed by the Supervision Officer.

6. Attend and complete the state certified Texas Drug Offender Education Program.

7. Attend and complete the state certified Texas DWI Repeat Offender Program.

8. Do not operate any vehicle without an Ignition Interlock Device. Do not tamper with, attempt to bypass or allow any other person to activate the device.

9. Enter, reside and remain at the Restitution Center until released by the Court.

10. Enter, reside and remain at the Court Residential Center until released by the Court.

11. Enter, reside and remain at the Substance Abuse Treatment Facility until released by the Court.

12. Enter, reside and remain at the Shock Incarceration Facility (Boot Camp) until released by the Court.

13. Comply with the rules of Surveillance Probation.

14. Attend Victim-Defendant Mediation.

15. Confinement in the Tarrant County Jail, _____ days, beginning _____.

16. Confinement in a state jail facility for _____ days, to begin no later than 10 days from the date of this order.

17. Extension of Community Supervision Period of _____, beginning _____.

18. Abstain from the use of alcohol.

19. Observe a curfew as directed by the Supervision Officer or the Court.

20. Do not contact _____ in any manner.

21. _____

_____
Judge / Magistrate

This day, a copy of the above Supplement/Amendment to Conditions of Community Supervision was handed to me by the Clerk of this Court/Supervision Officer.

_____          _____
Witness: Supervision Officer     Probationer

_____   VOL. 56 PAGE 339A
Witness: Court Clerk

DC-105A CR    GPC-1701    REV. 12-95

Exhibit 79 - 000037

COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
Tarrant County Criminal Justice Building
200 West Belknap Street
Fort Worth, Texas 76196-0255
817/884-1600

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 11 1996

Time _____ 9:45 AM

By _____ Br

Deputy

AGREEMENT TO RETURN

WAIVER OF EXTRADITION

THE STATE OF TEXAS

VS. NO. ___057436 1___          ___213th District___  COURT ____

___Julius O. Robinson___          TARRANT COUNTY, TEXAS

I, Julius O Robinson                    , in consideration of being granted
probation by the Texas authorities, hereby agree:

1. That I will comply with the conditions of probation in the cause shown above;

2. That I will remain within the limits of Tarrant County, Texas, unless given permission by the Adult Probation Officer of Tarrant County to leave therefrom;

3. That, should I be given permission to travel outside the State of Texas, I will, when duly instructed by the Texas authorities, return at any time to the State of Texas;

4. That my failure to comply with the above will be deemed to be a violation of the terms and conditions of probation for which I may be returned to the State of Texas;

5. That I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found, and also agree that I will not contest any effort by any jurisdiction to return me to the State of Texas.

Signed: ___Julius Robinson___

Dated: ___3-11-96___

Witness: _____

CSC-113   Rev. 11-91
GPC-1223

Exhibit 79 - 000038

REC BOND #                          0574361

213 DISTRICT COURT

THE STATE OF TEXAS
COUNTY OF TARRANT

JAN 26

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
JULIUS O ROBINSON
                                    and him safely

keep, so that you have him before the Honorable
213 DISTRICT COURT
                                    , in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by indictment of
ATTEMPT MURDER

XXXXXXXXXXX
a misdemeanor felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas

this    19TH        JANUARY    96
        day of          , 19    .
        THOMAS A. WILDER

CLERK DISTRICT COURT

TARRANT COUNTY, TEXAS

By                         Deputy

ORM D. C. 265-C R

---

BoFO        ALIAS        NIC

        0574361D
No.                      213

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
JULIUS VS. ROBINSON
1413 N COOPER            A
ARLINGTON        TX 080876 B M
            19TH
Issued the        day of
JANUARY    19    96

Recall 01-24-96
Came to hand on the 19th
day of January, 1996
and executed on the 24th
day of January
        A. D. 1996
by Placing in jail

Sheriff David Williams
Tarrant    County,    Texas .

By J. Crowder 1657, Deputy.

Arrest . . . . . . . . $
Mileage . . . . . . . . .
Miscellaneous . . .
JAN 2 2 1996
Total . . . . . . . . .
82

Exhibit 79 - 000039

CERTIFICATE OF PROCEEDINGS

CASE: [illegible]     DATE: 1/24/96     DOCKET: [illegible]     DID: [illegible]

DEFENDANT: ROBINSON JULIUS [illegible]                          WARRANT:
MOORE:                                          INDICTED:          DATE: 07/14/95

COURT: 202ND          HEARD: _____     TRANSFER COURT: _____

FROM: _____ DATE ___ COUNTY: _____

CHARGE OFFENSE: 1950/09 ATTEMPT MURDER          DATE: 07/17/95  LBR DATE: ___

DISTRIBUTION OFFENSE: _____

PLEA: _____          BOND TYPE: _____     FINE: _____

DISP: _____          ST. TIME: _____     CT COST: _____

SENTENCE: _____      EVENT: _____        NORC: _____

ACTION: BREI _____                             OLD: _____

PROB [illegible]: _____  AMOUNT: _____   FATOL: _____

                            FORFEIT: _____

INST VERD: _____      STATUS [illegible]: _____

PROCEEDINGS: *Bond reinstated with surety approval / BF NC WRNT recalled / cond. to remain same approval:*

JUDGE/MAGISTRATE: *J. W. [illegible]*          CLERK: *Patricia Cline*

*Robert Hill*

Exhibit 79 - 000040

CERTIFICATE OF PROCEEDINGS

CASE: 0574361    DATE: 1/19/96    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS O                                       WARRANT:
MICRO:     ROBINSON,JULIUS O        INDICTED: Y        DATE: 03/14/95

COURT: D213            HEARD: _____    TRANSFER COURT: _____

CHOV: ___/___/___  I/O: ___ COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER        DATE: 02/07/95  LSR INC: ___

DISPOSITION OFFENSE: _____ _____

PLEA:        _____    BOND TYPE: _____   FINE:     _____

DISP:    _____ ___/___/___   STATUS:  _____  CT COST: _____

SENTENCE: _____ ___/___/___   EVENT:  _____  MISC:  _____

ACTION: BoFO ___/___/___                              DUE:   ___/___/___

PROB (MOS): _____ ___/___/___   AMOUNT: _____  PAID: _____

                              FORFEIT: ___/___/___

INST VERD: _____            BONDSMAN: _____ _____

PROCEEDINGS: _____

Bond Forfeited; Warrant Issued;
Bond Reset at $20,000 w/ Same previous conditions
1, 4 3 -B, 3-c, 3-e no possession or ownership of firearms
& no contact with Sara Tucker    Release to Prob Officer

JUDGE/: _____        CLERK: _____
MAGISTRATE

Missed
Court on 1-8-96

Exhibit 79 - 000041

NO. 0574361D

| THE STATE OF TEXAS | () | IN THE 213TH JUDICIAL |
| VS. | () | DISTRICT COURT OF |
| *Julius Robinson* | () | TARRANT COUNTY, TEXAS |

## APPLICATION FOR CONTINUANCE

TO SAID HONORABLE COURT:

NOW COMES the Defendant in the above entitled and numbered cause and files this his/her _____ 1st _____ application for continuance. In support thereof, the Defendant would show the Court as follows:
(Check applicable cause).

_____ 1. That a witness necessary to the Defendant's case is not available at this time.

_____ 2. The attorney for the Defendant cannot be in attendance at this setting.

_____ 3. Defendant needs additional time to properly prepare for trial.

_____ 4. (Other) _____

_____

WHEREFORE, the Defendant moves the Court to continue this cause.

X _Julius Robinson_
DEFENDANT

_Michael Guyer_
ATTORNEY FOR DEFENDANT

GRANTED ___ X ___

DENIED _____

DATE _5/22/95_

_M.G._
ROBERT K. GILL, JUDGE
213TH JUDICIAL DISTRICT COURT

FILED Thomas A. Wilder
THOMAS A. Tarrant County, Texas
correcting clerical error
MAY 1 6 1995 may 22, 1995
Time 12:10 PM
By _____ Deputy

Exhibit 79 - 000042

DC-63A   GPC-1831   REV. 12-94                CASE NO. _____ 0574361 _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE _____ 213TH _____ DISTRICT |
| VS. | § | COURT _____ |
| JULIUS O. ROBINSON _____ | § | TARRANT COUNTY, TEXAS |

### REQUEST FOR COUNSEL

On this __27TH__ day of __FEBRUARY__, 19__95__ have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the Court to appoint counsel for me.

### OATH

I, __JULIUS O. ROBINSON_____ being presently incarcerated in Tarrant County Jail in Tarrant County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed this __27TH__ day of __FEBRUARY__, 19__95__.

_____
DEFENDANT

### ORDER APPOINTING COUNSEL

The Court determines this defendant is indigent.

It is therefore ORDERED, ADJUDGED AND DECREED that _____ a practicing attorney of this Court, is appointed to defend said defendant.

Signed this __27TH__ day of __FEBRUARY__, 19__95__.

_____
JUDGE/MAGISTRATE

Date __FEBRUARY 27, 1995__

_Steve Stansar_
_One Sandy Cte #821_
_Ft Worth, Tx 76102_

Please be advised that you have been appointed to represent the above defendant, who is charged with the offense of __ATT MURDER__ and is now confined in the Tarrant County Jail, Fort Worth, Texas.

You will be notified by the Court of the Setting date.

**THOMAS A. WILDER, DISTRICT CLERK**

__BRIGGITTE WILSON__
Deputy District Clerk

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 27 1995

Time __2:00__
By _____ BU _____ Deputy

TO: JIMMY C. CAUSEY, AUDITOR, TARRANT COUNTY, TEXAS

This is to certify that the above attorney has appeared in this Court a total of _____ - | - _____ day(s) in representing the above named defendant in the above styled and numbered cause(s).

$ _100_

Date __5-10-95__

_____
JUDGE, __213TH__ DISTRICT.
COURT _____

Exhibit 79 - 000043

B-100 - GENERAL PURPOSE BOND

# The State of Texas

**COUNTY OF** ........

085690

TARRANT COUNTY

'95 MAY -3 P3:49

JAIL RELEASE   JAIL RELEASE

THOMAS A. WILDER
DISTRICT CLERK   '95 MAY -1 P9:51   '95 MAY -1 P9:20

| | | |
|---|---|---|
| Name: ROBINSON, JULIUS O | Race: | Near. Rel: |
| | Sex: | Address: |
| Addr: | Height: | CSZ: |
| CSZ: | Weight: | Emp. Name: |
| Tel. #: | Eyes: | Emp. Address: |
| D.L. #:        State: | Hair: | CSZ: |
| DOB:        Place of Birth: | | Emp. Tel: |

| Case No. | Bond No. | Date Executed | Bond Amt. | Charging Instrument | Warrant No. | Arresting No. | CID |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Principal

Offense Charged

Surety Name / Address

Court of Jurisdiction

**KNOW ALL MEN BY THESE PRESENTS:**

That we, the above named and undersigned principal and sureties, in our respective capacities, are held and firmly bound unto the State of Texas in the penal sum of the above shown amount of bond, in addition to costs of Court, post judgment interest, and interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by peace officers in rearresting the principal in the event the conditions of this bond are violated, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such that whereas the above named principal is being held in due course of law for the above shown offense and appeared in the above shown court, said principal was ordered and required as shown above, to give bail in the above amount for his/her personal appearance before the above named court. Said principal acknowledges and understands that at the time of the making of this bond, that charges have        been filed either by affidavit, information, complaint, or indictment, and said principal further understands and acknowledges that such charges if not filed may be filed at a later date. Said principal and said surety agree and hereby contract that they acknowledge the validity of this bond, charges being filed as outlined herein and said principal and surety hereby covenant and agree that they will not contest the enforceability of this bond on the grounds of charges not being filed in a court of jurisdiction provided that said formal charges are later filed in a court of jurisdiction. Now if the principal shall well and truly make personal appearance instanter before the court shown above of the above named County at the above shown location at the present term of said court if now in session, or at its next regular term if now in vacation and truly make personal appearance before any other court in which the same may be filed or transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due process of law, then and there to answer said accusation against said principal, this obligation shall become void, otherwise to remain in full force and effect.

**CONDITIONS OF THE BOND:** IF YOU ARE CHARGED WITH A FELONY, THEN A CONDITION OF THIS BOND SHALL BE THAT THE PERSON ACCUSED SHALL RETAIN COUNSEL WITHIN THREE DAYS OF HIS/HER RELEASE. YOU ARE ORDERED TO APPEAR WITH YOUR ATTORNEY ON THE 10TH BUSINESS DAY FROM THE DATE OF THIS BOND, BEING 05/15/1995 AT 10 AM IN THE MAGISTRATE'S HEARING ROOM FOR TARRANT COUNTY, TEXAS ('B' LEVEL, 401 W. BELKNAP) ** A PERSON APPEARING FOR ANY COURT SETTING WITHOUT COUNSEL MAY BE FOUND TO HAVE VIOLATED A CONDITION OF BOND AND MAY BE ARRESTED AND PLACED IN JAIL AND HIS BOND FORFEITED **(THE GOLD COPY OF THIS BOND IS RECEIVED BY THE INMATE/PRINCIPAL).        >> PRINCIPAL /s/ Julius O Robinson

BOND REDUCED WITH CONDITIONS:  #1, #3-B, #3-C ONCE A MONTH AND PAY FOR TESTS, 3-E no POSSESSION OR OWNERSHIP OF FIREARMS AND NO CONTACT W/ SARA TUCKER.  RELEASE TO PROBATION OFFICER ONLY.
ATTY: RONALD AULTMAN

**PERSONAL BOND:**

I swear that I will appear before _____ at _____ Texas,

on the ____ day of ____ at the hour of ____, or upon notice by the court, or to pay to the Court the principal sum of _____ plus all necessary and reasonable expenses incurred in any arrest for failure to appear.

**AFFIDAVIT OF SUFFICIENCY OF SURETY:**

I do swear that I am worth, in my own right, at least the sum of /35,953.00 _____, after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in Tarrant _____ County, and have property in this State liable to execution worth said amount or more.

Surety: /s/ _____

Principal: X /s/ Julius O. Robinson

Witness: /s/ _____

Stephanie Calahan
Notary Public State of Texas
My Commission Expires
10-14-95

Sworn to and subscribed before me this 20 day of April 95

/s/ Stephanie Calahan
Notary

Approved Magistrate

| Taken and Approved this ____ day of ____ | I certify the surety named herein has collateral in the amount indicated and, if submitted for approval, I would accept same. | LEFT INDEX | RIGHT INDEX |
|---|---|---|---|
| Sherriff: _____ | | | |
| County: _____ Texas | | Sheriff County, Texas | |
| By _____, Deputy | By _____, Deputy | | |

Exhibit 79 - 000044

CERTIFICATE OF PROCEEDINGS

ACTION:  BDUP

PROCEEDINGS: Bond reduced to $10,000.⁰⁰ w/ conditions: # 1, #3-B

3-C. once a month & pay for tests  3-e No possession o/
ownership of firearms' and No CONTACT with Sara Tucker
atty: Ronald aultman        Release to Prob officer only

JUDGE: Robert Hill    CLERK: Rebecca McDant

copy to Prob Dept

✓ fm

Exhibit 79 - 000045

## CONDITIONS OF BOND

☐ Probationer
☑ Non-Probationer

STATE OF TEXAS vs. _Julius O. Robinson_    DATE: _4-24-95_

CAUSE NO.: _0574361A_

CASE: _0574361_

CID: _0424050_

COURT: _213th District Court_

If on probation, it is the order of the court that you shall continue to comply with existing conditions of your probation and/or any additional conditions of bond.

☑ It is the order of the Court that you shall comply with the following terms and conditions of Bond.

☑ 1. Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas a supervisory fee of $40.00 per month up to a maximum of 12 months.

☐ 2. Report to the Community Supervision and Corrections Department of Tarrant County, Texas immediately following this hearing and as scheduled by the court. _____

☑ 3. Fully participate in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the court:

☐ a. Electronic monitoring/Home Confinement Programs.

☑ b. Abstain from the illegal use of controlled substances and cannabinoids or excessive consumption of alcoholic beverages.

☑ c. Testing for controlled substances and cannabinoids; _once a month & pay for tests_

☐ d. Participation in the Tarrant County Pretrial Supervision Drug Testing and Treatment Referral Program (TAIP).

☑ e. _No possession or ownership of firearms_
   _No contact with Sara Tucker_

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

APR 24 1995

Time _5:10 PM_

By _Pw_ Deputy

_____
Judge

Exhibit 79 - 000046

THE STATE OF TEXAS

WRIT, 0574361D

Writ to Serve Indictment

D213

COUNTY

To Any Peace Officer of the State of Texas – GREETINGS:

YOU ARE HEREBY COMMANDED to immediately deliver to

JULIUS O ROBINSON

'95  MAR 20  8:45

WILDER
RK

the defendant, in person, in the case of the STATE OF TEXAS vs.

JULIUS O ROBINSON                No.    0574361D

pending in the Criminal District Courts of Tarrant County,

the accompanying certified copy of Indictment in said cause.

HEREIN FAIL NOT, and make due return hereof FORTHWITH.

WITNESS my signature and official seal on this the

14TH    day of    MARCH    A.D. 19 95

THOMAS A. WILDER Clerk, District Courts, Tarrant County, Texas

By _____ , Deputy

OFFICER'S RETURN:

Came to hand the same day issued and executed by me

on the ___16th___ day of ___MARCH___ 19 _95_, by delivering to

_Julius Robinson_____ the within named

Defendant in person, the within named certified copy of indictment in said cause.

Returned on this the ___16th___ day of _March_ 19 _95_ .

_DAVID WILLIAMS_ , Sheriff

By _Ennis Eakin_ , Deputy

Form D.C. 141A

Exhibit 79 - 000047

D213

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

To: THomas P. HugHes
   Tarrant County District ClerK
   401 West BelKNAp
   Ft. Worth, Tx 76/02-2004

MAR 14 1995

Time _____
By _____ Deputy

From: Julius Robinson

0574360 D
(Attempt) Murder)

Dear Sir,

I'm writing you to tell you that I'm 18 yrs old and that I go to Lamar High school in Abbington, Tx. I'm in the 12th grade and trying to get out of school. I work at Venture in Arlington and also go to nightschool. And I hope you will give me my Bond reduction for that I may have a chance to get out of high school and continue my career. And I thank you for giving your time to hear me out.

THank you
Julius Robinson

Exhibit 79 - 000048

Signed *Julius Robinson*
3-11-95

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 4 1995

Time _____
By _____ Deputy

SUBSCRIBED AND SWORN TO before me this the _11_ day of _____, 19__ at _____ Ft. Worth, Texas.

Notary Public
STATE OF TEXAS
My Comm. Exp. 07/28/97

Notary Public in and for Texas County, Texas

Add an Order. See §1.11.

## § 4.09   Habeas Corpus Application for Relief from Excessive Bond

Where a person has been committed for failing to post bail in the amount set, he is entitled to the writ of habeas corpus if it is stated in his petition that the bail required is excessive. If the proof at hearing on the writ sustains the petition, the party is entitled to discharge or to have bail reduced. See Article 11.24 C.C.P. Remember for purposes of appeal that if the court reduces bond, the petitioner must show that he made an unsuccessful effort to furnish bail in the reduced amount. See *Ex Parte Garcia*, 491 S.W.2d 669 (Tex.Crim. App. 1973).

In felonies prior to indictment this application can be made to any district court. If the application is filed, the writ is returnable to any county in the state. After indictment on a felony charge and pending trial, the petitioner should apply to the judge of the court in which he is indicted or to the nearest district judge. See Article 11.08 C.C.P. The writ in such instances must be returned in the county where the offense is alleged to have occurred. See Article 11.07 C.C.P. If the petitioner is confined on a misdemeanor, he should first apply for relief to the county judge or a judge of a county court at law. See *Ex Parte Phelper*, 433 S.W.2d 897 (Tex. Crim.App. 1968).

If bail is reduced by the court at the hearing on the writ, before the petitioner can complain about the newly fixed amount on appeal, he has to demonstrate a failing effort to raise bail in that amount. See *Ex Parte Stembridge*, 472 S.W.2d 155 (Tex.Crim.App. 1971).

[Caption—See § 1.04]

### APPLICATION FOR WRIT OF HABEAS CORPUS

To The Honorable Judge Of Said Court:

COMES NOW *Julius Robinson*, Petitioner in the above entitled and numbered cause and presents this his petition for habeas corpus for the purpose of obtaining discharge from custody or, in the alternative, the reduction of the bond presently set, the failure to enter which serves as the reason for the present custody of the Petitioner. In support of this petition, the applicant-Petitioner swears to the Court as follows:

Exhibit 79 - 000049

92          *CRIMINAL DEFENSE SOURCEBOOK*          Ch. 4

### I.
### *(Illegal restraint)*

The Petitioner is illegally restrained and confined at the Ft Worth County Jail of Tarrant County, Texas by the Respondent, Sheriff David Williams.

### II.
### *(Nature of confinement)*

Petitioner's confinement is by virtue of his arrest on a complaint (or information or indictment) number 0574361 pending in the District Court of Tarrant County, Texas. A copy of said charge, together with the process issued thereon, is attached hereto. (Or: A copy of said instrument is not attached hereto because the Petitioner was unable to secure such.)

### III.
### *(Failure to make bond)*

The Petitioner was committed to custody for failing to enter into bond on said charge as set by ___NA___ in the amount of $500,000.00 and currently instated. A copy of the order setting bond in such amount is attached hereto. (Or: A copy of which is not attached hereto because it could not be obtained.)

### IV.
### *(Effort to make bond)*

The bail required of Petitioner is excessive.* Petitioner has made a genuine effort (add if applicable: both individually and through his family and friends) to post bond in the amount of $600,000.00 instated, but has been unsuccessful in raising the money necessary to pay the professional bondsman fee for the posting of bond in the amount of $10,000.00.

### V.
### *(Amount of bond which could be made)*

Petitioner is indigent (or a man of small wealth), but does have faithful friends and family who could adequately secure a surety bond in the amount of $25,000.00.

---

* Note that Article 11.24 C.C.P. requires that the petition state that the bail required is excessive or that there was no sufficient cause for requiring bail.

Exhibit 79 - 000050



USA 32

Thomas P. Hughes
Tarrant County District Clerk
401 West Belknap
Ft. Worth, Tx 76102-2004

Julius Robinson #0424050
100 N. Lamar, #02
FT. Worth, Tx 76102

Exhibit 79 - 000051

NO. 057438/

THE STATE OF TEXAS        X       IN THE 317 JUDICIAL

VS.                    X       DISTRICT COURT

Julius D. Robinson      X       TARRANT COUNTY, TEXAS

## STATE'S ANNOUNCEMENT OF READY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas in the above styled and numbered cause and announces to the Court that the State is ready for trial in this case.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

By: _____
     Assistant Criminal
     District Attorney

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 4 1995

Time 10:15
By _____ Deputy

Exhibit 79 - 000052

| | |
|---|---|
| **NAME** JULIUS O ROBINSON | **OFFENSE** ATTEMPT MURDER |
| **ADDRESS** 91715 D COOPER   APT 6 | **DATE** 02 07 95 |
| ARLINGTON   TX | **I.P.** SARA TUCKER |
| **RACE** B **SEX** M **AGE** 18 **DOB** 00-00-76 | **C.C.** |
| **CASE NO.** 0574561 **FILED: (DATE)** 02-09-95 PC HAS BEEN DETERMINED | **AGENCY** ARLINGTON PD |
| **TRANSFER:** 342850 **COURT**      **DATE** | **OFFENSE NO.** 950018762   **COURT** 0-13 |

COMPLAINT NO. _____

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Tarrant County, Texas, this day personally appeared the undersigned affiant, who upon his oath says that he has good reason to believe and does believe that in the County of Tarrant and State of Texas ************

JULIUS O ROBINSON          hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the  7TH day of FEBRUARY 19 95 , did THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF MURDER OF SARA TUCKER, DO AN ACT, TO WIT  SHOOT AT HER WITH A FIREARM, AND SAID ACT AMOUNTED TO MORE THAN MERE PREPARATION THAT TENDED BUT FAILED TO EFFECT THE COMMISSION OF SAID MURDER,

COUNT TWO   AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 7TH DAY OF FEBRUARY, 1995, DID THEN AND THERE KNOWINGLY DISCHARGE A FIREARM AT OR IN THE DIRECTION OF SARA TUCKER,

**Filed (Clerk's use only)**

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB - 9 1995

Time_____
By_____Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on this the ____ day of FEB 19 95

_____
Affiant
**COMPLAINT**

_____
Assistant District Attorney of
Tarrant County, Texas

Exhibit 79 - 000053