IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


JULIUS OMAR ROBINSON (2),        §
        Petitioner,              §
VS.                              § CIVIL ACTION NO. 4:00-CR-260-Y
                                 §
UNITED STATES OF AMERICA,        §   <u>DEATH-PENALTY CASE</u>
        Plaintiff-Respondent.    §


**ORDER GRANTING IN PART PETITIONER'S MOTION TO FILE**
**<u>FIRST AMENDMENT TO HIS PETITION FOR WRIT OF HABEAS CORPUS</u>**


Pending before the Court is Petitioner's Amended Motion for Leave to Amend Motion to Vacate Conviction and Sentence and For New Trial (Doc. 2422), which was filed with the Court on July 2, 2007. Petitioner requests, in part, that he be allowed to file this amendment to add documentary evidence and corresponding argument relating back to his original petition.  Additionally, Petitioner seeks to add a new seventh ground to his original petition based on two recent cases handed down by the Supreme Court, *United States v. Gonzalez-Lopez*, 126 S.Ct 2557 (2006) and *United States v. Resendiz-Ponce*, 127 S.Ct 782 (2007).  (*Id.* at 15-17).  Finally, Petitioner seeks to amend his entire petition stylistically and structurally. (*Id.* at 2, fn. 1).

The original petition in this case was filed on November 29, 2005, over a year and a half prior to the filing of the first motion to amend, and was comprised of over 113 pages, not including

exhibits. (Doc. 2279).  The government filed its 91-page response to the original petition on April 28, 2006.  (Doc. 2365).

The government does not oppose Petitioner's request to amend his Petition to include additional alleged factual support or argument relating back to his original claims filed in November 2005.  (*Id.* at 2).  The government does, however, oppose Petitioner's request to add a new seventh ground and further objects to the numerous stylistic and structural changes proposed by Petitioner. (*Id.* at 1-2).

The Court will first address Petitioner's request to amend his petition to add a new seventh ground.  Petitioner previously claimed, both at his trial on the merits before this Court and on direct appeal before the Court of Appeals for the Fifth Circuit, that the government's failure to submit the death penalty aggravating factors to the grand jury violated the Indictment Clause of the Fifth Amendment.  (Doc. 2422, Motion for Leave at 15).  On appeal, the Fifth Circuit held that "the failure to charge those factors in an indictment did not contribute to Robinson's conviction or death sentence" and found that the error was harmless.  *United States v. Robinson*, 367 F.3d 278, 289 (5th Cir. (Tex.) 2004).  It is well-established that a petitioner may not raise an issue in his motion to vacate that has already been decided adversely to him on direct appeal.  *See, e.g., United*

-2-

*States v. Hoenig*, 2006 WL 2993262, *1 (N.D. Tex. Oct. 18, 2006) (citing *Ordonez v. United States,* 588 F.2d 448 at 448-49 (5th Cir. 1979)).

Petitioner claims, however, that two recent United States Supreme Court decisions "cast serious doubt on the viability of the Fifth Circuit's decision."  (Doc. 2422, Motion for Leave at 15). In the first case cited by Petitioner, *Gonzalez-Lopez*, the Supreme Court held that the trial court's erroneous deprivation of a Defendant's right to counsel qualified as a structural error not subject to a review for harmlessness.  *Id.* at 2563-2564. Petitioner's reliance on *Gonzalez-Lopez* is misplaced, however, as the case did not pertain to any type of indictment error.

In the second case, *Resendiz-Ponce*, the Supreme Court granted certiorari to consider whether the omission of an element of a criminal offense--specifically omission of an overt act from an indictment charging attempted illegal reentry--can constitute harmless error.  *Id.* at 785.  Finding that the indictment was not in fact defective, the Court never reached the harmless-error issue.  *Id.* at 785-86.

Finally, even if the cases relied upon by Petitioner were on point, because they speak to procedural error they would not become retroactively applicable to cases that, like Petitioner's, became final on direct review before the decisions were announced. *See,*

-3-

*e.g.*, *Schriro v. Summerlin*, 542 U.S. 348, 355 (2004).  Petitioner has not addressed this issue in his motion to amend and, for the reasons set forth, Petitioner's motion to amend his Petition to add a new seventh ground is DENIED.

As for the remainder of Petitioner's proposed amendments to his claim, the Court notes that the proposed changes are both substantive, including new evidentiary support and argument, and stylistic.  As mentioned previously, the government opposes Petitioner's proposed "stylistic and structural" changes to the petition as a whole, stating that such changes would "impose an undue hardship on the government in terms of the efforts that would become necessary to respond to the amended petition as a unified document."  (Doc.  2365, Response at 3).  The Court agrees.

The Court recognizes that Petitioner's petition for writ of habeas corpus is his sole opportunity to raise all constitutional challenges to his conviction and sentence.  Therefore, Petitioner's motion to file an amended petition is GRANTED in part but DENIED in part. Petitioner's request to amend his Petition to include a new seventh claim is DENIED.  As for the remainder of Petitioner's proposed amendment, the Court orders Petitioner to segregate his new material (with the exception of Ground Seven) and file it as a supplement to his original petition with the new exhibits attached, within ten (10) days of this Order.  The Government is directed to

file a response to Petitioner's supplementary material within thirty (30) days of Petitioner's filing.

SIGNED January 7, 2008.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE