Case: 4:00-cr-260

Javier Guadalupe Aguilar
BOP No 97573-079
FCI Sheridan
PO Box 5000
Sheridan, OR 97378

--------------------------------------------------------------

You could have received this notice by email within minutes
of when it was filed. For more information and to obtain a copy
of the Consent Form, please review the Electronic Notice System
section of the court's website at:

http://www.txnd.uscourts.gov/pdf/ens_consent.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON (2), | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:00-CR-260-Y |
| | § | |
| UNITED STATES OF AMERICA, | § | DEATH-PENALTY CASE |
| Plaintiff-Respondent. | § | |

**ORDER GRANTING IN PART PETITIONER'S MOTION TO FILE
FIRST AMENDMENT TO HIS PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Amended Motion for Leave to Amend Motion to Vacate Conviction and Sentence and For New Trial (Doc. 2422), which was filed with the Court on July 2, 2007. Petitioner requests, in part, that he be allowed to file this amendment to add documentary evidence and corresponding argument relating back to his original petition. Additionally, Petitioner seeks to add a new seventh ground to his original petition based on two recent cases handed down by the Supreme Court, *United States v. Gonzalez-Lopez*, 126 S.Ct 2557 (2006) and *United States v. Resendiz-Ponce*, 127 S.Ct 782 (2007). (*Id.* at 15-17). Finally, Petitioner seeks to amend his entire petition stylistically and structurally. (*Id.* at 2, fn. 1).

The original petition in this case was filed on November 29, 2005, over a year and a half prior to the filing of the first motion to amend, and was comprised of over 113 pages, not including

exhibits. (Doc. 2279). The government filed its 91-page response to the original petition on April 28, 2006. (Doc. 2365).

The government does not oppose Petitioner's request to amend his Petition to include additional alleged factual support or argument relating back to his original claims filed in November 2005. (*Id.* at 2). The government does, however, oppose Petitioner's request to add a new seventh ground and further objects to the numerous stylistic and structural changes proposed by Petitioner. (*Id.* at 1-2).

The Court will first address Petitioner's request to amend his petition to add a new seventh ground. Petitioner previously claimed, both at his trial on the merits before this Court and on direct appeal before the Court of Appeals for the Fifth Circuit, that the government's failure to submit the death penalty aggravating factors to the grand jury violated the Indictment Clause of the Fifth Amendment. (Doc. 2422, Motion for Leave at 15). On appeal, the Fifth Circuit held that "the failure to charge those factors in an indictment did not contribute to Robinson's conviction or death sentence" and found that the error was harmless. *United States v. Robinson*, 367 F.3d 278, 289 (5th Cir. (Tex.) 2004). It is well-established that a petitioner may not raise an issue in his motion to vacate that has already been decided adversely to him on direct appeal. *See, e.g., United*

-2-

*States v. Hoenig*, 2006 WL 2993262, *1 (N.D. Tex. Oct. 18, 2006) (citing *Ordonez v. United States*, 588 F.2d 448 at 448-49 (5th Cir. 1979)).

Petitioner claims, however, that two recent United States Supreme Court decisions "cast serious doubt on the viability of the Fifth Circuit's decision." (Doc. 2422, Motion for Leave at 15). In the first case cited by Petitioner, *Gonzalez-Lopez*, the Supreme Court held that the trial court's erroneous deprivation of a Defendant's right to counsel qualified as a structural error not subject to a review for harmlessness. *Id.* at 2563-2564. Petitioner's reliance on *Gonzalez-Lopez* is misplaced, however, as the case did not pertain to any type of indictment error.

In the second case, *Resendiz-Ponce*, the Supreme Court granted certiorari to consider whether the omission of an element of a criminal offense--specifically omission of an overt act from an indictment charging attempted illegal reentry--can constitute harmless error. *Id.* at 785. Finding that the indictment was not in fact defective, the Court never reached the harmless-error issue. *Id.* at 785-86.

Finally, even if the cases relied upon by Petitioner were on point, because they speak to procedural error they would not become retroactively applicable to cases that, like Petitioner's, became final on direct review before the decisions were announced. *See,*

-3-

Case 4:00-cr-00260-Y   Document 2431   Filed 01/14/08   Page 5 of 5   PageID 8186

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**NORTHERN DISTRICT OF TEXAS**
**501 W. TENTH ST., RM. 310**
**FT. WORTH, TX 76102**

OFFICIAL BUSINESS

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2008 JAN 14  AM 11: 00

CLERK OF COURT

02 1M
0004225332
MAILED FROM ZIP CODE 76102

UNITED STATES POSTAGE
$ 00.58⁰
PITNEY BOWES
JAN 07 2008

Return to Sender
☒ Not At This Address
☐ Unknown
☐ Not Authorized
☐ Need Correct Name and Reg. No.

Javier Guadalupe Aguilar
BOP No 97573-079
FCI Sheridan
PO Box 5000
Sheridan, OR 97378

4:00 CR 260 Y

76102@3637

NIXIE     973   DE 1        00 01/12/08
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 76102363799      *2789-05034-12-10