Certified True Copy

THE STATE OF TEXAS          '

COUNTY OF TARRANT          '

I, Thomas A. Wilder, Clerk of the District Courts of Tarrant County, Texas, do hereby certify that the above and foregoing is a true and correct copy of all documents in Cause number 0574361D (52 pages).

In Cause Number 0574361D, THE STATE OF TEXAS vs. JULIUS O. ROBINSON as the same appears on the file and/or record in my said office.

WITNESS MY SIGNATURE and seal of the Court at office in the city of Fort Worth, Tarrant County, Texas, this date of January 25, 2007.

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

By _____
JUSTIN DAVIS, Deputy District Clerk

Exhibit 79 - 000001

Exhibit 79 - 000002

Case 4:00-cr-00260-Y    Document 2432-5    Filed 01/17/08    Page 2 of 67    PageID 8442



STATE OF TEXAS Vs.

ROBINSON, JULIUS O        213    8 M 18
05743610    D213                 3/08/76
ATTEMPT MURDER Y *Deadly Conduct*  2/07/95
CID# 0424050    CASE# 0574361
                                 /08/95

**CRIMINAL DOCKET**

DETAINER 2-15-2001

(CRIMINAL) DISTRICT COURT ___213___

TRANSFERRED TO _____

FEB = 9 1995    COMPLAINT FILED.  BOND SET AT $500,000

FEB 2 7 1995    *Gene Starron* appointed as counsel.

MAR 1 4 1995    INDICTMENT VOL. _null_ PAGE _34_

MAR 1 4 1995    State's Announcement of Ready Filed

√ 3-14-95    Pro-Se Habeas Corpus for Relief from Excessive
             Bail filed (copy to Def + Dist attys)

APR 1 7 1995    ANNOUNCEMENT DOCKET CALL

✓ 4-24-95    Bond reduced to $10,000 w/ conditions
             ANNOUNCEMENT DOCKET CALL

5-22-95    DEFENDANT'S APPLICATION FOR CONTINUANCE FILED + Granted

JUL 1 0 1995    ANNOUNCEMENT DOCKET CALL

SEP 1 8 1995    TRIAL DOCKET CALL

NOV - 6 1995    TRIAL DOCKET CALL

1-8-96    TRIAL DOCKET CALL

1-19-96    Bond Forfeited; Warrant Issued
          Bond Reset at $20,000 w/ conditions (Ex 1-24-96)

1-24-96    Bond reinstated with same conditions.
           Warrant recalled. Bond forfeiture set
           aside without cost.

DISPOSITION OF CASE:

1. 5 years Unadjudicated Probation
2. Administrative Closure per Court

Right Index Finger   3. _____
*thumb*              4. _____

State's Attorney _Peter Kern_

On Probation Revocation _____

Defendant's Attorney _Michael Gregory_

On Probation Revocation _____

Surety _John Gilmore; Jennifer D. Adams_

Appeals Attorney _____

MAR 1 1 1996    TRIAL DOCKET CALL

_~over_

**Thomas A. Wilder**
District Clerk
401 W. Belknap
Fort Worth, TX 76196-0402

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED



05743610

# CRIMINAL DOCKET

3-11-96 — Defendant waived arraignment. Waiver of jury signed by all parties in open Court and filed. Defendant, after being warned, entered plea of guilty to Deadly Conduct before the Court. After hearing the evidence, the Court found that the evidence substantiated the defendant's guilt. However, assessment of punishment is deferred under Article 42.12, Section 5a of punishment is deferred under Article 42.12, Section 5a. Defendant placed on probation for 5 years under terms and conditions that during the term of Probation the Defendant shall: Nos. (a) to (5) inclusive, regular term. Conditions of Probation served on Defendant in open Court. Plea bargaining agreement followed: Art. 26:12 Vol 56 Page 327 A+B No right of appeal, Art. 44.02

CONDITIONS OF COMMUNITY SUPERVISION RECORDED VOL 56 PAGE 338 A+B

SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION. DEFENDANT RECEIVED A COPY OF THE AMENDMENT. VOL 56 PAGE 339A

Presiding Judge, 213th District Court

MICROFILMED

6-23-98 — Petition to Proceed to Adjudication Filed. Alias Capias issued, upon the Order of the Judge of this Court. No Bond (ef 6-25-98)

6-25-98 — Bond set at $2,500

JUL 17 1998 — PROBATION REVOCATION DOCKET CALL.

AUG - 7 1998
SEP 4 1998 — PROBATION REVOCATION DOCKET CALL

9.4.98 — DEFENDANT PLEAD NOT TRUE TO PARAGRAPHS ONE & TWO; TESTIMONY; No FINDINGS; COURT IN RECESS UNTIL 9-11-98 @ 1:30; DEFENDANT ALLOWED TO REMAIN ON BOND

9-11-98 — Petition to Proceed to Adjudication Dismissed. Defendant's Probation Reinstated

6-23-00 — Motion for Early Release & Dismissal filed.
FEB 13 2001 — Second Petition to Proceed to Adjudication (et 1-15-01) filed. Alias Capias issued, upon the Order of the Judge of this Court. No Bond

7-25-02 — Second Petition to Proceed to Adjudication Dismissed, Warrant Recalled
Defendant's Probation Dismissed per Court
Administrative Closure

SMEAD 14 SP97847

Exhibit 79 - 000003

## CASE NO. 0574361D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 213TH DISTRICT |
| VS. | § | COURT OF |
| JULIUS O. ROBINSON | § | TARRANT COUNTY, TEXAS |

### UNADJUDICATED JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE AND SUSPENDING IMPOSITION OF SENTENCE

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. ROBERT K. GILL | Date of Judgment | : MARCH 11, 1996 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : PETER H. KEIM |
| Attorney for Defendant | : MICHAEL GREGORY | Charging Instrument: INDICTMENT | |

| Offense Date | Offense |
|---|---|
| FEBRUARY 7, 1995 | DEADLY CONDUCT - DISCHARGE FIREARM AT INDIVIDUAL |

| Degree | Count | Plea |
|---|---|---|
| 3RD | TWO | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |
| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |
| Punishment | : DEFERRED     Date to Commence : MARCH 11, 1996 |
| Probationary Term | : FIVE (5) YEARS |
| Fine Not Suspended | : NONE |

On this day, set forth above, this cause came for trial and came the State of Texas, by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by Defendant, the Defendant entered his plea as shown above thereto, and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, and the Defendant further having affirmatively stated awareness of the consequences of such plea and acknowledged to not having been misled or harmed by the admonishment of the Court, yet the Defendant persisted in entering such plea, said plea is by the Court received and now entered of record upon the minutes of the Court as the plea herein of said Defendant. The Court after receiving the plea shown and hearing the evidence, finds that it substantiates the Defendant's guilt and that further proceedings should be deferred without entering an adjudication of guilt and that Defendant should be placed on probation on reasonable terms and conditions as the Court may require.

The State of Texas do have and recover of the said Defendant all costs in this prosecution expended including any fine shown above for which let execution issue. And it is further ORDERED by the Court that the imposition of sentence of the judgment of conviction herein shall be suspended during the good behavior of the Defendant and that the Defendant be placed on probation during the period of time, fixed by the Court, under the conditions to be determined by the Court, as provided by law. However, when it is shown above that a fine applicable to the offense committed has been imposed by the Court and not suspended, then it is ORDERED that Defendant pay such fine and all costs in this prosecution expended and that Defendant be placed on probation during the period of time fixed by the Court, under the conditions to be determined by the Court, as provided by law.

IT IS THEREFORE CONSIDERED by the Court that the evidence substantiates the Defendant's guilt and that further proceedings should be Deferred without entering an adjudication of guilt, and that Defendant be placed on probation during the period of time prescribed by the Court on such reasonable terms and conditions as the Court may require in accordance with law.

Exhibit 79 - 000004

## ORDER SETTING CONDITIONS OF COMMUNITY SUPERVISION

On this day, above shown, in open court, the Defendant, the above-named attorney for Defendant, and the attorney for the State, appeared and the Court considered the terms and conditions of probation in accordance with the judgment of conviction heretofore entered herein; and the Court being of the opinion that such terms and conditions should be subject to the supervision of the Court through the duly appointed and acting Director of Community Supervision and Corrections Department of Tarrant County, Texas;

It is therefore ORDERED by the Court that the Defendant be, and is hereby placed on probation for the above named term beginning on the date of entry of judgment herein under the supervision of the Court, through the Director of Community Supervision and Corrections Department of Tarrant County, Texas, subject to the following terms and conditions set out in the attached Conditions of Community Supervision which is incorporated and made a part thereof.

CONDITIONS OF COMMUNITY SUPERVISION INCORPORATED AS A PART OF THIS JUDGMENT AND ATTACHED HERETO RECORDED IN VOLUME 56, PAGE(S) 328A & B

SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION RECORDED IN VOLUME 56, PAGE 329A

PRESIDING JUDGE

Date Signed        :  MARCH 15, 1996

Notice of Appeal        :  _____

Mandate Received        :  _____

VOLUME 56 PAGE 327B OF CASE NO. 0574361D

Exhibit 79 - 000005

Judicial District of Tarrant County, Texas
**COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT**      □ S J F
200 West Belknap, Fort Worth, Texas 76196-0255
Telephone: (817) 884-2450   Office Hours: 7:30 a.m. to 5:30 p.m. Monday - Friday

□   ADJUDICATED          **CONDITIONS OF COMMUNITY SUPERVISION**      ☒   DEFERRED ADJUDICATION
                                         **FILED**
                              THOMAS A. WILDER, DIST. CLERK
**THE STATE OF TEXAS**              TARRANT COUNTY, TEXAS        IN ___213^th___ DISTRICT

      VS. NO. 0574361D              **MAR 11 1996**            COURT NO. _____ OF

_Julius O. Robinson_          Time ___ ॥ _9:45 AM_        **TARRANT COUNTY, TEXAS**

In accordance with the authority conferred by the Community Supervision Law of the State of Texas, you have been placed on Community Supervision as an alternative to incarceration on this ___11th___ day of _March_, 19_96_, for the period of ___5___ years, having been sentenced for _____ years, for the offense of _Deadly Conduct_ by the Honorable _ROBERT GILL_, Judge/Magistrate in Criminal District Court No. _213_, Tarrant County, Texas.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING TERMS AND CONDITIONS OF COMMUNITY SUPERVISION:**

a.  Commit no offense against the laws of this State or of any other State or of the United States.

b.  Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids or excessive consumption of alcoholic beverages.

c.  Avoid persons and places of disreputable or harmful character.

d.  Report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, or as scheduled by the Court and/or Supervision Officer and obey all rules and regulations of the Department.

e.  Permit the Supervision Officer to visit you at your home or elsewhere at any time.

f.  Work faithfully at suitable employment as far as possible, furnish proof of employment to your Supervision Officer and, if unemployed, participate in the Community Supervision and Corrections Department's Jobs, Education and Training Skills (JETS) program, unless waived by the Court.

g.  Remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes you to leave.

h.  Support your dependents.

i.  Notify the Supervision Officer of Tarrant County, Texas, if your address or employment is changed within five days from the date of change.

j.  ~~Possess no firearms away from your residence.~~ No ~~ownership~~ _ownership_ or possession of any firearm.

k.  Supervision is conditioned on your agreement to execute a pre-signed waiver of extradition.

l.  Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas, the following:

   1.  COURT COSTS in the amount of $ _174⁵⁰_, at the rate of $ _10_ per month.

   2.  SUPERVISION FEE in the amount of $ _40_, each month during the period of supervision.

   3.  RESTITUTION in the amount of $ _502_, at the rate of $ _15_ per month.

   4.  FINE in the amount of $ _____, at the rate of $_____ per month.

   5.  ATTORNEY FEES in the amount of $_____, at the rate of $_____ per month.

   6.  CRIME STOPPERS FEE in the amount of $ _10_ to be paid within 30 days from the date shown above.

   7.  CRIME VICTIMS COMPENSATION ACT PAYMENT in the amount of $ _45_, at the rate of $ _5⁰⁰_ per month.

   8.  _____ in the amount of $_____, at the rate of $_____ per month.

   9.  _____ in the amount of $_____, at the rate of $_____ per month.

The first payments on the above to be made on the 15th of _April_, 19_96_, and like payments on the 15th day of each month thereafter until full payments are made. (Unless otherwise specified).

VOL. _56_ PAGE _328A_

Exhibit 79 - 000006

057436 / D7

**Conditions of Community Supervision**                                    Page 2

m.  If supervision is transferred to another jurisdiction, continue to report to Tarrant County by mail each month, and comply with the rules and regulations of the receiving jurisdiction.  Pay fees to Tarrant County unless waived by the Court.

n.  (X) Complete __110__ hours of Community Service Restitution at the rate of no less than __5__ hours per month as scheduled by the Supervision Officer or Court, to be completed at an agency approved by the District Judges of Tarrant County.

o.  (X) Submit to urine testing for controlled substances and cannabinoids at the direction of the Supervision Officer and pay for urine testing as required.

p.  (✓) Complete education programs as directed by the Supervision Officer.  Obtain GED

q.  (  ) Observe a curfew as directed by the Supervision Officer or the Court.

r.  (X) Do not contact __w/ I.P. or any member of family__

s.  (X) Supplement(s) / Amendment(s) as attached.    submit your person, place of residence, or any vehicle under your control, to search, at any time, day or night, upon request of any peace officer, with or without a warrant.

You are advised that under the laws of this State, the Court has determined and imposed the above terms and conditions of your Community Supervision, and may at any time during the period of Community Supervision alter or modify them. The Court also has the authority, at any time during the period of Community Supervision, to Revoke your Community Supervision for any violation of the conditions of your Community Supervision set out above.

_____
Judge / ~~Magistrate~~

This day, a copy of the conditions of Community Supervision was handed to me by the Clerk of this Court.

_____
Witness: Supervision Officer

_____
Witness: District Clerk

_____
Probationer



DC-105-CR
REV. 12-95

VOL. 56 PAGE 328B

Exhibit 79 - 000007

DATE: _3-11-96_____

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN __213th__ DISTRICT |
| VS. NO. 057436 ID | )( | COURT NO. _____ OF |
| _Julius O. Robinson_ | )( | TARRANT COUNTY, TEXAS |

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

The defendant is ordered to participate fully in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the Court:

1. Submit to Electronic Monitoring/Home Confinement for a period of _____ days to begin upon completion of equipment installation.

   ☐   Breath Alcohol Testing                          ☐   Visitel
   ☐   Continuous Radio Frequency Monitoring     ☐   Intruder Detection
                                                          ☐   _____

2. Submit to testing for Controlled Substances/Cannabinoids, Alcohol as directed by the Supervision Officer or the Court.

3. Submit to screening, assessment, evaluation and/or testing for _Substance Abuse_ as directed by the Supervision Officer or Court.

4. Attend and complete education, counseling and/or treatment for the following as directed by the Supervision Officer or Court:

   _____     _____
   _____     _____
   _____     _____

   FILED
   THOMAS A. WILDER, DIST. CLERK
   TARRANT COUNTY, TEXAS
   MAR 11 1996
   Time _9:45A_
   By _R.A._ Deputy

5. Attend and complete Education Programs as directed by the Supervision Officer.

6. Attend and complete the state certified Texas Drug Offender Education Program.

7. Attend and complete the state certified Texas DWI Repeat Offender Program.

8. Do not operate any vehicle without an Ignition Interlock Device. Do not tamper with, attempt to bypass or allow any other person to activate the device.

9. Enter, reside and remain at the Restitution Center until released by the Court.

10. Enter, reside and remain at the Court Residential Center until released by the Court.

11. Enter, reside and remain at the Substance Abuse Treatment Facility until released by the Court.

12. Enter, reside and remain at the Shock Incarceration Facility (Boot Camp) until released by the Court.

13. Comply with the rules of Surveillance Probation.

14. Attend Victim-Defendant Mediation.

15. Confinement in the Tarrant County Jail, _____ days, beginning _____.

16. Confinement in a state jail facility for _____ days, to begin no later than 10 days from the date of this order.

17. Extension of Community Supervision Period of _____, beginning _____.

18. Abstain from the use of alcohol.

19. Observe a curfew as directed by the Supervision Officer or the Court.

20. Do not contact _____ in any manner.

21. _____

_____
Judge /Magistrate

This day, a copy of the above Supplement/Amendment to Conditions of Community Supervision was handed to me by the Clerk of this Court/Supervision Officer.

_Sally Smith_
Witness: Supervision Officer

_Rebecca Wilcut_   VOL. 56 PAGE 339A
Witness: Court Clerk

_Julius Robinson_
Probationer

DC-105A CR   GPC-1701   REV. 12-95

Exhibit 79 - 000008

C. DEADLY CONDUCT

| | |
|---|---|
| NAME   JULIUS O ROBINSON | OFFENSE   ATTEMPT MURDER |
| ADDRESS   1413 N COOPER          APT A | DATE   02-07-95 |
| ARLINGTON       TX 76011 | I.P.          SARA TUCKER |
| RACE  BSEX  MAGE  18DOB   08-08-76 | C.C. |
| CASE NO. 0574361FILED: (DATE)  02-09-95 | AGENCY  ARLINGTON PD |
| PC HAS BEEN DETERMINED | |
| TRANSFER:04COURT          DATE | OFFENSE NO. 950018762   COURT  D213 |

INDICTMENT NO. _____0574361 D_____

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURORS OF TARRANT COUNTY, TEXAS,** duly elected, tried, empaneled,

sworn and charged to inquire of offenses committed in Tarrant County, in the

State of Texas, upon their oaths do present in and to the  * * * * * * * * *

**CRIMINAL DISTRICT COURT NO. 1**                     of said County that  * *

JULIUS O ROBINSON          hereinafter called Defendant, in the County of

Tarrant and State aforesaid, on or about the   7TH day of  FEBRUARY 19 95, did

THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF
MURDER OF SARA TUCKER, DO AN ACT, TO-WIT: SHOOT AT HER WITH A DEADLY WEAPON,
TO-WIT: A FIREARM, AND SAID ACT AMOUNTED TO MORE THAN MERE PREPARATION THAT
TENDED BUT FAILED TO EFFECT THE COMMISSION OF SAID MURDER,

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID
DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 7TH
DAY OF FEBRUARY, 1995, DID THEN AND THERE KNOWINGLY DISCHARGE A FIREARM AT OR
IN THE DIRECTION OF SARA TUCKER,

| |
|---|
| Filed (Clerk's use only) |
| **FILED** |
| THOMAS A. WILDER, DIST. CLERK |
| TARRANT COUNTY, TEXAS |
| MAR 1 4 1995 |
| Time _1015_ |
| By _____ Deputy |

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Criminal District Attorney

**INDICTMENT - ORIGINAL**

_____
Foreman of the Grand Jury

Exhibit 79 - 000009

REC BOND $ ?

213 DISTRICT COURT

0574361

THE STATE OF TEXAS
COUNTY OF TARRANT

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 26 2002

Time _____
By _____ Deputy

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
JULIUS O ROBINSON
and him safely

keep, so that you have him before the Honorable
213 DISTRICT COURT
, in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by indictment of

STATE'S APPLICATION TO REVOKE PROBATION
√ STATE'S APPLICATION TO PROCEED TO ADJUDICATION
Second

YOU ARE FURTHER COMMANDED TO SERVE THE SAID DEFENDANT
WITH THE ATTACHED COPY OF THE APPLICATION.

a misdemeanor felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas
this    13TH day of    FEBRUARY 2001

THOMAS A. WILDER

CLERK DISTRICT COURT

TARRANT COUNTY, TEXAS

By _____ , Deputy

FORM C. C. 265

---

No.    0574361 D

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
JULIUS O ROBINSON  VS
2602    CLAYBORN CT
ARLINGTON    TX 080876 B M

Issued the    13TH day of
FEBRUARY 2001

Came to hand on the
day of    ,
and executed on the
day of    ,
by _Recalled 7-25-00_

_____ ,
Tarrant    County,    Texas .

By _____ , Deputy.

Arrest  . . . . . . . $_____
Mileage  . . . . . . _____
Miscellaneous . . . . _____
FEB 14 2001
Total . . . . . . . . _____

Exhibit 79 - 000010

CERTIFICATE OF PROCEEDINGS

CASE: 0574361    DATE: 7/25/08    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS O    WARRANT: 0574361D
MICRO:    ROBINSON,JULIUS O    INDICTED: Y    DATE: 03/14/95

COURT: D213    HEARD: _____    TRANSFER COURT: _____

CHOV: __/__/__    I/O: ____    COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER    DATE: 02/07/95    LSR INC: ____

DISPOSITION OFFENSE: 130052    DEADLY COND-DISCH FA/INDV

PLEA: _____    BOND TYPE: _____    FINE: _____

DISP: DFAC __/__/__    STATUS: _____    CT COST: _____

SENTENCE: ____ __/__/__    EVENT: _____    MISC: _____

ACTION: PDIM __/__/__    DUE: __/__/__

PROB (MOS): WREC __/__/__    AMOUNT: _____    PAID: _____

FORFEIT: __/__/__

INST VERD: _____    BONDSMAN: _____

PROCEEDINGS: 2nd Pet. Dism    Warrant Recalled

Deft. convicted in Fed. Court

JUDGE/: _____    CLERK: Rebecca W Cart
~~MAGISTRATE~~

PETR    02/13/2001

Exhibit 79 - 000011



**DEE ANDERSON**
**SHERIFF**
817.884.1320
FAX 817.884.1317

**WARRANT DIVISION**
**CRIMINAL COURTS BLDG**
**300 W BELKNAP**
**SECOND FLOOR**
**FT WORTH TX  76102-2084**

## TARRANT COUNTY
## SHERIFF'S DEPARTMENT
## 2/15/01

FEDERAL CORRECTIONAL INSTITUTION
ATTN RECORDS
3150 HORTON RD
FORT WORTH, TX 76119

THOMAS A. WILDER
DISTRICT CLERK
2001 FEB 22  PM 2: 01
FILED
TARRANT COUNTY

Dear Sirs:
   Enclosed is a copy of our WARRANT NUMBER WART# 0574361D

For ACTOR  ROBINSON, JULIUS OMAR  , CHARGING   ATTEMPT MURDER

ISSUED 2/13/01, By JUDGE GILL , COURT   D213

DOB 8/8/76 SEX/RACE M/B HAIR/EYES BLK/BRO HT/WT  5'11/210

ADDRESS  IN YOUR CUSTODY #26190-177

OTHER   BOND- HOLD NO BOND

      We have received information that the above actor may be in your:

____ JURISDICTION and/or ____X____CUSTODY.

____ Please apprehend this actor on authority of this warrant and advise this department at
      817-884-1321 or 817-884-1170; also notify us by teletype at TX22000W0 or locally FWSW.

X Please place this warrant as a detainer. Advise earliest date, if local charges pending, or if
      actor is ready for release to this agency or has been released on bond from your jurisdiction.

X WE WILL EXTRADITE.

____ This is to confirm that extradition proceedings are in process on the above actor.  Please
      accept this as a request for extension of extradition hearings in your state, pending arrival of
      a Governor's Warrant from the State of Texas.

____ Please return our warrant.  As of_____the above actor is no longer wanted by
      this department.

You may be assured of our cooperation in all matters of mutual interest.

Sincerely

**DEE ANDERSON, SHERIFF**

BY:_____
      CRIMINAL WARRANT DIVISION

Exhibit 79 - 000012

Cause No. 0574361 D

| THE STATE OF TEXAS | IN THE 213th DISTRICT COURT |
| VS. | OF |
| JULIUS O. ROBINSON | TARRANT COUNTY, TEXAS |

**STATE'S SECOND**
**PETITION TO PROCEED TO ADJUDICATION**

DEFENDANT:                      JULIUS O. ROBINSON

OFFENSE:                        DEADLY CONDUCT - DISCHARGE
                                FIREARM AT INDIVIDUAL

DATE OF OFFENSE:                FEBRUARY 7, 1995

DATE OF PROBATION:              MARCH 11, 1996

LENGTH OF SENTENCE:             DEFERRED ADJUDICATION

LENGTH OF SUPERVISION:          FIVE (5) YEARS

   **NOW COMES** the State of Texas, by and through Tim Curry, Criminal District Attorney for Tarrant County, Texas, and would show the Court that, on the date shown above, the Defendant named above appeared in Court with counsel and pled guilty to the offense shown above. The Court heard evidence and found that such evidence substantiated the Defendant's guilt of the offense shown above; however, the also Court found that further proceedings should be deferred without making an adjudication of the Defendant's guilt, and placed the Defendant on community supervision for the period shown above, subject to the terms and conditions set out in the Court's file.

   The State of Texas would further show the Court that, during the effective period of such community supervision, the Defendant violated the terms and conditions set by the Court as follows:

1.  **FAILURE TO REPORT**: The Defendant was ordered to report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately after being placed on probation and no less than monthly thereafter, or as scheduled by the Court or Supervision Officer, and obey all rules and regulations of the Department. In violation of this condition, the Defendant failed to report as scheduled by Defendant's Supervision Officer during the following periods:

    November, December, 2000; and January of 2001.

Exhibit 79 - 000013

2.  **CHANGE OF ADDRESS**: The Defendant was ordered to notify the Supervision Officer of Tarrant County, Texas, if the Defendant's address or employment is changed within five days from the date of such change. In violation of this condition, the Defendant moved from 2602 Clayborn Court, Arlington, Texas on or before January 3, 2001, and failed to notify the supervision officer within five (5) days of change.

3.  **FAILURE TO PAY:** The Defendant was ordered to pay to and through the Community Supervision and Corrections Department various sums on specific dates, beginning on the 15th day of April, 1996. In violation of that condition, the Defendant has failed to make such payments as follows:

    (A)  **Supervision Fee** in the amount of $40.00 each month due on the 15th day of each month. In violation of this condition, the Defendant failed to pay $40.00, or any other amount, on the 15th day or any other day in the month in the following months:

    > June, September, October, 1996; February, March, April, October, 1997; March, June, September, October, November, 1998; May, July, August, October, November, December, 1999; February, March, June, July, August, October, November, December, 2000; and January of 2001.

**CONSIDERING THE FOREGOING**, the State of Texas requests the Court to order and direct that the District Clerk immediately issue an Alias Capias (or a Precept To Serve if the Defendant is on good bond), requiring that the Defendant be arrested and brought before this Court (or directing the Defendant to appear on a date certain) and to show cause, if any he or she has, why the community supervision previously granted herein should not be set aside, and why the Court should not proceed to adjudication of guilt and assessment of punishment as the law provides. The State also requests the Court to direct the District Clerk to cause a true copy of this Petition to be served on the Defendant as soon as possible, and for such other orders as the Court may direct.

Respectfully submitted,

**TIM CURRY**
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
401 W. Belknap
Ft. Worth, Texas 76196-0201
(817) 884-1400

By: _____
Assistant Criminal District Attorney
State Bar No. _____

Date: _____

Exhibit 79 - 000014

## ORDER

On this date, the foregoing Petition was presented to the Court in chambers, and the following is hereby ordered:

___ ✗ ___ the District Clerk shall issue an Alias Capias for the arrest of the Defendant

_____ the Defendant shall remain on bond, and the District Clerk shall issue a Precept To Serve the foregoing Petition on the said Defendant

_____ bond is hereby set at $_____ with the following conditions:

Report to the Community Supervision and Corrections Department, 200 West Belknap, 2nd Floor, Fort Worth, Texas 76196-0255:
      (a) immediately after release or the next working day, and
      (b) report monthly and as directed until released by the Court.

Signed and Ordered Entered on _____ 2/1 _____, 2001.

_____
Robert K. Gill, Judge Presiding
213th District Court
Tarrant County, Texas

Exhibit 79 - 000015

CAUSE NO. 0574361D

| | | |
|---|---|---|
| THE STATE OF TEXAS | Ð | IN THE DISTRICT COURT |
| VS. | Ð | 213TH JUDICIAL DISTRICT |
| JULIUS ROBINSON | Ð | TARRANT COUNTY, TEXAS |

## MOTION FOR EARLY RELEASE AND DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIUS ROBINSON, Defendant in the above entitled and numbered cause, by and through his Attorney of Record, MICHAEL GREGORY, and files this his Motion for Early Release and Dismissal of this cause of action, pursuant to Article 42.12, Section 5 of the Texas Code of Criminal Procedure, and would show unto the Court as follows:

I.

That on or about March 11, 1996, the Defendant received a deferred adjudication in the above entitled and numbered cause, and was required to report to the Adult Community Supervision Department of Tarrant County, Texas, for a period of 5 years. That since said date, the Defendant has fully satisfied all terms and conditions of said deferred adjudication, including payment of all funds ordered by the Court, and that the best interests of society and the Defendant will be served by granting this Motion.

II.

That four years and three months has elapsed since the Defendant was placed on deferred adjudication, which is more than one-half (1/2) of the sentence imposed.

Exhibit 79 - 000016

III.

That the Defendant is now a resident of Fort Worth, Tarrant County, Texas.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays as follows:

1.    To be discharged from any further supervision by any community supervision department; and

2.    That the above entitled and numbered cases be dismissed pursuant to the Texas Code of Criminal Procedure; and

3.    For such other and further relief as Defendant may be justly entitled to.

RESPECTFULLY SUBMITTED,

MICHAEL GREGORY
ATTORNEY FOR DEFENDANT
State Bar No. 00790003
111 North Houston, Suite 200
Fort Worth, Texas 76102
Tel: (817) 335-1854
Fax: (817) 335-3193

CERTIFICATE OF SERVICE

As Attorney of Record for Defendant, I do hereby certify that a true and correct copy of the above and foregoing document was this date provided to the Attorney for the State and the Tarrant County Community Supervision Department.

Date:   June 22 , 2000.

Attorney for Defendant

Exhibit 79 - 000017

CAUSE NO.0574361D

| THE STATE OF TEXAS | Ű | IN THE DISTRICT COURT |
|---|---|---|
| VS. | Ű | 213TH JUDICIAL DISTRICT |
| JULIUS ROBINSON | Ű | TARRANT COUNTY, TEXAS |

## O R D E R

ON THIS, the _____ day of _____, 2000, came on to be heard the foregoing Motion for Early Release and Dismissal, and the Court, after considering same, is of the opinion that it should be, in all things, granted; therefore, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Defendant, JULIUS ROBINSON, be hereby discharged from any further supervision by any community supervision department; and

2. That pursuant to Article 42.12 of the Texas Code of Criminal Procedure, the Court hereby discharges the Defendant, JULIUS ROBINSON, from any further liability under said cause.

3. That pursuant to Article 42.12 of the Texas Code of Criminal Procedure, the above entitled and numbered cause is hereby dismissed with prejudice against refiling same.

SIGNED AND ENTERED this _____ day of _____, 2000.

_____
JUDGE PRESIDING

Exhibit 79 - 000018

CERTIFICATE OF PROCEEDINGS

CASE: 0574361    DATE: 9/11/98    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS D    WARRANT:
MICRO:    ROBINSON,JULIUS D    INDICTED: Y    DATE: 03/14/95

COURT: D213    HEARD: _____    TRANSFER COURT: _____

CHOV: __/__/___    I/O: ___    COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER    DATE: 02/07/95    LSR INC: ____

DISPOSITION OFFENSE: 130052    DEADLY COND-DISCH FA/INDV

PLEA: _____    BOND TYPE: _____    FINE: _____

DISP: _____ __/__/___    STATUS: _____    CT COST: _____

SENTENCE: _____ __/__/___    EVENT: _____    MISC: _____

ACTION: PDIM __/__/__    DUE: __/__/___

PROB (MOS): _____ __/__/___    AMOUNT: _____    PAID: _____

FORFEIT: __/__/___

INST VERD: _____    BONDSMAN: _____

PROCEEDINGS: 9.4.98 P hZ NT/No FINDINGS    9-11-98 Petition

Dismissed/Prob Reinstated

JUDGE/: _Robert Reil_    CLERK: _R. White_
~~MAGISTRATE~~

PETR    06/23/1998

3ᵈ J. Evans    DW finding on 3-11-98    michael Gregory

arlene

Exhibit 79 - 000019

CERTIFICATE OF PROCEEDINGS

CASE: 0574361  DATE: 9/4/98  DOCKET: 0574361D  CID: 0424050

DEFENDANT: ROBINSON,JULIUS O  WARRANT: 0574361D
MICRO:  ROBINSON,JULIUS O  INDICTED: Y  DATE: 03/14/95

COURT: D213  HEARD: _____  TRANSFER COURT: _____

CHOV: __/__/__  I/O: ___  COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER  DATE: 02/07/95  LSR INC: ___

DISPOSITION OFFENSE: 130052  DEADLY COND-DISCH FA/INDV

PLEA: _____  BOND TYPE: _____  FINE: _____

DISP: _____ __/__/__  STATUS: _____  CT COST: _____

SENTENCE: _____ __/__/__  EVENT: _____  MISC: _____

ACTION: _____ __/__/__  DUE: __/__/__

PROB (MOS): _____ __/__/__  AMOUNT: _____  PAID: _____

FORFEIT: __/__/__

INST VERD: _____  BONDSMAN: _____

PROCEEDINGS: #1-02 NT/ Testimony; No findings; Court
Contested hearing in recess until 9-11-98 @ 1:30; DEFT
ALLOWED TO REMAIN ON BOND (Gulley's)

JUDGE/: _____ John H. Hill _____  CLERK: _____ Jim Hill _____
MAGISTRATE

PETR  06/23/1998

Michael Gregory

3rd  (Allene)

J.W. Evans

Exhibit 79 - 000020

# The State of Texas

**260572**

**• COUNTY OF** TARRANT

APPEARANCE BOND

INSTANTER

| | | |
|---|---|---|
| **Name:** ROBINSON, JULIUS O | **Race:** B | **Near. Rel:** |
| | **Sex:** M | **Address:** |
| **Addr:** 1514  BIRMINGHAM DR | **Height:** 6' 0" | **CSZ:** |
| **CSZ:** ARLINGTON  TX  76012 | **Weight:** 210 | **Emp. Name:** THAT SOUND GOOD CD AND TAPE |
| **Tel. #:** | **Eyes:** BRO | **Emp. Address:** |
| **D.L. #:** 07583755  **State:** TX | **Hair:** BLK | **CSZ:** |
| **DOB:** AUG 8, 1976  **Place of Birth:** FAYETTEVILLE  NC | | **Emp. Tel:** |

| Case No. | Bond No. | Date Executed | Bond Amt. | Charging Instrument | Warrant No. | Arresting No. | CID |
|---|---|---|---|---|---|---|---|
| 0574361 | 0427221-X | JUN 25, 1998 | $2,500.00 | INDICTMENT | 0574361D | | 0424050 |

**Principal**
ROBINSON, JULIUS O

**Offense Charged** FELONY-ATTEMPTED MURDER (AFTER 9/1/94),

**Surety Name/Address**
ADAMS, JENNIFER D        AB09    817-336-4107
1009  EVANS AVENUE    FT WORTH    TX  76104

**Court of Jurisdiction** 213TH  DISTRICT COURT
TARRANT    COUNTY

**KNOW ALL MEN BY THESE PRESENTS:**

That we, the above named and undersigned principal and sureties, in our respective capacities, are held and firmly bound unto the State of Texas in the penal sum of the above shown amount of bond, in addition to costs of Court, post judgment interest, and interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by peace officers in rearresting the principal in the event the conditions of this bond are violated, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such that whereas the above named principal is being held in due course of law for the above shown offense and appeared in the above shown court, said principal was ordered and required as shown above, to give bail in the above amount for his/her personal appearance before the above named court. Said principal acknowledges and understands that at the time of the making of this bond, that charges have       been filed either by affidavit, information, complaint, or indictment, and said principal further understands and acknowledges that such charges if not filed may be filed at a later date. Said principal and said surety agree and hereby contract that they acknowledge the validity of this bond, charges being filed as outlined herein and said principal and surety hereby covenant and agree that they will not contest the enforceability of this bond on the grounds of charges not being filed in a court of jurisdiction provided that said formal charges are later filed in a court of jurisdiction. Now if the principal shall well and truly make personal appearance instanter before the court shown above of the above named County at the above shown location at the present term of said court if now in session, or at its next regular term if now in vacation and further shall well and truly make personal appearance before any other court in which the same may be filed or transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due process of law, then and there to answer said accusation against said principal, this obligation shall become void, otherwise to remain in full force and effect.

**CONDITIONS OF THE BOND:** IT IS A CONDITION OF THIS BOND THAT THE DEFENDANT/PRINCIPAL SHALL RETAIN AN ATTORNEY PRIOR TO THE FIRST TIME THE DEFENDANT/PRINCIPAL IS SUMMONED TO APPEAR IN COURT IN CONNECTION WITH THIS CASE.** A PERSON APPEARING FOR ANY COURT SETTING WITHOUT AN ATTORNEY MAY BE FOUND TO HAVE VIOLATED A CONDITION OF BOND AND MAY BE ARRESTED AND PLACED IN JAIL AND HIS BOND FORFEITED.** (THE GOLD COPY OF THIS BOND IS RECEIVED BY THE DEFENDANT/PRINCIPAL).

`>> PRINCIPAL:` _Julius Robinson_

**PERSONAL BOND:**

I swear that I will appear before                                   at
                                                                Texas,
on the        day of                  at the hour of        , or upon notice by the court, or to pay to the Court the principal sum
of                  plus all necessary and reasonable expenses incurred in any arrest for failure to appear.

**AFFIDAVIT OF SUFFICIENCY OF SURETY:**

I do swear that I am worth, in my own right, at least the sum of $59,007.00 $59,007.00        , after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in TARRANT        County, and have property in this State liable to execution worth said amount or more.

I AM THE SURETY/BONDSPERSON FOR THE PRINCIPAL ON THIS BOND.

Surety: _[signature]_         Principal: X _Julius O. Robinson_

Barbara J. Woods
Notary Public State of Texas
My Commission Expires
August 13, 2000

Sworn to and subscribed before me this
18th day of MAY 1998        Witness: _[signature]_ 6538

_[signature]_
Notary                Approved Magistrate

| | |
|---|---|
| Taken and Approved this 25TH day of JUNE 1998. | I certify the surety named herein has collateral in the amount indicated and, if submitted for approval, I would accept same. |
| **Sheriff:** DAVID WILLIAMS | DAVID WILLIAMS |
| **County:** TARRANT        Texas | TARRANT |
| By _[signature]_ , Deputy | By _____ , Deputy |

LEFT THUMB    RIGHT THUMB

Exhibit 79 - 000021

REC BOND = HOLD

0574361

CID-0424050

213 DISTRICT COURT

THE STATE OF TEXAS
COUNTY OF TARRANT

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
JULIUS O ROBINSON                    and him safely

keep, so that you have him before the Honorable
213 DISTRICT COURT
, in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by ~~indictment~~ of

~~STATE'S APPLICATION TO REVOKE PROBATION~~
STATE'S APPLICATION TO PROCEED TO ADJUDICATION

~~YOU ARE FURTHER COMMANDED TO SERVE THE SAID DEFENDANT~~
~~WITH THE ATTACHED COPY OF THE APPLICATION.~~

a ~~Xmisdemeanor~~ felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas

this    23RD day of    JUNE 19 98

THOMAS A. WILDER

CLERK DISTRICT COURT
TARRANT COUNTY, TEXAS

By Stephanie M. Henre, Deputy

FORM D. C. 265-C R

---

No.    0574361D

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
VS.
JULIUS O ROBINSON
1514    BIRMINGHAM
ARLINGTON        TX 080876 B M
Issued the    23RD day of
JUNE 19 98

Came to hand on the 23RD
day of JUN    , 19 98
and executed on the 25TH
day of JUN    A. D. 1998
by ARREST & BOND
PAPERS SERVED
DAVID WILLIAMS, SHERIFF
Tarrant County, Texas
By _____, Deputy.

Arrest .......... $_____
Mileage .......... _____
Miscellaneous ... _____

Total .......... _____

Exhibit 79 - 000022

CERTIFICATE OF PROCEEDINGS

CASE: 0574361    DATE: 6/25/98    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS O                              WARRANT: 0574361D
MICRO:     ROBINSON,JULIUS O          INDICTED: Y    DATE:  03/14/95

COURT:  D213              HEARD: _____    TRANSFER COURT: _____

CHOV: ___/___/___  I/O: ___  COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER        DATE: 02/07/95  LSR INC: ___

DISPOSITION OFFENSE: 130052    DEADLY COND-DISCH FA/INDV

PLEA: _____          BOND TYPE: _____    FINE: _____

DISP: _____ ___/___/___  STATUS: _____    CT COST: _____

SENTENCE: _____ ___/___/___  EVENT: _____    MISC: _____

ACTION: BSET ___/___/___                         DUE: ___/___/___

PROB (MOS): _____ ___/___/___  AMOUNT: _____    PAID: _____

                              FORFEIT: ___/___/___

INST VERD: _____    BONDSMAN: _____    _____

PROCEEDINGS: Bond set at $2,500/Prob Rev

            atty: John Michael Gregory

            _____

JUDGE/: S/ Robert K. Gill         CLERK: R. M. ____
MAGISTRATE/

PETR    06/23/1998

3rd                fees paid Stephen
                   up per Love              rm

Exhibit 79 - 000023



NO. 0574361D

| | | |
|---|---|---|
| THE STATE OF TEXAS | {} | IN THE 213TH JUDICIAL |
| | {} | |
| VS. | {} | DISTRICT COURT OF |
| | {} | |
| JULIUS O. ROBINSON | {} | TARRANT COUNTY, TEXAS |

## PETITION TO PROCEED TO ADJUDICATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the State of Texas by and through Tim Curry, Criminal District Attorney of Tarrant County, Texas, and would respectfully show the Court that on March 11, 1996, JULIUS O. ROBINSON, hereinafter styled Defendant, appeared in Court with his or her attorney and the Court heard evidence in the above entitled and numbered cause and found that evidence substantiated the Defendant's guilt on a charge of Deadly Conduct; however, the Court found that further proceedings should be deferred without making an adjudication of guilt and the Court placed the Defendant on probation as set out in the order setting conditions of probation, for a term of five (5) years.

Your petitioner would show to the Court that said Defendant thereafter, during the effective period of said probation, violated the terms and conditions of said probation in that:

1. The Defendant, JULIUS O. ROBINSON, was ordered by the Court to commit no offense against the laws of this State or of any other State or of The United States. In violation of this condition the Defendant on or about the 9th day of May, 1998 , in the County of Hopkins and State of Texas, did then and there intentionally and knowingly possess a usable quantity of marihuana in an amount of less than two ounces.

2. The Defendant, JULIUS O. ROBINSON, was ordered by the Court to remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes Defendant to leave. In violation of this condition the Defendant on or about May 8, 1998, left Tarrant County without permission from the Court or Supervision Officer and went to Hopkins County.

PETITION TO PROCEED TO ADJUDICATION - PAGE 1 OF 3

Exhibit 79 - 000024

WHEREFORE, your Petitioner prays that this Honorable Court order and direct that the District Clerk forthwith issue an alias capias (or if Defendant is on good bond in this cause, the Clerk is ordered to issue a precept to serve), herein directing that the Defendant be arrested and brought before this Honorable Court to show cause, if he or she has any, why said probated sentence entered herein should not be set aside and why the Court should not proceed to adjudication of said case; that the Court further direct said District Clerk to serve upon said Defendant, as soon as possible, a true copy of this petition; and for such other orders the Court may direct.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Assistant Criminal District Attorney
Tarrant County, Texas

DATE: 4/12/48

___ X ___ ALIAS CAPIAS ORDERED

_____ DEFENDANT TO REMAIN ON BOND
PRECEPT TO SERVE PETITION ORDERED.

BOND SET AT: _____

PETITION TO PROCEED TO ADJUDICATION - PAGE 2 OF 3

Exhibit 79 - 000025

* * *   CONDITIONS OF BOND   * * *

Report to the Community Supervision and Corrections Department, 200 West Belknap, 2nd Floor, Fort Worth, Texas 76196-0255.

A.    Immediately after release or the next working day.
B.    Report immediately or as directed until released by Court.

_____, PRESIDING JUDGE,
IN THE 213TH DISTRICT OF TARRANT COUNTY, TEXAS

PETITION TO PROCEED TO ADJUDICATION - PAGE 3 OF 3

Exhibit 79 - 000026

## ARREST/IDENTIFICATION

| TRN | DPS NO. (SID) | FBI NO. | CONTRIBUTOR ORI | LEAVE BLANK |
|---|---|---|---|---|
| 001 350 5513 | | | | |

NAME (LAST, FIRST, MIDDLE): Robinson Julius O.
DATE OF BIRTH: 03 13 1974   PLACE OF BIRTH: NC

SEX: M   RACE: B   ETH.   HGT.   WGT.   EYES: BRO   HAIR: BLK
SCARS, MARKS, TATTOOS, AMPUTATIONS

SKIN TONE: DRK   SOCIAL SECURITY NO: 239 23 6554   MISC. NO.   CITZ: US   STATE

DRIVER LICENSE NO: 01 582 755   STATE: TX   TYPE: C   ID CARD NO.   STATE

ALIAS NAME(S)
ADDRESS: 1413 N. Cooper #A   CITY: ARL   STATE: TX   ZIP: 760

| | ARRESTING AGENCY | TRANS. HAZ. MATERIAL? | OPER. COM VEHICLE? | LIC. PLATE NO | STATE | YEAR | DATE OF ARREST | AGENCY ARREST NO. |
|---|---|---|---|---|---|---|---|---|
| ORI: | Arlington | Y OR N | Y OR N | | | | 02 08 1995 | 15145 |

NAME:   AGENCY CASE NO: 95001901   FIREARM CODE

| TRS | OFFENSE CODE | GOC | OFFENSE | STATUTE CITATION | LEVEL & DEGREE | FELONY CAPITAL, 1, 2, OR 3 | MISDEMEANOR A, OR B |
|---|---|---|---|---|---|---|---|
| A001 | 19990051 | A | Crim. Attempt - Murder | 19.52 (B)1 PC | | 3 | |

DATE OF OFFENSE: 02 04 1995   ARREST DISPOSITION: Held   DISPOSITION DATE: 02 12 1995   PROSECUTOR ORI: TX2200 15A

IS CHARGE A RESULT OF ANOTHER AGENCY'S WARRANT? YES ☐ NO ☐
PREPARED BY: P. Morris H...   DATE: 02 08

## PROSECUTOR

PROSECUTOR ORI: TX2200 15A   PROSECUTOR OFFICE: TCDA

PROSECUTOR ACTION CODE: A   PROSECUTOR ACTION LITERAL   DATE OF REJECTION

CHANGED OFFENSE CODE   GOC   OFFENSE   STATUTE CITATION

DEGREE OF CHANGED OFFENSE: FELONY CAPITAL, 1, 2, OR 3 / MISDEMEANOR A, OR B
CHARGES FILED IN: (COURT ORI) TX2200 155J

COURT NAME: D213
ADDITIONAL CHARGES BY PROSECUTOR, NOT PRESENT AT ARREST? YES ☐ NO ☒
IF YES, FILL OUT SUPPLEMENTAL FORM

PREPARED BY: D. Price   DATE: 2/9/1995

## COURT

| COURT ORI | COURT NAME | STATUTE CITATION | |
|---|---|---|---|
| TX2200155J | 213th District Court | 22.05 | PC |

OFFENSE CODE: 52130005   GOC   OFFENSE: Deadly Conduct

DEGREE OF DISPOSED OFFENSE: FELONY 3 CAPITAL, 1, 2, OR 3 / MISDEMEANOR A, OR B
CAUSE NUMBER: 0574361D

FINAL PLEA: GUILTY ☒   NO CONTEST ☐   NOT GUILTY ☐
COURT DISPOSITION DATE: 03111996   SENTENCE DATE   COURT DISPOSITION: 312

CONFINEMENT   SENTENCE SUSPENDED TIME   PROBATION: 5 years   FINE   SENTENCE SUSPENDED FINE

COURT COST: 175   COURT PROVISION

MULTIPLE SENTENCES: CONCURRENT ☐ CONSECUTIVE ☐   AGENCY TO RECEIVE CUSTODY: TX2200 15G2

APPEAL DATE   OFFENDER STATUS DURING APPEAL   RESULT OF APPEAL

CHECK BOX TO INDICATE DIC-17 DATA IS PRESENT ☐
BEGINNING DATE OF SUSPENSION   EDUCATION ☐ DWI   EDUCATION REQUIRED   EDUCATION WAIVED   REPEAT OFFENDER REQUIRED
ENDING DATE OF SUSPENSION   PROGRAMS DRUGS ☐   EDUCATION COMPLETED   EDUCATION EXTENDED   REPEAT OFFENDERS COMPLETE

PREPARED BY: REBECCA MEINHART   DATE: 03111996

FOR LOCAL AGENCY USE

IS THE USE OF SUPPLEMENT REQUIRED ON THIS INCIDENT? YES ☐ NO ☐
MAIL TOP COPY TO: TEXAS DEPARTMENT OF PUBLIC SAFETY   PO BOX 4143   AUSTIN TX 78765-4143
WHITE—ARREST REPORTING SHEET   YELLOW—PROSECUTOR REPORTING SHEET   PINK—COURT REPORTING SHEET   CR-43 (Rev.)

Exhibit 79 - 000027

## CASE NO. 0574361D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 213TH DISTRICT |
| VS. | § | COURT OF |
| JULIUS O. ROBINSON | § | TARRANT COUNTY, TEXAS |

### UNADJUDICATED JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE AND SUSPENDING IMPOSITION OF SENTENCE

| | | | | |
|---|---|---|---|---|
| Judge Presiding | : HON. ROBERT K. GILL | | Date of Judgment | : MARCH 11, 1996 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | | : PETER H. KEIM |
| Attorney for Defendant | : MICHAEL GREGORY | Charging Instrument: | | INDICTMENT |

| Offense Date | Offense |
|---|---|
| FEBRUARY 7, 1995 | DEADLY CONDUCT - DISCHARGE FIREARM AT INDIVIDUAL |

| Degree | Count | Plea |
|---|---|---|
| 3RD | TWO | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |
| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |
| Punishment | : DEFERRED          Date to Commence : MARCH 11, 1996 |
| Probationary Term | : FIVE (5) YEARS |
| Fine Not Suspended | : NONE |

On this day, set forth above, this cause came for trial and came the State of Texas, by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by Defendant, the Defendant entered his pleas as shown above thereto, and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, and the Defendant further having affirmatively stated awareness of the consequences of such plea and acknowledged to not having been misled or harmed by the admonishment of the Court, yet the Defendant persisted in entering such plea, said plea is by the Court received and now entered of record upon the minutes of the Court as the plea herein of said Defendant. The Court after receiving the plea shown and hearing the evidence, finds that it substantiates the Defendant's guilt and that further proceedings should be deferred without entering an adjudication of guilt and that Defendant should be placed on probation on reasonable terms and conditions as the Court may require.

The State of Texas do have and recover of the said Defendant all costs in this prosecution expended including any fine shown above for which let execution issue. And it is further ORDERED by the Court that the imposition of sentence of the judgment of conviction herein shall be suspended during the good behavior of the Defendant and that the Defendant be placed on probation during the period of time, fixed by the Court, under the conditions to be determined by the Court, as provided by law. However, when it is shown above that a fine applicable to the offense committed has been imposed by the Court and not suspended, then it is ORDERED that Defendant pay such fine and all costs in this prosecution expended and that Defendant be placed on probation during the period of time fixed by the Court, under the conditions to be determined by the Court, as provided by law.

IT IS THEREFORE CONSIDERED by the Court that the evidence substantiates the Defendant's guilt and that further proceedings should be Deferred without entering an adjudication of guilt, and that Defendant be placed on probation during the period of time prescribed by the Court on such reasonable terms and conditions as the Court may require in accordance with law.

Exhibit 79 - 000028

CERTIFICATE OF PROCEEDINGS

CASE: 0574361  DATE: 3/11/96    DOCKET: 0574361D    CID: 0424050

DEFENDANT: Robinson, Julius O,
MICRO:                                    INDICTED: Y    WARRANT: DATE: 3/14/95

COURT: 213th          HEARD: _____    TRANSFER COURT: _____

CHOV: ___/___/___  I/O: ____  COUNTY: _____

CHARGE OFFENSE: _____          DATE: / /  LSR INC: ____

DISPOSITION OFFENSE: 130052 Deadly conduct _____

PLEA:   PGBC          BOND TYPE: _____    FINE: _____

DISP:   DFAJ ___/___/___  STATUS: _____    CT COST: _____

SENTENCE: _____ ___/___/___  EVENT: _____    MISC: _____

ACTION: _____ ___/___/___                        DUE: ___/___/___

PROB (MOS): 060 ___/___/___  AMOUNT: _____    PAID: _____

                              FORFEIT: ___/___/___

INST VERD: _____    BONDSMAN: _____ _____

PROCEEDINGS: Court two    5 yrs Unadjud Prob,
    D.W. finding

JUDGE/: _____ [signature] _____    CLERK: [signature]
MAGISTRATE

Peter Kein                    Michael Gregory

                    JRv

Exhibit 79 - 000029

DA-559 - GPC-9767

COURT: ___213___   CASE NO.: _057436/0_

DEFENDANT: ___Julius D. Robinson___

OFFENSE: ___Deadly Conduct (Count 2)___

OFFENSE CODE: _130052_   DEGREE: ___3___

PENALTY: ___2-10  $10,000___

AGREED
RECOMMENDATION: ___5 TDFAT + TAJP + GED___
___+ No Weapons + No Contact w/ IP or___
___Family + $502 Restitution___

*Please be advised that on
PROBATION CASES involving
1st DEGREE FELONY Offenses
(including 2nd DEGREE FELONY DRUG
Offenses) the Court WILL
REQUIRE a "Special Search Condition"
to Apply in those Cases.

_____
Assistant District Attorney

The undersigned defendant and his attorney hereby agree to the above
recommendation by the prosecutor and it is understood that if, upon a plea of guilty by
this defendant, and the punishment assessed by the Court does not exceed the punishment
recommended, an appeal may only be prosecuted with permission of the trial court. All
pre-trial motions filed in this cause are waived.

_____
Defendant

_____
Attorney for Defendant
Bar Card No.: _00790003_

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 1 1996

Time ___9:45 Am___
By___ Rw ___ Deputy

Exhibit 79 - 000030

NO. _057436/0_

THE STATE OF TEXAS     {}     IN THE 213TH JUDICIAL

VS.     {}     DISTRICT COURT OF

_Julius D. Robinson_     {}     TARRANT COUNTY, TEXAS

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAR 11 1996
9:45 A.M.
By_____ Deputy

## WRITTEN PLEA ADMONISHMENTS

On this __11__ day of __March__, 199_6_, pursuant to the requirements of law, you, the defendant in this cause, are hereby admonished in writing as follows:

1. [X] You are charged with the felony offense of:

   __DEADLY CONDUCT (COUNT 2)__

   Offense Code: __130052__

   [ ] Your charge has been reduced to the lesser included offense of:

   _____

   Offense Code: _____

2. The plea bargain recommendation is: __5 DFAT + THP + GED + NO WEAPONS + NO CONTACT W/ IP OR FAMILY + $502 RESTITUTION__

3. You are entitled to have a jury determine whether you are Guilty or not Guilty and if Guilty, to assess your punishment. Should you have more than one case pending, you may have them tried separately.

4. You may request that the indictment be read and explained to you in open court. You are not obligated to give evidence against yourself; you may require the State to prove the elements of the offense alleged in the indictment by legal and competent evidence beyond a reasonable doubt; you and your attorney may confront and cross-examine witnesses and you have the power of subpoena to bring witnesses into court to testify in you behalf.

5. If convicted, you face the following range of punishment:

[ ] **FIRST DEGREE FELONY:** Life or any term of not more than 99 years nor less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ] **SECOND DEGREE FELONY:** A term of not more than 20 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[X] **THIRD DEGREE FELONY:** A term of not more than 10 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000 may also be assessed. (If the offense was committed before September 1, 1994, a term of confinement in a community correctional facility for any term of not more than one (1) year may be assessed in lieu of confinement in the Institutional Division).

[ ] **FIRST DEGREE ENHANCED:** Life or any term of not more than 99 years nor less than 15 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

WRITTEN PLEA ADMONISHMENTS-PAGE 1 OF 4

Exhibit 79 - 000031

[ ] SECOND DEGREE ENHANCED: Life or any term of not more than 99 years nor less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ] THIRD DEGREE ENHANCED: A term of not more than 20 years nor less than 2 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may also be assessed.

[ ] HABITUAL OFFENDER: Life or any term of not more than 99 years nor less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

[ ] OTHER: _____

_____

_____

6. **Plea Bargaining:** A plea bargain or recommendation of punishment is not binding on the Court. The Court may set punishment anywhere within the range provided by law for this offense. If there is a plea bargain agreement, the Court will inform you in open Court whether the agreement will be followed before making any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea should you desire.

7. **Permission to Appeal:** When the Court follows a plea bargain agreement, permission of the Court must be given before you can prosecute an appeal on any matter in the case, except for matter raised by written motion filed prior to trial. This Court seldom consents to an appeal where conviction is based upon a Guilty Plea.

8. **Citizenship:** If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

9. **Deferred Adjudication:** Should the Court defer adjudicating your guilt and place you on probation, upon violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge. No appeal may be taken from this determination. Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense.

After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred.

10. **Probation:** If the Court grants you straight probation as opposed to deferred adjudication, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the court, without a jury, whether to revoke your probation and sentence you to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a period of time not to exceed that originally assessed by the Court at the time you were found guilty,.

11. If no indictment has been returned by a Grand Jury charging you with this offense, you do not have to stand trial until such an indictment has been returned, and you then will be given ample time (at least 10 days) to consult with your attorney before trial.

12. If a victim impact statement has been returned to the prosecutor under Art. 26.13 C.C.P., the Judge has reviewed a copy of that report.

Admonishments given this defendant on the above noted date.

_____
ROBERT K. GILL, PRESIDING JUDGE

WRITTEN PLEA ADMONISHMENTS-PAGE 2 OF 4

Exhibit 79 - 000032

## WRITTEN WAIVER OF DEFENDANT-JOINED BY ATTORNEY

Comes now the Defendant, in open Court, joined by my attorney and state:

(1)    I am able to read the English language and fully understand each of the written plea admonishments by the Court and I have no questions;

(2)    I waive arraignment and formal reading of the indictment or felony information;

(3)    I am aware of the consequences of my plea;

(4)    I am mentally competent and my plea is knowingly, freely, and voluntarily entered;

(5)    Should my attorney be just recently appointed, I give up and waive any right I may have for further time to prepare for trial;

(6)    If I am proceeding on a felony information, I give up my right to indictment by a Grand Jury;

(7)    Should I be tried on more than one case, I agree that all may be heard and determined at one time;

(8)    I waive all pretrial motions that may have been filed in connection with my case(s);

(9)    I am totally satisfied with the representation given to me by my attorney. My attorney provided me fully effective and competent representation;

(10)   I also waive and give up in accordance with Art. 1.14 C.C.P. all rights given to me by law, whether of form, substance, or procedure;

(11)   Joined by my attorney, I waive and give up my right to a jury, both as to my guilt and assessment of my punishment, and in accordance with Art. 1.15 C.C.P., I waive and give up the right to appearance, confrontation, and cross-examination of the witnesses, and I consent to oral and written stipulations of evidence;

(12)   I give up my right not to incriminate myself and agree to testify under oath and judicially confess my guilt if requested by my attorney or the State's attorney;

(13)   If I am proceeding on a misdemeanor case, I request that a presentence investigation report not be made;

(14)   I request the Court to approve of the plea recommendation (in Paragraph 5 of the Plea Admonishments) and dispose of my case(s) in accordance therewith.

X _____
DEFENDANT

I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers to the Defendant and am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will plead guilty understanding the consequences thereof.

_____
ATTORNEY FOR DEFENDANT

WRITTEN PLEA ADMONISHMENTS-PAGE 3 OF 4

Exhibit 79 - 000033

## JUDICIAL CONFESSION

Upon my oath I swear my true name is ___Julius O. Robinson___ and I am _19_ years of age. I have read the indictment or information filed in this case and I committed each and every act as alleged therein, except those acts waived by the State. All the facts alleged in the indictment or information are true and correct. I am guilty of the offense(s) charged as well as all lesser included offenses. All the facts alleged in the indictment or information are true and correct. Any enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation (Paragraph 2 of the Plea Admonishments) and request the Court to take each into account in determining my sentence for the instant offense. I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

X _Julius Robinson_
DEFENDANT

## APPLICATION FOR PROBATION

I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas, any other state, nor in any Federal Court of the United States. I request the Court to consider this my application for a probated sentence.

X _Julius Robinson_
DEFENDANT

SWORN AND SUBSCRIBED before me this _11th_ day of ___March___, 1996.

_____
DEPUTY DISTRICT CLERK
TARRANT COUNTY, TEXAS

\* \* \* \* \* \* \*

In open court we join and approve the waiver of jury trial pursuant to Art. 1.13 C.C.P. and the stipulations of evidence pursuant to Art. 1.15 C.C.P. We further agree and consent to the admission of guilt of any unadjudicated offense under Section 12.45 of the Texas Penal Code. In addition, the Court finds as a fact that the Defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered. It is agreed that the Court may take judicial notice of this document and all contents; and the Court takes judicial notice of same.

_____    SBN _00790003_
ATTORNEY FOR THE DEFENDANT

_____    SBN _15532500_
ATTORNEY FOR THE STATE

_____
ROBERT K. GILL, PRESIDING JUDGE

WRITTEN PLEA ADMONISHMENTS-PAGE 4 OF 4

Exhibit 79 - 000034

Judicial District of Tarrant County, Texas
**COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT**          ☐ S J F
200 West Belknap, Fort Worth, Texas 76196-0255
Telephone: (817) 884-2450   Office Hours: 7:30 a.m. to 5:30 p.m. Monday - Friday

☐ **ADJUDICATED**          **CONDITIONS OF COMMUNITY SUPERVISION**          ☒ **DEFERRED ADJUDICATION**

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

**THE STATE OF TEXAS**                                    IN ___213ᵗʰ___ DISTRICT

VS. NO.057436 1D          MAR 11 1996          COURT NO. _____ OF

_Julius O. Robinson_                                 TARRANT COUNTY, TEXAS
                        Time _____ H  9:45 AM

In accordance with the authority conferred by the Community Supervision Law of the State of Texas, you have been placed on Community Supervision as an alternative to incarceration on this ___11th___ day of ___March___, 19 _96_, for the period of ___5___ years, having been sentenced for _____ years, for the offense of ___Deadly Conduct___ by the Honorable _ROBERT GILL_, Judge/Magistrate in Criminal District Court No. _213_, Tarrant County, Texas.

IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING TERMS AND CONDITIONS OF COMMUNITY SUPERVISION:

a. Commit no offense against the laws of this State or of any other State or of the United States.

b. Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids or excessive consumption of alcoholic beverages.

c. Avoid persons and places of disreputable or harmful character.

d. Report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, or as scheduled by the Court and/or Supervision Officer and obey all rules and regulations of the Department.

e. Permit the Supervision Officer to visit you at your home or elsewhere at any time.

f. Work faithfully at suitable employment as far as possible, furnish proof of employment to your Supervision Officer and, if unemployed, participate in the Community Supervision and Corrections Department's Jobs, Education and Training Skills (JETS) program, unless waived by the Court.

g. Remain within Tarrant County, Texas, unless the Court or Supervision Officer authorizes you to leave.

h. Support your dependents.

i. Notify the Supervision Officer of Tarrant County, Texas, if your address or employment is changed within five days from the date of change.

j. ~~Possess no firearms away from your residence.~~ No ownership or possession of any firearm.

k. Supervision is conditioned on your agreement to execute a pre-signed waiver of extradition.

l. Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas, the following:

1. COURT COSTS in the amount of $ _174⁵⁰_, at the rate of $ _10_ per month.

2. SUPERVISION FEE in the amount of $ _40_, each month during the period of supervision.

3. RESTITUTION in the amount of $_502_, at the rate of $ _15_ per month.

4. FINE in the amount of $ _____, at the rate of $_____ per month.

5. ATTORNEY FEES in the amount of $_____, at the rate of $_____ per month.

6. CRIME STOPPERS FEE in the amount of $_10_ to be paid within 30 days from the date shown above.

7. CRIME VICTIMS COMPENSATION ACT PAYMENT in the amount of $_45_, at the rate of $_5⁰⁰_ per month.

8. _____ in the amount of $_____, at the rate of $_____ per month.

9. _____ in the amount of $_____, at the rate of $_____ per month.

The first payments on the above to be made on the 15th of _April_, 19 _96_, and like payments on the 15th day of each month thereafter until full payments are made. (Unless otherwise specified).

VOL._56_ PAGE _328A_

Exhibit 79 - 000035

057436109

Conditions of Community Supervision

Page 2

m.  If supervision is transferred to another jurisdiction, continue to report to Tarrant County by mail each month, and comply with the rules and regulations of the receiving jurisdiction. Pay fees to Tarrant County unless waived by the Court.

n.  (X) Complete __110__ hours of Community Service Restitution at the rate of no less than __5__ hours per month as scheduled by the Supervision Officer or Court, to be completed at an agency approved by the District Judges of Tarrant County.

o.  (X) Submit to urine testing for controlled substances and cannabinoids at the direction of the Supervision Officer and pay for urine testing as required.

p.  (X) Complete education programs as directed by the Supervision Officer. Obtain GED

q.  ( ) Observe a curfew as directed by the Supervision Officer or the Court.

r.  (X) Do not contact __WI I.P. or any member of family__

s.  (X) Supplement(s) / Amendment(s) as attached.    Submit your person, place of residence, or any vehicle under your control, to search, at any time, day or night, upon request of any peace officer, with or without a warrant.

You are advised that under the laws of this State, the Court has determined and imposed the above terms and conditions of your Community Supervision, and may at any time during the period of Community Supervision alter or modify them. The Court also has the authority, at any time during the period of Community Supervision, to Revoke your Community Supervision for any violation of the conditions of your Community Supervision set out above.

_____
Judge / ~~Magistrate~~

This day, a copy of the conditions of Community Supervision was handed to me by the Clerk of this Court.

_____
Witness: Supervision Officer

_____
Probationer

_____
Witness: District Clerk



DC-105-CR
REV. 12-95

VOL. 56 PAGE 328B

Exhibit 79 - 000036

DATE: 3-11-96

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN 213th DISTRICT |
| VS. NO. 0573461D | )( | COURT NO. _____ OF |
| Julius O. Robinson | )( | TARRANT COUNTY, TEXAS |

## SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

The defendant is ordered to participate fully in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the Court:

1.  Submit to Electronic Monitoring/Home Confinement for a period of _____ days to begin upon completion of equipment installation.

    ☐  Breath Alcohol Testing                    ☐  Visitel
    ☐  Continuous Radio Frequency Monitoring      ☐  Intruder Detection
                                                 ☐  _____

2.  Submit to testing for Controlled Substances/Cannabinoids, Alcohol as directed by the Supervision Officer or the Court.

(3.) Submit to screening, assessment, evaluation and/or testing for _Substance Abuse_ as directed by the Supervision Officer or Court.

4.  Attend and complete education, counseling and/or treatment for the following as directed by the Supervision Officer or Court:

    _____    _____
    _____    _____
    _____    _____

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 11 1996

Time _____ 9:45AM
By _____ R.W. _____ Deputy

5.  Attend and complete Education Programs as directed by the Supervision Officer.

6.  Attend and complete the state certified Texas Drug Offender Education Program.

7.  Attend and complete the state certified Texas DWI Repeat Offender Program.

8.  Do not operate any vehicle without an Ignition Interlock Device. Do not tamper with, attempt to bypass or allow any other person to activate the device.

9.  Enter, reside and remain at the Restitution Center until released by the Court.

10. Enter, reside and remain at the Court Residential Center until released by the Court.

11. Enter, reside and remain at the Substance Abuse Treatment Facility until released by the Court.

12. Enter, reside and remain at the Shock Incarceration Facility (Boot Camp) until released by the Court.

13. Comply with the rules of Surveillance Probation.

14. Attend Victim-Defendant Mediation.

15. Confinement in the Tarrant County Jail, _____ days, beginning _____.

16. Confinement in a state jail facility for _____ days, to begin no later than 10 days from the date of this order.

17. Extension of Community Supervision Period of _____, beginning _____.

18. Abstain from the use of alcohol.

19. Observe a curfew as directed by the Supervision Officer or the Court.

20. Do not contact _____ in any manner.

21. _____

_____
Judge / Magistrate

This day, a copy of the above Supplement/Amendment to Conditions of Community Supervision was handed to me by the Clerk of this Court/Supervision Officer.

_____
Witness: Supervision Officer

_____
Witness: Court Clerk

VOL. 56 PAGE 339A

_____
Probationer

DC-105A CR    GPC-1701    REV. 12-95

Exhibit 79 - 000037

COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
Tarrant County Criminal Justice Building
200 West Belknap Street
Fort Worth, Texas 76196-0255
817/884-1600

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 11 1996

Time _____
By ___9:45 AM___
_____ Deputy

AGREEMENT TO RETURN

WAIVER OF EXTRADITION

THE STATE OF TEXAS

VS. NO. ___0574361___          ___213th District___ COURT ____

___Julius O. Robinson___          TARRANT COUNTY, TEXAS

I, ___Julius O Robinson___          , in consideration of being granted
probation by the Texas authorities, hereby agree:

1. That I will comply with the conditions of probation in the cause shown above;

2. That I will remain within the limits of Tarrant County, Texas, unless given permission by the Adult Probation Officer of Tarrant County to leave therefrom;

3. That, should I be given permission to travel outside the State of Texas, I will, when duly instructed by the Texas authorities, return at any time to the State of Texas;

4. That my failure to comply with the above will be deemed to be a violation of the terms and conditions of probation for which I may be returned to the State of Texas;

5. That I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found, and also agree that I will not contest any effort by any jurisdiction to return me to the State of Texas.

Signed: ___Julius Robinson___

Dated: ___3-11-96___

Witness: _____

CSC-113   Rev. 11-91
GPC-1223

Exhibit 79 - 000038

REC BOND #                                            0574361

213 DISTRICT COURT

THE STATE OF TEXAS
COUNTY OF TARRANT

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
JULIUS O ROBINSON
and him safely

keep, so that you have him before the Honorable
213 DISTRICT COURT
, in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by indictment of
ATTEMPT MURDER

XXXXXXXXXXXX
a misdemeanor felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas
this 19TH day of JANUARY , 19 96 .
THOMAS A. WILDER

CLERK DISTRICT COURT

TARRANT COUNTY, TEXAS

By Rebeca _____ Deputy

FORM D. C. 265-C R

---

BoFO          ALIAS          NIC

No.    05743610

                              213

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
JULIUS VS. ROBINSON
1413 N COOPER              A
ARLINGTON     TX 080876 B M
                19TH
Issued the          day of
JANUARY , 19 96 .

Recall 01-24-96
Came to hand on the 19th
day of January, 1996
and executed on the 24th
day of January A. D. 1996
by Placing in jail
Sheriff David Williams
Tarrant County, Texas .
By J. Crowder 1657, Deputy.

Arrest ......... $_____
Mileage ......... _____
Miscellaneous ... _____
JAN 2 2 1996
Total ......... _____

Exhibit 79 - 000039

CERTIFICATE OF PROCEEDINGS

DATE: 1/24/96

DEFENDANT:

ACTION: BREI

PROCEEDINGS: *Bond reinstated with surety approval / BF NC WRNT recalled / cond. to remain same approval:*

JUDGE/MAGISTRATE: (signature)

CLERK: Patricia Cline

Exhibit 79 - 000040

CERTIFICATE OF PROCEEDINGS

CASE: 0574361    DATE: 1/19/96    DOCKET: 0574361D    CID: 0424050

DEFENDANT: ROBINSON,JULIUS O
MICRO:    ROBINSON,JULIUS O    INDICTED: Y    WARRANT:
DATE: 03/14/95

COURT: D213    HEARD: _____    TRANSFER COURT: _____

CHOV: __/__/__    I/O: ___    COUNTY: _____

CHARGE OFFENSE: 090125 ATTEMPT MURDER    DATE: 02/07/95  LSR INC: ___

DISPOSITION OFFENSE: _____    _____

PLEA: _____    BOND TYPE: _____    FINE: _____

DISP: _____ __/__/__    STATUS: _____    CT COST: _____

SENTENCE: _____ __/__/__    EVENT: _____    MISC: _____

ACTION: BoFO __/__/__    DUE: __/__/__

PROB (MOS): _____ __/__/__    AMOUNT: _____    PAID: _____

FORFEIT: __/__/__

INST VERD: _____    BONDSMAN: _____    _____

PROCEEDINGS: _____
Bond Forfeited; Warrant Issued;
Bond Reset at $20,000 w/ same previous conditions
1,+3 -B, 3-c, 3-e no possession or ownership of firearms
+ no contact with Sara Tucker    Release to Prob Officer

JUDGE/: _____    CLERK: _____
MAGISTRATE

Missed
Court on 1-8-96

Exhibit 79 - 000041

NO. 0574361D

| THE STATE OF TEXAS | () | IN THE 213TH JUDICIAL |
|---|---|---|
| VS. | () | DISTRICT COURT OF |
| Julius Robinson | () | TARRANT COUNTY, TEXAS |

## APPLICATION FOR CONTINUANCE

TO SAID HONORABLE COURT:

NOW COMES the Defendant in the above entitled and numbered cause and files this his/her _____1st_____ application for continuance. In support thereof, the Defendant would show the Court as follows:
(Check applicable cause).

_____ 1. That a witness necessary to the Defendant's case is not available at this time.

_____ 2. The attorney for the Defendant cannot be in attendance at this setting.

_____ 3. Defendant needs additional time to properly prepare for trial.

_____ 4. (Other)_____

_____

WHEREFORE, the Defendant moves the Court to continue this cause.

X _Julius Robinson_
DEFENDANT

_Michael Gugor_
ATTORNEY FOR DEFENDANT

GRANTED_____ X _____

DENIED_____

DATE __5/22/95__

_____
ROBERT K. GILL, JUDGE
213TH JUDICIAL DISTRICT COURT

FILED Thomas A. Wilder
THOMAS A. W.    DIST CLERK Tarrant County Texas
correcting clerical error
MAY 16 1995    may 22, 1995
Time 12:30 PM
By_____ fn _____ Deputy

Exhibit 79 - 000042

DC-63A  GPC-1831  REV. 12-94    CASE NO. _____ 0574361 _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE ___ 213TH ___ DISTRICT |
| VS. | § | COURT _____ |
| JULIUS O. ROBINSON _____ | § | TARRANT COUNTY, TEXAS |

## REQUEST FOR COUNSEL

On this ___ 27TH ___ day of ___ FEBRUARY ___, 19___ 95 have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the Court to appoint counsel for me.

## OATH

I, ___ JULIUS O. ROBINSON ___ being presently incarcerated in Tarrant County Jail in Tarrant County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ 27TH ___ day of ___ FEBRUARY ___, 19___ 95 .

_____
DEFENDANT

## ORDER APPOINTING COUNSEL

The Court determines this defendant is indigent.

It is therefore ORDERED, ADJUDGED AND DECREED that _____ a practicing attorney of this Court, is appointed to defend said defendant.

Signed this ___ 27TH ___ day of ___ FEBRUARY ___, 19___ 95 .

_____
JUDGE/MAGISTRATE
XXXXXX

Date ___ FEBRUARY 27, 1995 ___

_Steve Stanson_
_One Sandy Cts #821_
_Ft Worth, Tx 76102_

Please be advised that you have been appointed to represent the above defendant, who is charged with the offense of ___ ATT MURDER ___ and is now confined in the Tarrant County Jail, Fort Worth, Texas.

You will be notified by the Court of the Setting date.

**THOMAS A. WILDER, DISTRICT CLERK**

___ BRIGGITTE WILSON ___
Deputy District Clerk

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 27 1995

Time ___ 2:00 ___
By ___ BU ___ Deputy

TO: JIMMY C. CAUSEY, AUDITOR, TARRANT COUNTY, TEXAS

This is to certify that the above attorney has appeared in this Court a total of ___ -1- ___ day(s) in representing the above named defendant in the above styled and numbered cause(s).

$ ___ 100 ___
Date ___ 5-10-95 ___

_____
JUDGE, ___ 213TH ___ DISTRICT .
COURT _____

Exhibit 79 - 000043

8-100 - GENERAL PURPOSE BOND

# The State of Texas

**COUNTY OF** _____

085690

TARRANT COUNTY

'95 MAY -3 P3:49

JAIL RELEASE    JAIL RELEASE

THOMAS A. WILDER
DISTRICT CLERK '95 MAY -1 P9:51    '95 MAY -1 P9:20

| | | |
|---|---|---|
| Name: ROBINSON, JULIUS O | Race: ___ Sex: ___ | Near. Rel: ___ Address: ___ |
| Addr: ___ | Height: ___ | CSZ: ___ |
| CSZ: ___ | Weight: ___ | Emp. Name: ___ |
| Tel. #: ___ | Eyes: ___ | Emp. Address: ___ |
| D.L. #: ___ State: ___ | Hair: ___ | CSZ: ___ |
| DOB: ___ Place of Birth: ___ | | Emp. Tel: ___ |

| Case No. | Bond No. | Date Executed | Bond Amt. | Charging Instrument | Warrant No. | Arresting No. | CID |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Principal** ROBINSON, JULIUS O    **Offense Charged** ___

**Surety Name/Address** ___    **Court of Jurisdiction** ___

**KNOW ALL MEN BY THESE PRESENTS:**

That we, the above named and undersigned principal and sureties, in our respective capacities, are held and firmly bound unto the State of Texas in the penal sum of the above shown amount of bond, in addition to costs of Court, post judgment interest, and interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by peace officers in rearresting the principal in the event the conditions of this bond are violated, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such that whereas the above named principal is being held in due course of law for the above shown offense and appeared in the above shown court, said principal was ordered and required as shown above, to give bail in the above amount for his/her personal appearance before the above named court. Said principal acknowledges and understands that at the time of the making of this bond, that charges have ___ been filed either by affidavit, information, complaint, or indictment, and said principal further understands and acknowledges that such charges if not filed may be filed at a later date. Said principal and said surety agree and hereby contract that they acknowledge the validity of this bond, charges being filed as outlined herein and said principal and surety hereby covenant and agree that they will not contest the enforceability of this bond on the grounds of charges not being filed in a court of jurisdiction provided that said formal charges are later filed in a court of jurisdiction. Now if the principal shall well and truly make personal appearance instanter before the court shown above of the above named County at the above shown location at the present term of said court if now in session, or at its next regular term if now in vacation and further shall well and truly make personal appearance before any other court in which the same may be filed or transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due process of law, then and there to answer said accusation against said principal, this obligation shall become void, otherwise to remain in full force and effect.

**CONDITIONS OF THE BOND:** IF YOU ARE CHARGED WITH A FELONY, THEN A CONDITION OF THIS BOND SHALL BE THAT THE PERSON ACCUSED SHALL RETAIN COUNSEL WITHIN THREE DAYS OF HIS/HER RELEASE. YOU ARE ORDERED TO APPEAR WITH YOUR ATTORNEY ON THE 10TH BUSINESS DAY FROM THE DATE OF THIS BOND, BEING 05/10/1995 AT 10 AM IN THE MAGISTRATE'S HEARING ROOM FOR TARRANT COUNTY, TEXAS ('B' LEVEL, 401 W. BELKNAP) ** A PERSON APPEARING FOR ANY COURT SETTING WITHOUT COUNSEL MAY BE FOUND TO HAVE VIOLATED A CONDITION OF BOND AND MAY BE ARRESTED AND PLACED IN JAIL AND HIS BOND FORFEITED **(THE GOLD COPY OF THIS BOND IS RECEIVED BY THE INMATE/PRINCIPAL).    >> PRINCIPAL ___ _Julius O Robinson_

BOND REDUCED WITH CONDITIONS: #1, #3—B, #3—C ONCE A MONTH AND PAY FOR TESTS, 3—E no POSSESSION OR OWNERSHIP OF FIREARMS AND NO CONTACT W/ SARA TUCKER. RELEASE TO PROBATION OFFICER ONLY. ATTY: RONALD AULTMAN

**PERSONAL BOND:**

I swear that I will appear before _____ at _____ Texas,

on the _____ day of _____ at the hour of _____, or upon notice by the court, or to pay to the Court the principal sum of _____ plus all necessary and reasonable expenses incurred in any arrest for failure to appear.

**AFFIDAVIT OF SUFFICIENCY OF SURETY:**

I do swear that I am worth, in my own right, at least the sum of /35,953.00 ___, after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in Tarrant _____ County, and have property in this State liable to execution worth said amount or more.

Surety: _[signature]_

Stephanie Calahan
Notary Public State of Texas
My Commission Expires
10-14-95

Principal: X _Julius O. Robinson_

Witness: _[signature]_

Sworn to and subscribed before me this 20 day of April 95

_Stephanie Calahan_
Notary

Approved Magistrate

| Taken and Approved this _____ day of _____ | I certify the surety named herein has collateral in the amount indicated and, if submitted for approval, I would accept same. | LEFT INDEX | RIGHT INDEX |
|---|---|---|---|
| Sheriff: _____ County: _____ Texas | | Sheriff County, Texas | |
| By _[signature]_ , Deputy | By _____ , Deputy | | |

Exhibit 79 - 000044

CERTIFICATE OF PROCEEDINGS

CASE:          DATE: 4/24/95

DEFENDANT: ROBERT WILLIS

ACTION: BDUP

PROCEEDINGS: Bond reduced to $10,000.⁰⁰ w/ conditions: #1, #3-B

3-C. once a month & pay for tests  3-e No possession or
ownership of firearms  and No CONTACT with Sara Tucker
atty: Ronald Aultman            Release to Prob officer only

JUDGE/
MAGISTRATE: Robert Hill    CLERK: Rebecca ___

copy to Prob Dept

Exhibit 79 - 000045

## CONDITIONS OF BOND

☐ Probationer
☑ Non-Probationer

STATE OF TEXAS vs. _Julius O. Robinson_          DATE: _4-24-95_

CAUSE NO.: _0574361A_

CASE: _0574361_

CID: _0424050_

COURT: _213th District Court_

If on probation, it is the order of the court that you shall continue to comply with existing conditions of your probation and/or any additional conditions of bond.

☑ It is the order of the Court that you shall comply with the following terms and conditions of Bond.

☑ 1. Pay to and through the Community Supervision and Corrections Department of Tarrant County, Texas a supervisory fee of $40.00 per month up to a maximum of 12 months.

☐ 2. Report to the Community Supervision and Corrections Department of Tarrant County, Texas immediately following this hearing and as scheduled by the court. _____

☑ 3. Fully participate in and comply with the rules and requirements of the Community Supervision and Corrections Department's program(s) indicated below, pay all fees required, and continue to participate and comply until released by the court:

    ☐ a. Electronic monitoring/Home Confinement Programs.

    ☑ b. Abstain from the illegal use of controlled substances and cannabinoids or excessive consumption of alcoholic beverages.

    ☑ c. Testing for controlled substances and cannabinoids; _once a month & pay for tests_

    ☐ d. Participation in the Tarrant County Pretrial Supervision Drug Testing and Treatment Referral Program (TAIP).

    ☑ e. _No possession or ownership of firearms_
       _No contact with Sara Tucker_

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

APR 24 1995

Time _5:10 PM_
By _Pw_ Deputy

_____
Judge

Exhibit 79 - 000046

THE STATE OF TEXAS

WRIT, 0574361D

Writ to Serve Indictment

D213

COUNTY

'9  MAR 20  8:45

WILDER
RK

To Any Peace Officer of the State of Texas – GREETINGS:

YOU ARE HEREBY COMMANDED to immediately deliver to

JULIUS O ROBINSON

the defendant, in person, in the case of the STATE OF TEXAS vs.

JULIUS O ROBINSON          No.   0574361D

pending in the Criminal District Courts of Tarrant County,

the accompanying certified copy of Indictment in said cause.

HEREIN FAIL NOT, and make due return hereof FORTHWITH.

WITNESS my signature and official seal on this the

14TH   day of   MARCH   A.D. 19 95

THOMAS A. WILDER Clerk, District Courts, Tarrant County, Texas

By _____ , Deputy


OFFICER'S RETURN:

Came to hand the same day issued and executed by me

on the __16th__ day of _March_ 19 _95_, by delivering to

_Julius Robinson_ the within named

Defendant in person, the within named certified copy of indictment in said cause.

Returned on this the __16th__ day of _March_ 19 _95_ .

_David Williams_ , Sheriff

By _Ennis Eakin_ , Deputy


Form D.C. 141A

Exhibit 79 - 000047

D213

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 4 1995

Time _____
By _____ Deputy

To: THomas P. HugHes
    Tarrant County District Clerk
    401 West BelKNAp
    Ft. Worth, Tx 76102-2004

From: Julius Robinson          0574360 D
                               (attempt murder)

Dear sir,

I'm writing you to tell you
that I'm 18yrs old and that I go to Lamar High school in Allington Tx.
I'm in the 12th grade and trying to get out of school. I work at Venture in
Arlington and also go to nightschool. And I hope you will give me my
Bond reduction for that I may have a chance to get out of highschool and
continue my career. And I think you for giving your Time to hear me out.

                THank you
                Julius Robinson

Exhibit 79 - 000048

Signed *Julius Robinson*
3-11-95

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 14 1995

Time _____
By _____ Deputy

*Presented to Court*

SUBSCRIBED AND SWORN TO before me this the __11__ day of _____, 19__, Class Ft. Worth, Texas.

Notary Public
STATE OF TEXAS
My Comm. Exp. 07/28/97

Notary Public, in and for
____Texas____ County, Texas

Add an Order. See §1.11.

### § 4.09 Habeas Corpus Application for Relief from Excessive Bond

Where a person has been committed for failing to post bail in the amount set, he is entitled to the writ of habeas corpus if it is stated in his petition that the bail required is excessive. If the proof at hearing on the writ sustains the petition, the party is entitled to discharge or to have bail reduced. See Article 11.24 C.C.P. Remember for purposes of appeal that if the court reduces bond, the petitioner must show that he made an unsuccessful effort to furnish bail in the reduced amount. See *Ex Parte Garcia*, 491 S.W.2d 669 (Tex.Crim. App. 1973).

In felonies prior to indictment this application can be made to any district court. If the application is filed, the writ is returnable to any county in the state. After indictment on a felony charge and pending trial, the petitioner should apply to the judge of the court in which he is indicted or to the nearest district judge. See Article 11.08 C.C.P. The writ in such instances must be returned in the county where the offense is alleged to have occurred. See Article 11.07 C.C.P. If the petitioner is confined on a misdemeanor, he should first apply for relief to the county judge or a judge of a county court at law. See *Ex Parte Phelper*, 433 S.W.2d 897 (Tex. Crim.App. 1968).

If bail is reduced by the court at the hearing on the writ, before the petitioner can complain about the newly fixed amount on appeal, he has to demonstrate a failing effort to raise bail in that amount. See *Ex Parte Stembridge*, 472 S.W.2d 155 (Tex.Crim.App. 1971).

[Caption—*See* §.1.04]

#### APPLICATION FOR WRIT OF HABEAS CORPUS

To The Honorable Judge Of Said Court:

COMES NOW *Julius Robinson*, Petitioner in the above entitled and numbered cause and presents this his petition for habeas corpus for the purpose of obtaining discharge from custody or, in the alternative, the reduction of the bond presently set, the failure to enter which serves as the reason for the present custody of the Petitioner. In support of this petition, the applicant-Petitioner swears to the Court as follows:

Exhibit 79 - 000049

## I.
### *(Illegal restraint)*

The Petitioner is illegally restrained and confined at the Ft Worth County Jail of Tarrant County, Texas by the Respondent, Sheriff David Williams.

## II.
### *(Nature of confinement)*

Petitioner's confinement is by virtue of his arrest on a complaint (or information or indictment) number 0574361 pending in the District Court of Tarrant County, Texas. A copy of said charge, together with the process issued thereon, is attached hereto. (Or: A copy of said instrument is not attached hereto because the Petitioner was unable to secure such.)

## III.
### *(Failure to make bond)*

The Petitioner was committed to custody for failing to enter into bond on said charge as set by ___NA___ in the amount of $500,000.00 and currently instated. A copy of the order setting bond in such amount is attached hereto. (Or: A copy of which is not attached hereto because it could not be obtained.)

## IV.
### *(Effort to make bond)*

The bail required of Petitioner is excessive.* Petitioner has made a genuine effort (add if applicable: both individually and through his family and friends) to post bond in the amount of $600,000.00 instated, but has been unsuccessful in raising the money necessary to pay the professional bondsman fee for the posting of bond in the amount of $100,000.00 .

## V.
### *(Amount of bond which could be made)*

Petitioner is indigent (or a man of small wealth), but does have faithful friends and family who could adequately secure a surety bond in the amount of $25,000.00 .

---

* Note that Article 11.24 C.C.P. requires that the petition state that the bail required is excessive or that there was no sufficient cause for requiring bail.

Exhibit 79 - 000050



Julius Robinson # 0424050
100 N. Lamar, H02
FT. Worth, Tx 76102

Thomas P. Hughes
Tarrant County District Clerk
401 West Belknap
Ft. Worth, Tx 76102-2004

Exhibit 79 - 000051

NO. _0574381_

THE STATE OF TEXAS                    X          IN THE _317_ JUDICIAL

VS.                                   X          DISTRICT COURT

Julius D. Robinson                    X          TARRANT COUNTY, TEXAS

## STATE'S ANNOUNCEMENT OF READY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas in the above styled and numbered cause and announces to the Court that the State is ready for trial in this case.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

BY: _____
    Assistant Criminal
    District Attorney

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 1 4 1995

Time _10:15_
By _____ Deputy

Exhibit 79 - 000052

**NAME** JULIUS O ROBINSON

**ADDRESS** 9111 S D COOPER APT G

ARLINGTON TX

**RACE** B **SEX** M **AGE** 18 **DOB** 00-00-76

**CASE NO.** 0574561 **FILED: (DATE)** 02-09-95
FC HAS BEEN DETERMINED

**TRANSFER:** COURT           DATE

**OFFENSE** ATTEMPT MURDER

**DATE** 02-07-95

**I.P.** SARA TUCKER

**C.C.**

**AGENCY** ARLINGTON PD

**OFFENSE NO.** 950018242    **COURT** 0-13

COMPLAINT NO. _____

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Tarrant County, Texas, this day personally appeared the undersigned affiant, who upon his oath says that he has good reason to believe and does believe that in the County of Tarrant and State of Texas ★★★★★★★★★★★★

JULIUS O ROBINSON           hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 7TH day of FEBRUARY 19 95, did THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF MURDER OF SARA TUCKER, DO AN ACT, TO WIT: SHOOT AT HER WITH A FIREARM, AND SAID ACT AMOUNTED TO MORE THAN MERE PREPARATION THAT TENDED BUT FAILED TO EFFECT THE COMMISSION OF SAID MURDER.

COUNT TWO    AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 7TH DAY OF FEBRUARY, 1995, DID THEN AND THERE KNOWINGLY DISCHARGE A FIREARM AT OR IN THE DIRECTION OF SARA TUCKER.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on this the ___ day of FEB 19 95

_____
**Affiant**

**COMPLAINT**

_____
**Assistant District Attorney of
Tarrant County, Texas**

Filed (Clerk's use only)

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB - 9 1995

Time_____
By_____Deputy

Exhibit 79 - 000053



U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

June 8, 2007

Craig A. Harbaugh
Deputy Federal Public Defender
Central District of California
321 East 2nd Street
Los Angeles, California 90012-4202

Re:   Subpoena in a Civil Case for United States v. Julius Robinson, Case No. 4:00-CR-00260-2
      Our Inmate:  ROBINSON, Julius, Register No. 26190-177

Dear Mr. Harbaugh:

This is in response to the subpoena received in our office on Monday, May 14, 2007 regarding visiting records for your client, Julius Robinson. You specifically request copies of Bureau of Prisons' records pertaining to attorney visits for Julius Robinson for the time period from November 27, 2000 to June 14, 2002.

A thorough search has been conducted and a total of seven (7) pages were located in response to your request. These documents have been reviewed and all seven are being released with certain information excised. The aforementioned withholding and/or excision of information is pursuant to:

Title 5, United States Code Section 552 (b) (7) (C), because release of the information which is compiled for law enforcement purposes would constitute an unwarranted invasion of the personal privacy of individuals.

We trust that the information furnished will be of assistance to you.

Sincerely,

Jason Sickler
Regional Counsel

Enclosures: 7

Exhibit 80 - 000001

3-19-02 | 3:43 | Bruce Cummings | [signature] | Julius Robinson |

Inmate Visiting

Opened: 3/12/02
Closed: 5/23/02

Exhibit 80 - 000002

| Date | Time | Visitor Print | Visitor Signature | Inmate Name | Inmate Number | Time Out |
|---|---|---|---|---|---|---|
| 3-1-02 | 8:35 | John Holliman | John Holliman | Julius Robinson | 26190777 | 10:00 |

Inmates
Log

Opened: 12/22/01
Closed: 3/11/02

Exhibit 80 - 000003

| Date | Time | Visitor Sign | Visitor print | Inmate name | I/m number |
|---|---|---|---|---|---|
| 1-22-01 | 9:45 | *[signature]* | Alex Tandy | Julius Robinson | 26190-177 |
| 1-22-01 | 9:45 | Barby D. Black | | Julius Robinson | 26190-177 |
| 1/22/01 | 10 00 | Louis Sandbote | *[signature]* | Julius Robinson | 26190-177 |
| 1/22/01 | 10 00 | Guy Wach | *[signature]* | Julius Robinson | 26190-177 |
| 1/22/01 | 10:01 | Michael Gregory | Michael Gregory | Julius Robinson | 26190-177 |

Inmates Visitor
Log

Opened  11-30-00
Closed 5-26-01

Exhibit 80 - 000004

11/26/11 1356 | Alex TANM Tony J. Robinson 26190-177 H:

Inmate Visitor
Log

Opened: 11·30·00
Closed: 5·26·01

Exhibit 80 - 000005

| DATE | TIME | VISITOR Print Name | VISITOR SIGN | INMATE NAME | |
|---|---|---|---|---|---|
| 2/10/01 | 12:15 | Alex Tandy | [signature] | Julius Robinson | 35944-018 |

Inmate Visitor
Log

Opened: 11.30.00
Closed: 5.26.01

Exhibit 80 - 000006

| Date | Time | Visitor Print | Visitor Signature | Inmate Name | Inmate Number | Time Out |
|------|------|---------------|-------------------|-------------|---------------|----------|
| 10-10-01 | 1.00 | John Hollinon | John Heller | Julils Robinson | 2090-177 | 150 |

In mate Visiting Log

Opened: 5.26.01

Closed: 10.22.01

Exhibit 80 - 000007

| DATE | TIME | Visitor Name ; Signature | INMATE NAME | Reg # |
|------|------|--------------------------|-------------|-------|
| 5-24 | 1:05 | Weil Ball | | Julius O. Robinson |  |
| 5/24 | 1:20 | Harde Strubbal | | Julius Robinson |  |

Inmate Visiting

Opened: 5.23.02
Closed: 5-31-02

Exhibit 80 - 000008

Date    Time    Visitor Print    Visitor Signature    Inmate Name    Inmate Number    In/Out

Inmates Log
Opened: 12/22/01
Closed: 3/11/02

| 1-21-02 | 12:30 | Wes Ball | Wes Ball | Julius Robinson | 38835-019 | 30 |

Exhibit 80 - 000009

| Date | Time | Visitor Print 1 | Visitor Signature | Inmate Name | Inmate Number | |
|------|------|-----------------|-------------------|-------------|---------------|---|

Inmates Log

Opened: 12/22/01
Closed: 3/11/02

| 12-4-01 | 2:00 | Wes Ball | | Julius Robinson | | 3 |

Exhibit 80 - 000010

Certified True Copy

---

THE STATE OF TEXAS      ꞌ

COUNTY OF TARRANT      ꞌ


I, Thomas A. Wilder, Clerk of the District Courts of Tarrant County, Texas, do hereby certify that the above and foregoing is a true and correct copy of all documents in Cause number 0676421A (870 pages).

In Cause Number 0676421A, THE STATE OF TEXAS vs. RUSSELL, CARLIS JOVONITE as the same appears on the file and/or record in my said office.

WITNESS MY SIGNATURE and seal of the Court at office in the city of Fort Worth, Tarrant County, Texas, this date of April 9, 2007.


THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS


By _____
KARA HAMILTON, Deputy District Clerk

Exhibit 81 - 000001

**Vince Gonzales**
Mitigation Specialist
2819 57th Street
Lubbock, TX  79413-5606
(806) 785-8257

# Statement

Closing Date:　　**December 08, 2000**

**Bill To:**

Jack Strickland
Attorney at Law
909 Throckmorton Street
Fort Worth, TX 76102 USA

**Ship To:**

Jack Strickland
Attorney at Law
909 Throckmorton Street
Fort Worth, TX 76102 USA

| Date | Invoice Number | Amount | Payments | Due |
|---|---|---|---|---|
| 12/08/2000 | 1001 | 1,160.20 | 0.00 | 1,160.20 |
|  |  | $1,160.20 | $0.00 | $1,160.20 |

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
|---|---|---|---|---|
| $1,160.20 | $0.00 | $0.00 | $0.00 | $1,160.20 |

Exhibit 81 - 000002

**Vince Gonzales**
Mitigation Specialist
2819 57th Street
Lubbock, TX  79413-5606
(806) 785-8257

# Invoice

Number:  **1001**

Date:    **December 08, 2000**

**Bill To:**

Jack Strickland
Attorney at Law
909 Throckmorton Street
Fort Worth, TX 76102 USA

**Ship To:**

Jack Strickland
Attorney at Law
909 Throckmorton Street
Fort Worth, TX 76102 USA

| Project |
| --- |
| Carliss Russell |

| Date | Description | Hours | Rate | Amount |
| --- | --- | --- | --- | --- |
| 12/5/2000 | Conference with Counsel, Investigator and Defense Expert.  Review tapes, photos, | 5.00 | 55.00 | 275.00 |
| 12/6/2000 | Conference with Jack Strickland | 0.75 | 55.00 | 41.25 |
| 12/6/2000 | Review previous records related to tape, review prior testimony related to tape and review literature regarding prison classification | 2.25 | 55.00 | 123.75 |
| 12/6/2000 | Hotel - 2 nights | 2.00 | 85.10 | 170.20 |
| 12/7/2000 | Testimony, court waiting time and preparation and conferences | 10.00 | 55.00 | 550.00 |
| | | | **Total** | **$1,160.20** |

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
| --- | --- | --- | --- | --- |
| $1,160.20 | $0.00 | $0.00 | $0.00 | $1,160.20 |

Exhibit 81 - 000003

MEMO TO FILE

RE:    UNITED STATES OF AMERICA V. JULIUS OMAR ROBINSON

DATE:        DECEMBER 4, 2001

On December 4, 2001 I went to the Federal Medical Center at Fort Worth, to visit Mr. Robinson. I was escorted from the main entrance to the jail unit by a Bureau of Prisons employee (correctional officer) S. G. Sabolchick. The officer asked me who I was going to visit, and I told him. He immediately commented that the defendant was well behaved. He said that if they were all like that in the jail unit, it would almost be fun working back there. He said they never had any problems with the defendant. He was quiet, read the newspaper and caused no problems. He said he did not know what the defendant was in for, and didn't want to know what he was in for.

I identified the officer by his name badge. I did not let him know the impact of his statements or that it might put him in a position of being a defense witness. When I got to the jail unit I asked the defendant about the officer, and he said that he knew him. I advised the defendant to keep up his good behavior. The time of the conversation with the officer was approximately 2PM.

Wes Ball

Exhibit 82 - 000001