THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON, | : | CAUSE NO. 4:00-CR-00260-2 |
| aka Face, aka Scar, aka Scarface, | : | (Civil No. 4:05-CV-756-Y) |
| Defendant/Petitioner, | : | |
| | : | **DEATH PENALTY CASE** |
| vs. | : | |
| | : | Honorable Terry Means |
| UNITED STATES OF AMERICA, | : | United States District Judge |
| | : | |
| Plaintiff/Respondent. | : | |

---

**MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE SENTENCE WITHOUT AN EVIDENTIARY HEARING**

---

SEAN K. KENNEDY, No. 145632
Federal Public Defender
CRAIG A. HARBAUGH, No. 194309
Deputy Federal Public Defender
Federal Public Defender's Office
321 East 2nd Street
Los Angeles, CA 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-7566
E-Mail: Sean_Kennedy@fd.org
        Craig_Harbaugh@fd.org

Attorneys for Petitioner
JULIUS ROBINSON

MICHAEL CHARLTON, No. 04144800
Deputy Federal Public Defender
Federal Public Defender's Office
411 East Bonneville Avenue, Suite 250
Las Vegas, NV  89101-6632
Telephone: (702) 388-6577
Facsimile: (702) 388-6261
E-Mail: mike_charlton@fd.org

Attorneys for Petitioner
JULIUS ROBINSON

## TABLE OF CONTENTS

**Page**

MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The Court's Denial of Habeas Relief Was Based Upon a Manifest
                Error of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      The Dueling Affidavits Raise Extensive Issues of Disputed Fact That
                Cannot Be Resolved By the Trial Record. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      Robinson Must Be Given an Opportunity to Cross-Examine Trial Counsel
                Regarding Their Alleged Strategic Decisions. . . . . . . . . . . . . . . . . . . . . . . .  9

        D.      Robinson Must Be Allowed to Introduce All Relevant Evidence to Prove
                His Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Aulds v. Foster*,
　　484 F.2d 945 (5th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Clark v. Blackburn*,
　　619 F.2d 431 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dziurgot v. Luther*,
　　897 F.2d 1222 (1st Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fontaine v. United States*,
　　411 U.S. 213, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973).. . . . . . . . . . . . . . . . . . . . . . 3

*Haacks v. Wainwright*,
　　387 F.2d 176 (5th Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Holiday v. Johnston*,
　　313 U.S. 342, 61 S. Ct. 1015, 85 L. Ed. 1392 (1941). . . . . . . . . . . . . . . . . . . . . . . . 5

*James v. Smith*,
　　465 F.2d 379 (5th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Louis v. Blackburn*,
　　630 F.2d 1105 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Martin v. United States*,
　　447 F.2d 985 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Matthews v. United States*,
　　533 F.2d 900 (5th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Montgomery v. United States*,
　　469 F.2d 148 (5th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nelson v. United States*,
　　No. 07-3071 (8th Cir. Oct. 27, 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Owens v. United  States*,
　　551 F.2d 1053 (5th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Table of Authorities (cont'd)**                                                            **Page**

*Pike v. United States*,
 409 F.2d 499 (5th Cir. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Poller v. Columbia Broadcasting System, Inc.*,
 368 U.S. 464, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962). . . . . . . . . . . . . . . . . . . . . . . . 10

*Simon v. United States*,
 891 F.2d 1154 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Taylor v. Gibson*,
 529 F.2d 709 (5th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tillis v. United States*,
 449 F.2d 224 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Townsend v. Sain*,
 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). . . . . . . . . . . . . . . . . . . . . . . . 11

*Tucker v. United States*,
 No. 07-40139, 275 Fed. Appx. 402 (5th Cir. Apr. 28, 2008). . . . . . . . . . . . . . . . . . 4

*United States v. Arguellas*,
 No. 02-20867, 78 Fed. Appx. 984 (5th Cir. Oct. 27, 2003). . . . . . . . . . . . . . . . . . . 6

*United States v. Hughes*,
 635 F.2d 449 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Martinez*,
 181 F.3d 627 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Perez*,
 No. 04-21012, 227 Fed. Appx. 357,
 2007 U.S. App. LEXIS 10816 (May 4, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Severin*,
 No. 95-30869 (5th Cir. Mar. 27, 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Tapp*,
 491 F.3d 263 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Wynn*,
 292 F.3d 226 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Table of Authorities (cont'd)**                                                            **Page**

**Table of Authorities (cont'd)**                                                    **Page**

*Wiggins v. Smith*,
    539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wingo v. Wedding*,
    418 U.S. 461, 94 S. Ct. 2842, 41 L. Ed. 2d 879 (1974). . . . . . . . . . . . . . . . . . . . . . . . . 5

**Federal Statutes**

28 C.F.R. § 501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 C.F.R. § 541. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3582 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 2255 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. Rules of Civil Procedure
    Rule 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON, | : | CAUSE NO. 4:00-CR-00260-2 |
| aka Face, aka Scar, aka Scarface, | : | (Civil No. 4:05-CV-756-Y) |
| Defendant/Petitioner, | : | |
| | : | DEATH PENALTY CASE |
| vs. | : | |
| | : | Honorable Terry Means |
| UNITED STATES OF AMERICA, | : | United States District Judge |
| | : | |
| Plaintiff/Respondent. | : | |

_____

**MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE
SENTENCE WITHOUT AN EVIDENTIARY HEARING**
_____

**<u>MOTION</u>**

Petitioner Julius Robinson moves pursuant to Rule 59 of the Federal Rules of Civil

Procedure for reconsideration of the Court's order summarily denying relief in this case.  This

motion is based on the attached memorandum of points and authorities, exhibits, and all the files

and records of this case.

Respectfully submitted,

Dated: November 24, 2008                /s/_____

SEAN K. KENNEDY
Federal Public Defender
MIKE CHARLTON
CRAIG A. HARBAUGH
Deputy Federal Public Defenders

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

The Court appears to adopt two different standards for granting an evidentiary hearing. In the 2255 habeas proceedings for John Turner, the Court ordered an evidentiary hearing. *See Untied States v. Nathan Henderson, et al*, 4:00-cr-00260-Y-8, Dkt. 2390. Like Robinson, Turner alleged ineffective assistance of counsel. Turner accused his trial counsel of failing to advise him regarding a possible sentence reduction in exchange for a guilty plea. Although Turner's allegation was supported only by his own uncorroborated statement, the Court held that a hearing was "required" because "[t]he records of this case do not conclusively show that this claim is without merit." *Id.* at 12. Despite the Court's recognition that Turner's "veracity is questionable," the Court even granted habeas relief. Dkt 2407 at 10.

In stark contrast to Turner, Robinson supported his allegations with a mountain of documentary evidence, including sworn declarations. Nevertheless, the Court summarily rejected Robinson's petition without a hearing. The Court discounted *all* of Robinson's aggravation rebuttal evidence and mitigation evidence as "unpersuasive." At the same time, the Court concluded that the numerous failings of Robinson's attorneys were the result of "strategic" decisions relying upon nothing more than the *ipse dixit* of trial counsel.

The Court's approach in this case cannot be reconciled either with Fifth Circuit precedent or its own standards. Consequently, because the denial of Robinson's petition is based upon a manifest error of law, the judgment must be set aside to allow Robinson an opportunity to prove his allegations at an evidentiary hearing.

## II

## <u>STANDARD OF REVIEW</u>

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); Fed. R. Civ. P. Rule 59(e).

## III

## <u>ARGUMENT</u>

**A.     The Court's Denial of Habeas Relief Was Based Upon a Manifest Error of Law**[1]

Unlike state prisoners, federal habeas petitioners enjoy a presumption in favor of an evidentiary hearing. *See* 8 U.S.C. § 2255 (2008). As this Court previously recognized, "[a] hearing on a claim for relief under § 2255 is required if sufficient facts are alleged to support a claim for relief 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Henderson*, 4:00-cr-00260-Y-8, Dkt 2390 at 12 (quoting *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999); *accord Fontaine v. United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed 2d 169 (1973). More than three decades ago, the Fifth Circuit explained why an evidentiary hearing is so critical to habeas proceedings:

> The lower court made credibility choices without hearing witnesses testify, without observing their demeanor or hearing their testimony subjected to cross-examination. Factual disputes are not so resolved under our system of jurisprudence. Factual allegations may not be brushed aside as "beyond belief" by examining a complaint, affidavits and factual responses. [The petitioner] must have his day in court.

*Taylor v. Gibson*, 529 F.2d 709, 716 (5th Cir. 1976). Because ineffective-assistance-of-counsel

---

[1] By focusing on the Court's failure to grant an evidentiary hearing, Robinson in no way concedes that the remainder of the Court's judgment is correct.

("IAC") claims typically involve factual disputes unresolved by the trial record, an evidentiary hearing is required.  *See Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir. 1980) (remanding for an evidentiary hearing "because we cannot conclusively determine the accuracy of petitioner's allegations of failure of his trial counsel to confer with him or to prepare and investigate adequately possible defenses prior to trial); *see also Nelson v. United States*, No. 07-3071 (8th Cir. Oct. 27, 2008) (internal citations omitted) ("[I]ssues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record.").  Indeed, the Fifth Circuit usually reverses the summary denial of a 2255 petition which alleges IAC claims.  *See, e.g., United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (reversing denial of 2255 petition where district court failed to conduct an evidentiary hearing on ineffective assistance of counsel claim); *Tucker v. United States*, No. 07-40139, 275 Fed. Appx. 402, 403-404 (5th Cir. Apr. 28, 2008) (reversing district court's denial of 2255 petition without evidentiary hearing where petitioner "identified factual disputes with respect to his ineffective assistance of counsel claims that cannot be decided on the basis of these affidavits alone"); *United States v. Severin*, No. 95-30869 (5th Cir. Mar. 27, 1996) (remanding for an evidentiary hearing even where petitioner did not request a hearing because conflicting affidavits established the need for a hearing under § 2255); *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) (remanding summary denial of 2255 petition without an evidentiary hearing to provide petitioner an opportunity to provide more specific detail in support of allegations of ineffective assistance of counsel); *see also United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002) (evidentiary hearing required based on allegation § 2255 motion should not be time-barred because attorney misrepresented status of case to petitioner).

In this case, the Government twice acknowledged that the Court should hold a hearing on Robinson's IAC claim. *See* Response at p. 90 (Dkt. 2365); Supp. Resp. at p. 10 (Dkt. 2439). Notwithstanding the Government's concession, the Court summarily denied the motion without an evidentiary hearing. *See* Order, at pp. 45-46 (Dkt. 2453). This was manifest error.

**B.     The Dueling Affidavits Raise Extensive Issues of Disputed Fact That Cannot Be Resolved By the Trial Record**

 "The Supreme Court has emphasized, in cases that involve the constitutional rights of criminal defendants, that factual findings may not be made by someone who decides on the basis of a cold record without the opportunity to hear and observe the witnesses in order to determine their credibility." *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) (reversing district court's denial of 2255 petition where district court rejected magistrate judge's credibility findings without conducting a second evidentiary hearing); *see, e. g.*, *Wingo v. Wedding*, 418 U.S. 461, 94 S. Ct. 2842, 41 L. Ed. 2d 879 (1974); *Holiday v. Johnston*, 313 U.S. 342, 352, 61 S. Ct. 1015, 1018, 85 L. Ed. 1392 (1941). Ordinarily, contested fact issues may not be decided on affidavits alone. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *Aulds v. Foster*, 484 F.2d 945 (5th Cir. 1973); *Montgomery v. United States*, 469 F.2d 148 (5th Cir. 1972); *Martin v. United States,*, 447 F.2d 985 (5th Cir. 1971). Only "[w]here the affidavits are supported by other evidence in the record the court may rely upon them." *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977); *James v. Smith*, 465 F.2d 379 (5th Cir. 1972); *Tillis v. United States*, 449 F.2d 224 (5th Cir. 1971). A district court abuses its discretion in denying a habeas petition summarily where the evidence is in conflict. *Pike v. United States*, 409 F.2d 499, 501 (5th Cir. 1969) ("Where the allegations in a § 2255 motion would entitle the

petitioner to relief and the files and records of the trial court are inconclusive, findings of controverted issues of material fact must be made on the basis of an evidentiary hearing, not on the basis of pleadings and affidavits."); *Matthews v. United States*, 533 F.2d 900 (5th Cir. 1976) (reversing and remanding the denial of 2255 motion for an evidentiary hearing because the district court was faced with "conflicting affidavits"); *see, e.g., United States v. Perez*, No. 04-21012, 227 Fed. Appx. 357, 2007 U.S. App. LEXIS 10816, (May 4, 2007) (remanding denial of 2255 petition due to a "factual dispute sufficient to warrant a hearing"); *United States v. Arguellas*, No. 02-20867, 78 Fed. Appx. 984, 987 (5th Cir. Oct. 27, 2003) (same).

According to the Court, "the record before this Court, including the exhibits submitted by Robinson with his motion, do not create any contested fact [sic] issues that must be resolved in order to decide Robinson's claims." Order, at p. 45 (Dkt. 2453). But as reflected in its denial order, the Court resolved a number of factual disputes, all against Robinson.

For each subclaim asserted in support of the IAC claim, Robinson alleged that trial counsel failed to conduct an adequate investigation. Specifically, Robinson alleged either that trial counsel conducted no investigation whatsoever or that the information available should have prompted trial counsel to pursue additional investigation. *See, e.g.*, Motion at pp. 18-20 (failure to investigate "One Love"); Supp. Pldg. at pp. 8-11 (failure to investigate Tucker incident); Supp. Pldg. at pp. 12-14 (failure to investigate gang affiliation allegation); Motion at p. 29 (knowledge of Robinson's trouble in school); Motion at pp. 50, 54-56 (knowledge of Robinson's mothers drug addiction).

Rather than rely on bald assertions, Robinson supported his allegations with extensive

6

documentary evidence.  Direct evidence included statements from numerous relevant witnesses who claimed they were never interviewed by trial counsel.  Circumstantial evidence included the production of numerous records, such as court files, police reports and life history documents.  In addition, Robinson provided statements from the current record custodian of trial counsel's files confirming the absence of any witness interview notes or memoranda as well as the absence of any of the documentary evidence obtained by habeas counsel.  *See* Exs. 31, 61.  Given the importance of these witnesses and documents, and their conspicuous absence from trial counsel's files, it is more likely that trial counsel was simply ignorant of their existence rather than made a strategic decision not to obtain or present them.

To contradict Robinson's allegations, the Government provided declarations from both trial counsel, Wesley Ball and Jack Strickland, and their investigator, Bill Cummings.  Resp. Exs. A-C.  The most direct conflict between the Government's evidence and Robinson's evidence is whether certain individuals were ever interviewed.  Ball suggests he may have interviewed some of the individuals who carried out the "One Love" robbery.  Resp. Ex. A, at p. 11.  All of these individuals deny ever being interviewed before speaking some with the Federal Public Defender's Office.  Ex. 8, Decl. of Keith Edington at ¶ 7; Ex. 21, Decl. of Wayne Jordan at ¶ 17; Ex. 28, Decl. of Alquantis Pitts, at ¶ 16; Ex. 34, Decl. of Michael Williams at ¶ 6.

With regard to Robinson's relatives, Ball and Cummings identify certain individuals that they allegedly interviewed as part of their mitigation investigation.  Resp. Ex. C, at p. 4 (claiming to have spoken to "Margaret Hollimon, Rosa Hollimon, Brenda Hollimon, Josephine Hollimon, Marcus Robinson, and Willie White" and that Ball interviewed John Hollimon "and perhaps others").  While some of these individuals recalled being contacted by a member of Robinson's

7

defense team, all of them deny ever being questioned about Robinson's background.  Ex. 65, Supp. Decl. of Willie White, at ¶ 2 (interviewed only about Robinson's drug activity); Ex. 64, Supp. Decl. of Marcus Robinson, at ¶ 2 (same); Ex. 62, Supp. Decl. of Josephine Dotson, at ¶ 3 (interviewed only about Robinson's school and told investigator that she had no knowledge); Ex. 58, Decl. of Brenda Hollimon, at ¶ 4.  In addition, Robinson provided a declaration from L. J. Britt's trial counsel, Danny Burns, who stated that friends and family members in Dermott denied ever being contacted by Robinson's attorneys despite their enthusiasm to assist with his case.  Ex. 56, Aff. of Danny Burns, at ¶ 9.  Therefore, because there is a material factual dispute between the parties as to whether critical witnesses were interviewed by members of Robinson's trial team, the Court is obligated to hold a hearing.

Beyond these specific contradictions, the Government's evidence poses a more general conflict as to whether trial counsel's omissions were the product of strategic judgment or pure inattention.  In response to each of Robinson's specific allegations that trial counsel failed to investigate a particular area, both Ball and Strickland attempt to justify any perceived dereliction based upon strategic or tactical determinations.  *See* Resp. Ex. A, Aff. of Wessley T. Ball, at p. 2 ("strategy"), p. 6 ("strategy") p. 8 ("strategic choices"), p. 10 ("strategy"), p. 13 "strategy").  But none of trial counsel's claims are supported by the underlying record.  Neither the court reporter's transcript from Robinson's trial nor trial counsel's own files reflect any alleged "strategic" decision to forgo a particular area of investigation or penalty phase presentation.

Robinson certainly does not accept trial counsel's "tactical" justification at face value.  Instead, Robinson insists that trial counsel have attempted to excuse their dereliction with

8

"post hoc-rationalizations." Petitioner's Reply at 75 (citing *Wiggins v. Smith*, 539 U.S. 510, 527, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) ("the 'strategic decision' . . . invoke[d] to justify counsel's limited pursuit of mitigating evidence resembles more a post-hoc rationalization of counsel's conduct than an accurate description of their deliberations prior to sentencing.") Therefore, because the parties fundamentally disagree about the reason for trial counsel's failure to investigate and present evidence at the penalty phase, the Court is obligated to conduct an evidentiary hearing.

In finding that trial counsel did not provide deficient performance, the Court necessarily resolved this factual dispute against Robinson. For each alleged omission, the Court concluded that trial counsel's actions were reasonable, finding that trial counsel either (a) were aware of the information but made a strategic decision not to present it, or (b) made a strategic decision not to pursue a particular line of investigation. Consequently, because the Court could not have resolved this factual dispute without having an opportunity to assess trial counsel's demeanor and credibility, the Court abused its discretion by failing to conduct an evidentiary hearing.

**C.    Robinson Must Be Given an Opportunity to Cross-Examine Trial Counsel Regarding Their Alleged Strategic Decisions**

Not only did the Court resolve factual disputes, it deprived Robinson the opportunity to cross-examine trial counsel. "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962).

As discussed *supra*, trial counsel offered a number of contradictions to Robinson's

evidence.  At the very least, Robinson is entitled to an evidentiary hearing in the district court to determine whether Strickland and Ball actually made "strategic" decisions, or, as Robinson alleges in his Section 2255 motion, that counsel never investigated the pertinent issues.

Moreover, the declarations of trial counsel betray a serious bias that can only be explored through adequate cross-examination.  Ball does not confine his declaration to a recitation of historical facts relevant to deciding the motion; he analyzes legal principles and opines why Robinson's ineffective-assistance claims should fail.  *See generally* Response Ex. A.  Strickland goes even further declaring, "Like Mr. Ball, I dispute all of Robinson's claims with the single exception that there arose a breakdown in the attorney-client relationship during the appeal of this case."  Response Ex. B. at p. 2 (emphasis added).  Strickland also declares that he "greatly resent[s]" habeas counsel for "casually slandering the efforts and reputations of lawyers who labor in the trenches."  *Id.* at p. 8.  These declarations not only create a stark dispute regarding the facts relevant to ineffective assistance of counsel, they raise questions about the declarants' credibility.

Given the tenor of Strickland's declaration, there is good reason to suspect that his statements are influenced by emotion or resentment over the "abusive practice" of alleging ineffective assistance of counsel in a capital case.  *Id.*  Strickland accuses post-conviction counsel of "slandering" him.  Under § 2255, Robinson is entitled to probe both trial counsel's resentments and potential bias through cross-examination.

**D.      Robinson Must Be Allowed to Introduce All Relevant Evidence to Prove His Claim**

Where, as here, the record reveals a factual dispute, the parties "must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed

10

issues." *Haacks v. Wainwright*, 387 F.2d 176, 178 (5th Cir. 1968) (quoting *Townsend v. Sain*, 372 U.S. 293, 322, 83 S. Ct. 745, 762, 9 L. Ed. 2d 770 (1963)); *see also Dziurgot v. Luther*, 897 F.2d 1222, 1226 (1st Cir. 1990) ("the source of our concern about the lack of an evidentiary hearing is that Dziurgot was never given an opportunity to present medical or other evidence in an attempt to prove his claim that drugs had impaired his mental faculties so severely as to call his waiver into question").

Beyond the evidence submitted in support of his 2255 motion, Robinson intends to offer additional evidence to prove his IAC claim at an evidentiary hearing. For example, to bolster the contention that trial counsel provided ineffective representation in failing to challenge the prosecution's allegation that Robinson ordered a "hit" on Michael "One Love" Williams, Robinson will call Steven Toston. Toston contradicts Nathan Henderson's testimony that Toston was present when Robinson expressed an intent to "get" One Love. 20 RT 114, 128. According to Toston, "[a]t no time did Julius ever say to Nate in my presence that Julius intended to harm or 'get' One Love or anyone else, or that he intended to ask someone in Dermott to harm One Love." Ex. 84, Aff. of Steven Toston, at ¶ 4.

Robinson would have also demonstrated at an evidentiary hearing that the trial counsel failed to undermine the prosecution prison expert's dubious reliance on the alleged "One Love" hit as a basis for declaring that Robinson could continue to call in hits from prison with impunity. During the prosecution's rebuttal case at the penalty phase, the Government called Peter Carlson, a former warden with the United States Bureau of Prisons. 22 RT 107. Carlson testified that if Robinson was sentenced to life without possibility of parole, he would have a number of privileges, including access to telephones during off-duty hours with a phone list and limited

numbers of minutes each month.  Carlson further claimed that it would be difficult for the

Bureau of Prison's to restrict Robinson's three-way calls, which would pose a security risk

because an inmate, such as Robinson, could use the telephone to commit offenses.

22 RT 116-17.

Had trial counsel adequately prepared for the penalty phase, they would have known

that Carlson's opinion was inaccurate at best, spurious at worst.  The Attorney General or

his designee, may authorize the Director of the Bureau of Prisons (BOP) to implement "special

administrative measures" upon written notification to BOP "that there is a substantial risk that

a prisoner's communications or contacts with persons could result in death or serious bodily

injury to persons, or substantial damage to property that would entail the risk of death or serious

bodily injury to persons."  28 C.F.R. § 501.3.  These special administrative measures "include

housing the inmate in administrative detention and/or limiting certain privileges, including,

but not limited to, correspondence, visiting, interviews with representatives of the news media,

and use of the telephone."  28 C.F.R. § 501.3; 28 C.F.R. § 541.41(b)(2).[2]  Trial counsel knew

or should have known that the testimony was inaccurate.  Their failure to challenge this

---

[2] Indeed, the court could have imposed these strict conditions. 18 U.S.C. § 3582(d) (2008).

12

testimony exacerbated the prejudice resulting from the "hit" allegation and created the false

impression for the jury that prison officials were powerless to prevent Robinson from ordering

additional"hits" from prison.[3]

Finally, Robinson intended to offer additional evidence demonstrating that the judicial

disposition of incident involving Sarah Tucker evinced a substantial lack of evidence of the

attempted murder charge.  According to Robinson's trial attorney, Michael Gregory, the reason

the prosecutor was open to a reduction to the deadly conduct charge was that "(1) the State's

primary witness was unfavorable to the State's case; (2) the forensic evidence did not attach to

the client and (3) other perpetrators could have committed the crime."  Ex. 86, Aff. of Michael

Gregory, ¶ 3.  In addition, Mr. Gregory believed that the State recognized that "the evidence may

not have supported a finding that there was any intent to kill."  *Id.* at ¶ 4.  According to Mr.

Gregory, "[t]he fact that a deferred probation was offered also indicates that the State did not feel

that Mr. Robinson was a threat to commit further acts of violence."  *Id.*

---

[3]  Not only could trial counsel have relied on the regulations, they could have presented the Government's earlier concession on this point.  Ex. 85, *Johnson v. United States*, No. 00-8520, Brief for the United States in Opposition to Certiorari.  In a case involving remarkably similar facts ("hit" ordered from prison), the Government acknowledged that expert testimony emphasizing the BOP's inability to limit prisoner communication was misleading:

> Although the district court and court of appeals correctly concluded that the warden's testimony was not false, the testimony did not describe all of the legal restrictions that could be imposed on an inmate, such as special administrative measures. . . That information . . . would have given the jury a more complete understanding of the legal authority to limit prisoner communications and contacts.  Without the information, the jury may have held the mistaken impression that no such legal authority existed.

*Id.* at p. 14

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Robinson's motion for

reconsideration and order an evidentiary hearing on his ineffective-assistance-of-counsel claim.

Respectfully submitted,


Dated: November 24, 2008                             /s/
                                                     SEAN K. KENNEDY
                                                     Federal Public Defender
                                                     MIKE CHARLTON
                                                     CRAIG A. HARBAUGH
                                                     Deputy Federal Public Defenders

14

## CERTIFICATE OF SERVICE

I, Patricia Jacobson, hereby certify that on November 24, 2008, I electronically filed the

foregoing document with the clerk of the court for the U.S. District Court, Northern District of

Texas, using the electronic case filing system of the court. The electronic case filing system sent

a "Notice of Electronic filing" to the following attorneys of record who have consented in writing

to accept this Notice as service of this document by electronic means:

SUSAN COWGER
Assistant United States Attorney
U.S. Attorney's Office
1100 Commerce Street, 3rd Fl.
Dallas, Texas 75242-1699


                                        //s//
                                     Patricia Jacobson

15