IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS ROBINSON, | § | |
| aka Face, aka Scar, aka Scarface, | § | |
| Defendant-Petitioner, | § | |
| | § | |
| v. | § | NO. 4-00-CR-260-Y |
| | § | (Civil No. 4:05-CV-756-Y) |
| UNITED STATES OF AMERICA, | § | **DEATH PENALTY CASE** |
| Plaintiff-Respondent. | § | (ECF) |

### GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER DENYING § 2255 RELIEF

Robinson's sole articulated ground for seeking reconsideration is that the Court failed to hold an evidentiary hearing to resolve disputed fact issues on the question of ineffective assistance of counsel (IAC), in violation of the principles and rules governing 28 U.S.C. § 2255 proceedings. The government had originally proposed that the Court hold an evidentiary hearing, which would have been for the purpose of deciding whether Robinson's counsel performed deficiently. But the Court has properly concluded that Robinson has not established prejudice even if there was deficient performance (although it also believes there was not). That is, the Court has decided Robinson's claims either by (1) assuming the truth of his factual allegations of deficiency and disposing of issues as a matter of law, or (2) referring to the trial record and/or its own recollection for factual support. Therefore, an evidentiary hearing is not required.

The Fifth Circuit reviews the denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *See United States v. Bartholomew*, 974 F.2d 39, 41

(5th Cir. 1992).  The court of appeals will not find that a district court abused its discretion in declining to conduct an evidentiary hearing unless the § 2255 movant "produce[s] independent indicia of the likely merit of [his] allegations."  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks and citation omitted).  Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record.  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).  When facts are at issue in a § 2255 proceeding, a hearing is required if: (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief; and (2) the movant would be entitled to post-conviction relief as a legal matter if his factual allegations are true.  *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979); *United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991).

Here, the record as so supplemented does, as to some of Robinson's IAC claims, conclusively negate his version of the facts.  As to others, even if Robinson's factual allegations are taken as true, as a matter of law he is not entitled to relief because the Court has found he suffered no prejudice in the outcome of his trial.

Robinson's argument that there had to be an evidentiary hearing, and that it was a "manifest error of law" not to hold one, finds little support in the authority he cites at pages 4-6 of his reconsideration motion.  First, many of the cases cited there predate *Strickland v. Washington*, 466 U.S. 668 (1984).  They do not take account of the standard

that requires a defendant to prove both deficient performance and prejudice before he may claim relief. For example, in *Clark v. Blackburn*, 619 F.2d 431 (5th Cir. 1980), there was no discussion of any burden on the defendant to show prejudice due to his lawyer's alleged ineffectiveness. To the contrary, the court there held that an inquiry into counsel's performance is "require[d]." *Id.* at 433. By now, however, it is well-established that if there is no adequate showing of prejudice, a reviewing court need not decide whether counsel's performance was deficient. *Strickland*, 466 U.S. at 698. The facts of the *Clark* case, moreover, would seem to establish that any attempt to show prejudice was not reasonably likely to succeed, since counsel in *Clark* did present a witness to corroborate the essence of defendant's exculpatory version of the facts. *Clark*, 619 F.2d at 433.[1]

---

[1] Other cases Robinson cites are also, for one reason or another, not enlightening in the instant circumstances. *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (holding, immaterially to this case, that prejudice is presumed where counsel failed to file a notice of appeal if he was asked to do so); *Tucker v. United States*, 275 Fed. Appx. 402 (5th Cir. 2008) (reversing for an evidentiary hearing but without detailing the nature of the factual disputes requiring resolution and with no discussion of the possibility of deciding the issues as a matter of law); *United States v. Martinez*, 181 F.3d 627 (5th Cir. 1999) (remanding, not for a hearing, but only to allow *pro se* defendant to state his claim in writing with greater specificity, immaterially to this case where Robinson is represented and has included voluminous detail about the nature of his claims); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (remanding for evidentiary hearing on question of whether defendant acted diligently in pursuing relief once he learned his lawyer was lying to him; prejudice obvious if lawyer had lied and defendant *was* diligent in that defendant would have filed a timely § 2255 motion). As most of the cases Robinson cites on pages 5 and 6 of his reconsideration motion predate *Strickland*, many of them do not analyze the necessity of proving prejudice to win a § 2255 motion, and are of correspondingly limited value here. *See, e.g., Louis v. Blackburn*, 630 F.2d 1105 (5th Cir. 1980) (containing no analysis of prejudice, and treating circumstances not present here, where magistrate judge held an evidentiary hearing and district court disagreed with that judge's credibility findings on reading the written record). Several other cases concern claims of a coerced guilty plea, in which the potential prejudice is obvious, unlike here. See, *e.g., Pike v. United States*, 409 F.2d 499 (5th Cir. 1969); *United States v. Severin*, 1996 WL 107239 (5th Cir. 1996). See also, *Aulds v. Foster*, 484 F.2d 945 (5th Cir. 1973) (holding there to have been an improper grant of summary judgment on a civil rights claim; not a § 2255 case).

Government's response to motion for reconsideration – Page 3

1.  Claim of counsel's failure to hire a skilled investigator

The Court has decided that this IAC claim fails on two fronts.  The first is that the entire record, including that of the trial, makes clear that there was an experienced defense investigator and that he followed through on contacting and gaining favorable testimony from character and family witnesses that Robinson identified to his defense team.  Memorandum Opinion and Order ("Mem. Opp") at 15-16.  This finding conclusively negates Robinson's naked claim that the defense investigator was somehow not "skilled."  Indeed, Robinson makes no argument in his motion for reconsideration that this IAC claim presents any unresolved essential fact issue.  The Court has thus not erred in failing to hold an evidentiary hearing on the matter.

Secondly, the Court decided that because Robinson has proffered no facts "to demonstrate that his counsel's choice of investigator prejudiced his case[,]" (Mem. Opp. at 16), this IAC claim also fails as a matter of law.[2]  It is, of course, the movant's burden to set forth facts sufficient to invoke the necessity of taking evidence on a matter, as he bears the burden of proof throughout a § 2255 proceeding.  *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (holding that it is defendant's burden to allege facts which establish prejudice).  As Robinson has not set forth such facts in his pleadings, the Court was not required to hold an evidentiary hearing.

---

[2]  Robinson does argue that counsel's failure to hire a mitigation specialist prejudiced him, but that is treated as a separate IAC claim.

**Government's response to motion for reconsideration – Page 4**

   2. Claim of counsel's failure to investigate adequately as to future dangerousness

The Court's analysis of Robinson's claims regarding the event involving Michael "One Love" Williams, (Mem. Opp. at 18-20), rests in part on the proper conclusion that the facts he has proffered simply do not establish prejudice. The affidavits he offered with his petition are so riddled with inconsistencies and holes that even if counsel had uncovered all these statements from the affiants at the time of the penalty phase, and even if counsel decided to risk putting the affiants on the stand – with all their unattractive baggage – the effect would not be sufficiently likely "to undermine confidence in the" jury's penalty decision. *Strickland*, 466 U.S. at 694.

For the first time in his motion for reconsideration, Robinson submits yet another affidavit on the subject, from Steven Toston. (DX 84.) Toston purports to contradict trial testimony given by Nate Henderson that Henderson, Toston, and Robinson were all in a cell together when Robinson said he needed someone to "get" One Love. (R20/130.) Toston says that Robinson never said in his presence that he, Robinson, intended to get One Love or that he intended to ask someone in Dermott, Arkansas to do so. First, even if the Court chooses to consider this late affidavit, Toston's statement does not fully contradict Henderson's testimony, which also made it plain that Robinson could make his wishes known in less explicit ways than by outright directives.[3] (R20/115.) Furthermore,

---

[3] Additionally, this new affidavit does not advance Robinson's claim that the government knowingly presented false testimony when it elicited Henderson's version of events. As the Court has correctly noted, (Mem. Opp. at 43-44), merely because one witness contradicts another does not make the other's testimony automatically false. Nor has Robinson presented evidence that the government knowingly presented any false testimony.

Government's response to motion for reconsideration – Page 5

the affidavit affects not at all the court's conclusion that Robinson's jury would have voted for the death penalty even without any future dangerousness evidence, given that such evidence applied across the board and yet the jury did not vote for death on the Resendez murder.  (Mem. Opp. at 20.)  Thus, as a matter of law, with no convincing case to be made for prejudice, Robinson's IAC claim regarding investigation of the One Love incident did not have to be tested in an evidentiary hearing.  *See Edwards*, 442 F.3d at 267-68 & n.10 (finding no abuse of discretion in denial of an evidentiary hearing in a § 2255 proceeding on a claim that the government suppressed evidence when, even if true, the suppressed evidence would not have affected the trial's outcome; an evidentiary hearing "would serve as nothing more than a fishing expedition.").

The same is true for that aspect of the claim involving the Sarah Tucker incident. That evidence, too, went to future dangerousness and yet that was apparently not a decisive factor for the jury.[4]  Also, once again, Robinson offers a brand new affidavit, from the lawyer who represented him on the Tucker case.  (DX 86.)  That explanation goes no farther than to describe how a plea agreement was reached with the state allowing Robinson to plead to a lesser offense from the one initially charged.  The Court has already correctly noted, (Mem. Opp. at 21), that such a plea does not mean that the Tucker incident

---

[4]  This reality also disposes of any value to Robinson's arguments in general about future dangerousness.  *See* Motion for Reconsideration at 11-12 (argument regarding Bureau of Prisons' efficacy at protecting others from prisoners) and at 13 n.3 & DX 85 (offering a brief by the United States touching on the issue of what steps the Bureau of Prisons can take to reduce or eliminate a prisoner's danger to others).  If, as this Court is persuaded, Robinson's jury did not decide his punishment based on future dangerousness, the entire issue is a dead letter.

did not happen as described to Robinson's federal jury.  The new affidavit certainly does not establish otherwise.

3.  <u>Claim of counsel's failure to gather and present mitigation evidence</u>

The Court has decided this claim, like some of the others, on alternative grounds. The first is that defense counsel did not provide deficient representation, in that the trial record reveals that they conducted an adequate investigation, including learning about Robinson's high-school and college years and his earlier childhood in Dermott.  (Mem. Opp. at 22-28.)  Robinson, in his motion for reconsideration, focuses on the necessity of analyzing counsel's credibility about the investigation they undertook, a matter that cannot be decided without an evidentiary hearing.

However, the Court's alternative dispositive ruling is that even if defense counsel had uncovered and presented "all of Robinson's mitigation evidence, including the evidence that was gathered post-conviction, the Court canno[t] conclude that it is reasonably likely a jury would have reached a different conclusion had the evidence that was discovered post-trial been admitted."  (Mem. Opp. at 32.)  In light of this bottom-line ruling that Robinson suffered no ultimate prejudice from lack of mitigation evidence, an evidentiary hearing on the reasonableness of counsel's investigation would be superfluous. In such circumstances, the Court commits no abuse of discretion in denying a hearing. *Edwards*, 442 F.3d at 267-68 & n.10.

4.  <u>Claim of failure to raise a *Batson* issue on appeal</u>

This issue is not mentioned in the motion for reconsideration.  Given the high degree of deference that an appellate court would have given to this Court's rulings on the

<u>**Government's response to motion for reconsideration** – **Page 7**</u>

proposed *Batson* claim, (Mem. Opp. at 33-34, and citations therein), and given all the factual circumstances surrounding the issue, this Court is correct to conclude as a matter of law that Robinson would not have prevailed on a *Batson* claim had his lawyers raised it. (Mem. Opp. at 32-39.)

5.  All the remaining claims[5]

The rest of Robinson's claims in his § 2255 motion would not benefit from an evidentiary hearing because they are procedurally barred.  (Some of them suffer from additional infirmities.)  Accordingly, the motion for reconsideration, focusing as it does on the alleged need for an evidentiary hearing, does not mention these claims.  The Court has decided them correctly and there is no ground for reconsideration.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY


 /s/ Susan Cowger
SUSAN COWGER
Assistant United States Attorney
Texas State Bar No: 08390150
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:    214.659.8622
Facsimile:    214.659.8800
E-mail:        susan.cowger@usdoj.gov
Attorney for Respondent

---

[5]  These include: (1) Robinson's attempt to make the *Batson* challenge directly, rather than through the lens of IAC; (2) his claim of selective death-penalty prosecution against black defendants; (3) his claim that the FDPA was applied to him discriminatorily; (4) his claim that the prosecution pursued inconsistent theories at his own trial and L.J. Britt's subsequent trial; and (5) his motion for a new trial.

**Government's response to motion for reconsideration – Page 8**

## CERTIFICATE OF SERVICE

I certify that I filed this motion electronically on December 22, 2008, using the

court's electronic case filing (ECF) system.  The ECF system sent a "Notice of Electronic

Filing" to the following attorneys of record who have consented in writing to accept this

Notice as service of this document by electronic means:

Michael B. Charlton
Deputy Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, NV 89101-6632

Sean Kennedy                            Craig Harbaugh
Federal Public Defender                 Deputy Federal Public Defender
321 E. 2nd Street                       321 E. 2nd Street
Los Angeles, California, 90012          Los Angeles, California 90012


  /s/ Susan Cowger
SUSAN COWGER
Assistant United States Attorney

**Government's response to motion for reconsideration – Page 9**