THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | NO.   4-00-CR-260-Y (2)) |
| | § | [Civil Case No. 4:05-CV-756-Y] |
| vs. | § | (death-penalty case) |
| | § | |
| JULIUS ROBINSON | § | |
| | § | |
| | § | |

_____

**ORDER DENYING MOTION FOR RECONSIDERATION**

Petitioner Julius Omar Robinson is a federal prisoner under a death sentence who, having

been convicted of capital murder in this Court, filed a motion to vacate his conviction and sentence

under 28 U.S.C. § 2255.  On November 7, 2008 this Court entered its Memorandum Opinion and

Order in this case denying relief (Doc. #2453) as well as its Final Judgment (Doc. #2454).  On

November 24, 2008, Robinson filed a Motion for Reconsideration of Order Denying Motion to

Vacate Sentence Without an Evidentiary Hearing  (Doc. # 2456).  The government filed its

Response to Robinson's motion on December 22, 2008 (Doc. #2464).  The Court will deny

Robinson's motion.

**I.      DISCUSSION**

      **A.      STANDARD OF REVIEW**

Bona fide contested issues of fact raised in a motion to vacate brought under § 2255 must

be resolved on the basis of an evidentiary hearing. *Reagor v. United States*, 488 F.2d 515, 517 (5th

Cir.1973).  But § 2255 does not require a hearing if the motion, files, and record of the case

conclusively demonstrate that no relief is appropriate. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992). The Fifth Circuit has confirmed that "§2255 requires only conclusive evidence-- and not necessarily direct evidence--that a defendant is entitled to no relief under §2255 before the district court can deny the motion without a hearing." *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir.1990).

A district court's decision to deny a movant's request for an evidentiary hearing under § 2255 is reviewed for abuse of discretion. *See Bartholomew*, 974 F.2d at 41. A district court will only be found to have abused its discretion if the movant produces "independent indicia of the likely merit of his allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). (internal quotation marks and citations omitted); *see also United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (holding conclusory assertions are insufficient to support request for evidentiary hearing). Contested factual allegations "ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citations omitted). The district court may also rely on the trial judge's "personal knowledge or recollection" in making its decision. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979); *United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991). "When the files and records of a case make manifest the lack of merit of a § 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451.

**B.      ANALYSIS**

**1.      The Court's Denial of Habeas Relief Was Not Based Upon a Manifest Error of Law.**

Robinson claims that this Court's denial of his request for an evidentiary hearing was based upon a "manifest error of law." (Mot. to Rec. (Doc. #2456) at 3.) None of the cases relied upon

by Robinson, however, applies to the facts of Robinson's case.  The first case Robinson relies on, *Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir. 1980), was decided pre-*Strickland*, before defendants were required to proved both deficient performance and prejudice on the part of their trial counsel to demonstrate insufficiency of counsel.  Post-*Strickland,* it is clear that a court need not decide whether counsel's performance was sufficient where there has been no demonstration of prejudice.  *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

Robinson's reliance upon the remaining cases he cites in support of his motion for reconsideration is also misplaced.  In *United States v. Tapp*, 491 F.3d 263, 265-266 (5th Cir. 2007), the court of appeals held that prejudice was presumed where counsel failed to file a notice of appeal after he was asked to do so, a factual situation not present here.  In *Tucker v. United States*, No. 07-40139, 275 Fed. Appx. 402, 403-404 (5th Cir. Apr. 28, 2008), the circuit court reversed and ordered an evidentiary hearing, citing the district court's complete failure to address the petitioner's affidavit and total reliance on the affidavit of the allegedly insufficient trial counsel.  The appellate court further indicated that the petitioner had identified factual disputes that could not be decided on the basis of the affidavits alone.  *Id.*  In Robinson's case, this Court considered Robinson's affidavits as well as those produced by his trial counsel, along with the trial record and the trial judge's own recollection of the facts before determining that in many instances there were no bona fide contested issues of fact, and in any case that Robinson failed to demonstrate prejudice.  Two more cases Robinson cites in support of his assertion are *United States v. Severin*, 1996 WL 107239 (5th Cir. Mar. 27, 1996) and *Pike v. United States*, 409 F.2d 499 (5th Cir. 1969).  Both cases involved concerns over a coerced guilty plea, a situation not present here and one in which the potential prejudice is obvious.  In the next case Robinson cites, *United States v. Martinez*, 181 F.3d 627, 628

(5th Cir. 1999) the circuit court remanded to allow a *pro se* defendant to state his claim with greater specificity, but did not require an evidentiary hearing. Robinson is certainly not a *pro se* defendant, as he was represented by counsel who filed a motion to vacate in excess of one hundred pages accompanied by voluminous exhibits. Finally, Robinson cannot rely on *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002) for support. In *Wynn*, the defendant claimed that his § 2255 motion should not have been time barred where he was diligent but his attorney allegedly misrepresented the status of his case, and the Fifth Circuit remanded for a hearing to determine what misrepresentations trial counsel made, if any. There is no statute-of-limitations issue in Robinson's case. In sum, none of the cases Robinson relies upon are persuasive in his case.

> ### 2.    Robinson's First Claim of Ineffective Assistance--Failure to Hire a Skilled Investigator.

Robinson set forth several bases in his motion to vacate for his insufficiency-of-counsel claim. The first of these was his trial counsel's alleged failure to hire a skilled investigator. After examining the entire record, including affidavits proffered by Robinson and his trial counsel as well as the trial judge's recollections of the trial itself, the Court found that Robinson's trial counsel had hired an experienced investigator who had contacted numerous witnesses who produced favorable evidence for Robinson at trial. (Memorandum Opinion and Order ("Mem. Opp.") (Doc. #2453) at 15-16.) Notably, Robinson does not allege in his instant motion for reconsideration that a legitimate factual issue remains on this issue. (Mot. to Rec. (Doc. #2458).) In addition to finding that Robinson's claim lacked merit, this Court found that Robinson failed to produce any facts demonstrating that Robinson's counsel's choice of investigator prejudiced Robinson's case, and thus Robinson's claim failed as a matter of law. (Mem. Opp. (Doc. #2453) at 16.); *see, e.g. United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (holding that a defendant must produce facts that

establish prejudice).

### 3. Robinson's Second Claim of Ineffective Assistance--Failure to Adequately Investigate Factors Affecting Finding of Future Dangerousness.

Robinson's second basis for his claim of ineffective assistance of counsel is that his trial counsel failed to adequately investigate the government's factual allegations regarding Robinson's likelihood of future dangerousness. This Court found that this claim failed as a matter of law because (1) the inconsistent affidavits proffered by Robinson did not create a genuine factual issue and (2) even if the facts Robinson proffered were true, he failed to establish prejudice. (Mem. Opp. (Doc. #2453) at 18-20 (as to allegations regarding the kidnaping of Michael "One Love" Williams); *id.* at 21 (as to allegations regarding the shooting attempt aimed at Sarah Tucker).) For the first time, Robinson seeks to introduce two affidavits. The first is an affidavit from Steven Toston (DX 84) in which Toston contradicts the testimony given by Nathan Henderson at trial regarding Robinson's alleged comment that someone needed to "get" Williams. (*Id.*; R20/130.) Without addressing the propriety of filing a new affidavit at this stage in the proceedings, the Court concludes that this information does not change the Court's finding that the jury would have voted for the death penalty regardless of the future-dangerousness evidence presented. (Mem. Opp. (Doc. #2453) at 20.)

Robinson likewise seeks to introduce an affidavit in support of his claim regarding the shooting incident involving Sarah Tucker, providing the affidavit of the lawyer who represented him in the Tucker case. (DX 86.) The new affidavit does not alter the court's finding in its memorandum order, and Robinson's plea agreement to a lesser crime does not indicate that the incident itself did not occur as described to the jury at Robinson's trial. (Mem. Opp. (Doc. #2453) at 21.) Robinson has failed to establish a basis for overturning the Court's decision not to hold an

evidentiary hearing on this issue, and Robinson's motion for reconsideration on this point is denied.

### 4. Robinson's Claim that His Counsel Failed to Adequately Gather and Present Mitigation Evidence.

Robinson next moves the court to reconsider its decision not to grant an evidentiary hearing on whether his trial counsel were inadequate for failing to adequately gather and present mitigation evidence. In his motion for reconsideration, Robinson argues that it is necessary to have an evidentiary hearing to analyze his trial counsel's credibility regarding their investigation. In its memorandum order, however, the Court held that even if Robinson's defense counsel had presented the entirety of "Robinson's mitigation evidence, including the evidence that was gathered post-conviction, the Court canno[t] conclude that it is reasonably likely a jury would have reached a different conclusion had the evidence that was discovered post-trial been admitted." (Mem. Opp. (Doc. #2453) at 32.) Thus, granting an evidentiary hearing on the issue of adequate investigation of mitigation would be superfluous. *See Edwards*, 442 F.3d at 267-68 & n.10.

### 5. Robinson's Claim of Ineffective Assistance for Failure to Raise a *Batson* Issue on Appeal.

Although Robinson does not specifically mention in his motion for rehearing the Court's decision not to grant an evidentiary hearing to hear evidence pertaining to Robinson's counsel's inadequacy for failing to raise a *Batson* issue on appeal, the Court does not find that an evidentiary hearing is appropriate on this issue. As the Court discussed in its memorandum opinion and order, "Robinson has not demonstrated that his counsel would have had a reasonable likelihood of success in raising the a *Batson* claim before the Fifth Circuit." (Mem. Order (Doc. #2453) at 37.) He has included nothing in his motion for reconsideration that alters his failure to demonstrate that his counsel performed below a reasonable professional standard in choosing not to raise *Batson* as a

ground in his appeal.   Thus, the Court denies any claim made in Robinson's motion for reconsideration on this basis.

## II.   CONCLUSION

As the Court held in its memorandum opinion and order denying Robinson's motion to vacate (Doc. #2453), the record before this Court, including the exhibits submitted by Robinson with his motions, do not create any contested fact issues with regard to Robinson's insufficiency-of-counsel claims that must be resolved in order to decide his case.   To the contrary, many of Robinson's claims are based on the record from the trial. And, with regard to the claims for which Robinson has submitted additional evidence, the Court has decided these claims based on uncontested allegations of fact and, where facts are contested, by assuming that what Robinson alleges is true, or based on legal, not factual, bases. Accordingly, because the record before this Court shows conclusively that Robinson is not entitled to relief, his motion to reconsider the Court's denial of his request for an evidentiary hearing on his remaining claims for relief is DENIED.

SIGNED February 17, 2009.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

-7-