IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,  §
     Plaintiff,  §
       §
V.  §
       §   CRIMINAL NO.  4:00-CR-0260-Y
JULIUS OMAR ROBINSON (02),  §
also known as Face, also  §
known as Scar, also known,  §
as Scarface  §
     Defendant  §

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
<u>GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

On April 17, 2009, Julius Omar Robinson ("Robinson") filed his motion for certificate of appealability ("COA Motion")(doc. #2467) and application to proceed *in forma pauperis* ("IFP") on appeal. (Doc. #2471.)  For the reasons set out below, the motion for COA is denied and the application to proceed IFP is granted.

Robinson first requests a COA on the ground that this Court denied his request for an evidentiary hearing.  However, a COA is neither available nor necessary for this specific ground.

To obtain a COA, Robinson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006); *United States v. Garza*, 165 F.3d 312, 314 (5th Cir. 1999).  The Court of Appeals will review the denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion in resolving the claim upon which an evidentiary hearing was sought. *See United States v. Bartholomew*,

974 F.2d 39, 41 (5th Cir.1992).  It will not find that a district court abused its discretion in refusing to conduct an evidentiary hearing unless the § 2255 movant "produce[s] independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)(internal quotation marks and citation omitted).  Therefore, this issue will only be considered as corollary to a constitutional claim upon which a COA is granted.

Robinson also requests a COA on the related claim that he was deprived the effective assistance of counsel guaranteed by the Constitution when his trial counsel failed to present certain mitigating evidence at his trial.  To make a substantial showing of the denial of a constitutional right, Robinson must demonstrate that "jurists of reason" could either "disagree" with the prior resolution of Robinson's constitutional claims or "could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).  In *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008), the Court of Appeals stated that "where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Also, "[w]hile the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case

2

any doubts as to whether a COA should issue must be resolved in the Robinson's favor." *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir.2005)(internal quotation marks and citations omitted).

Robinson contends that he is entitled to a COA because this Court misapplied the standards for evaluating prejudice and deficient performance of trial counsel. However, Robinson's motion misstates the Court's application of these standards.

Robinson characterizes this Court's standard as subscribing "to the belief that so long as trial counsel presented some mitigating evidence--no matter how superficial or harmful--prejudice cannot be shown." (COA Motion at 12.) This was not the standard employed in this Court's prior analysis. In support of this characterization, Robinson cites to the portion of the memorandum opinion and order that distinguishes this case from those that Robinson had relied upon. However, it is clear from the entire discussion that this Court had reweighed the evidence in aggravation against the totality of available mitigation evidence. (Mem. Opinion and Order at 22-32.) In fact, Robinson mischaracterizes some of this Court's efforts to reweigh such evidence as "a variation of the long-defunct 'nexus' test" (COA Motion at 22), and suggests that this Court's analysis relied upon a presumption that the jury completely abdicated its responsibility in the punishment phase. (COA Motion at 26-27.) Instead, this Court duly applied the constitutional standard, carefully considering the relevant Supreme Court cases that continue

3

to bind this Court even though Robinson now opines that "[i]t is not possible to extract useful information" from the facts of those cases. (COA Motion at 24 n.9.)

Robinson also contends that this Court improperly concluded that trial counsel's performance did not fall below the constitutional standard.  Robinson reasserts the argument that any decision not to employ a mitigation specialist constitutes deficient performance. (COA Motion at 32.)  In contrast, this Court is required to determine whether the decision not to continue a certain line of investigation is itself a reasonable one. *See Wiggins v. Smith*, 539 U.S. 510, 523, 123 S.Ct. 2527, 2536, 156 L.Ed.2d 471 (2003).  Robinson did not make the required showing.

Further, this Court need not have conducted an independent analysis of both performance and prejudice, because a finding that he had not proven either one of these prongs would require the denial of his claim.  Since Robinson has not produced independent indicia of the likely merit of either prong--performance or prejudice--it does not appear that reasonable jurists would disagree with the denial of this claim.  Therefore, Robinson's COA Motion should be denied.

IT IS, THEREFORE, ORDERED that Robinson's motion for certificate of appealability (doc. #2467) be, and it is hereby, **DENIED**.

In response to the order and notice of deficiency issued on May 19, 2009 (doc. #2470), Robinson has tendered his application to proceed IFP on appeal with a certificate of inmate trust account and

4

further supplementation indicating a most recent balance of $0 and which did not exceed $165.65 over the last six months. (Docs. #2471 and 2472.) Robinson supplemented this with an affidavit showing his present balance to be $0. Therefore, the application to proceed IFP is proper and should be granted.

IT IS, THEREFORE, ORDERED that Robinson's application to proceed IFP on appeal (doc. #2471) be, and it is hereby, **GRANTED**.

SIGNED July 10, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/drs

5