CUAUHTEMOC ORTEGA
Federal Public Defender
JONATHAN C. AMINOFF (CA Bar No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
MICHAEL PETERSEN (No. 311729)
(E-Mail: Michael_Petersen@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310

Attorneys for Defendant
JULIUS OMAR ROBINSON

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | |
|---|---|
| JULIUS OMAR ROBINSON,<br><br>Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff. | Criminal No. 4:00-CR-00260-2<br><br>Honorable Terry R. Means<br>United States District Judge<br><br>**MOTION FOR ISSUANCE OF AN AMENDED JUDGMENT RELATING TO RESTITUTION** |

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| JULIUS OMAR ROBINSON, | Criminal No. 4:00-CR-00260-2 |
| Defendant, | Honorable Terry R. Means<br>United States District Judge |
| v. | **MOTION FOR ISSUANCE OF AN AMENDED JUDGMENT RELATING TO RESTITUTION** |
| UNITED STATES OF AMERICA, | |
| Plaintiff. | |

Defendant Julius Robinson moves pursuant to 18 U.S.C. 3612(f)(3) for modification of the restitution order previously issued in this matter. This motion is based on the attached memorandum of points and authorities and all the files and records of this case.

Respectfully submitted,

Dated: July 17, 2025

*/s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
MICHAEL PETERSEN
Deputy Federal Public Defenders

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

On June 5, 2002, this Court sentenced Julius Robinson to death and ordered him, jointly and severally with his co-defendants, to pay restitution in the amount of $22,768.  *United States v. Robinson*, CR-260-2, Dkt. No. 1740.  The Court did not order Robinson or his co-defendants to pay interest on the restitution amount.  *Id*.  The Fifth Circuit affirmed Robinson's convictions and sentences, *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004), and the Supreme Court denied certiorari.  *Robinson v. United States*, 543 U.S. 1005 (2004).  Robinson's efforts to overturn his convictions and sentences via a motion pursuant to 28 U.S.C. Section 2255 were not successful. CR-260-2, Dkt. Nos. 2453, 2473; *United States v. Robinson*, 2010 U.S. App. LEXIS 11675 (5th Cir. 2010) (affirming); *Robinson v. United States*, 565 U.S. 827 (2011) (denying certiorari).  On December 23, 2024, President Joseph R. Biden Jr. commuted Robinson's death sentences to sentences of life imprisonment.  Dkt. 2585.

Robinson, and his co-defendants, have paid off the entirety of the $22,768 restitution order.  Ex A.  Indeed due to his exemplary conduct in prison, Robinson has been employed as an orderly for virtually the entire time he was on death row, and with that income he was able to pay towards his restitution in conjunction with his co-defendants.  Unbeknownst to Robinson, however, the Bureau of Prisons ("BOP") elected to charge Robinson interest on his restitution order, and presently reports that Robinson owes $9,171.87 in interest payments.  These charges are being attributed to Robinson alone.

To date, Robinson and his co-defendants have paid over $23,605.73 towards their $22,768 restitution order.  Robinson respectfully requests that the Court limit the total of interest payable to a specific dollar amount pursuant to § 3612 (f)(3)(B) specifically $847.73, the amount of interest Robinson has paid to date, and deem his restitution judgment satisfied.

1

## II.  ARGUMENT

**A.    The Court has the ability to modify Robinson's restitution order**

The federal criminal code specifically contemplates this Court's authority to adjust interest payments.  Indeed 18 U.S.C. § 3612(f)(3), titled "modification of interest by the court," states that "If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may-- (A) waive the requirement for interest;  (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues."  Additionally 18 U.S.C. 3664(k) authorizes the district court to "adjust the payment schedule… as the interests of justice require" in the event of a material change in the defendant's economic circumstances.

A district court's statutory power to waive interest on restitution because of a defendant's inability to pay can be exercised not only at initial sentencing but also at a point after initial sentencing in light of changed circumstances regarding ability to pay. *United States v. Phillips*, 9 F.4th 382 (6th Cir. 2021); *see United States v. Sweatt*, 85 F.4th 1240, 1242 (7th Cir. 2023) (section 3664(k) authorizes defendant's post-conviction application for amendment to restitution schedule).

**B.    The Court should exercise its authority to relieve Robinson of the interest payments.**

Robinson will soon be transferred out of the death row unit at U.S.P. Terre Haute, Indiana and has been designated for transfer to the supermax facility at the U.S.P. Florence, Arizona.  At present, it is unclear when (and if) Robinson will be transferred to Florence and under what conditions.  Should Robinson be placed in the Administrative Segregation Unit ("ADX"), it is very unlikely that he will be permitted to work.  If, however, he is placed outside of the ADX, he might be permitted to work, and will be placed on the waiting list for a UNICOR job.  While he is waiting for a

2

UNICOR job, which will likely take several years,[1] he will receive a non-UNICOR job which will pay somewhere in the range of $0.12 to $0.40 an hour.[2]  Under the BOP's Inmate Financial Responsibility Program, inmates are required to pay at least $25 per quarter towards court-ordered financial obligations, and failure to do so places an inmate in "refusal status" with associated penalties, including limitations on his ability to communicate with his family.  28 C.F.R. §§ 545.10; 545.11(b).

Unlike the principal payments which were jointly and severally applied to Robinson and his co-defendants, Robinson is now solely responsible for paying an interest fee of over $9,000.  While on death row, Robinson had reliable and steady employment, and generally was able to pay significantly more than the $25 minimum payment.  Indeed, Robinson with his co-defendants collectively were able to pay the entire restitution amount ordered by the Court.  But even if Robinson is able to obtain employment, Robinson will never be solely capable of paying over $9,000 towards the interest.  Thus given the material changes in his financial circumstances, specifically now being solely responsible for the fees and without regular employment, Robinson respectfully requests that the Court limit the interest payments to $847.73 and waive any further interest fee.

### III.  CONCLUSION

For all of the foregoing reasons, Robinson respectfully requests that the Court grant this motion.

Respectfully submitted,

Dated:  July 17, 2025

*/s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
MICHAEL PETERSEN
Deputy Federal Public Defenders

---

[1] https://www.bop.gov/inmates/custody_and_care/unicor_about.jsp

[2] *See* BOP Website, Work Programs, https://www.bop.gov/inmates/custody_and_care/work_programs.jsp.

**CERTIFICATE OF CONFERENCE**

Counsel for Julius Robinson, Jonathan Aminoff and Michael Petersen, and counsel for the government, Jonathan Bradshaw, conferred on June 20, 2025. Prior to time, counsel for Robinson had e-mailed counsel for the government a copy of this motion on June 11, 2025 such that the parties could more meaningfully discuss the issues. An agreement, however, could not be reached, and the government opposes this motion.


Dated:  July 17, 2025                    */s/ Jonathan C. Aminoff*
                                         JONATHAN C. AMINOFF

4