IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

v.

JULIUS OMAR ROBINSON (02)

No.    4:00-CR-260-Y

## GOVERNMENT'S OPPOSITION TO MOTION FOR ISSUANCE OF AN AMENDED JUDGMENT RELATING TO RESTITUTION

This Court should deny Robinson's motion to issue a new judgment that removes his obligation to pay interest on the restitution owed because: (1) this Court lacks authority to amend the judgment post-sentencing; and (2) even if this Court had the authority, Robinson's request is plainly premature.

**1.      This Court lacks the authority to modify Robinson's interest obligation decades after it entered a final judgment.**

The Mandatory Victims Restitution Act (MVRA) provides that "[a] sentence that imposes an order of restitution is a final judgment," and may only be modified in a limited set of circumstances.   18 U.S.C. § 3664(o).   The MVRA thus "sharply limits a district court's discretion to modify restitutionary orders."   *United States v. Singh*, 836 F. App'x 331, 333 (5th Cir. 2021) (cleaned up).    "'Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule.'"   *United States v. Hancock*, No.

**Government's Opposition to Motion for an Amended Judgment - Page 1 of 4**

3:10-CR-333-D, 2021 WL 829953, at *1 (N.D. Tex. Mar. 4, 2021) (quoting *United States v. Fromm*, 2014 WL 2864710 (N.D. Ill. June 18, 2014)).

Federal law requires that the defendant pay interest on restitution, "unless waived by the district court at sentencing."  *United States v. Brewer*, 699 F. App'x 318, 318 (5th Cir. 2017) (citing 18 U.S.C. § 3612(f)).   Because this Court did not make the requisite determination under Section 3612(f) at sentencing, the defendant's "interest obligation c[an] not be disturbed" now, over 20 years after the judgment was entered.   *United States v. Goode*, 342 F.3d 741, 744 (7th Cir. 2003).   Indeed, none of the exceptions enumerated by the MVRA permits the type of modification to the restitution order that the defendant seeks here.   *See Fromm*, 2014 WL 2864710, at *2 ("Congress did not identify section 3612(f)(3) as a basis upon which an order of restitution can be altered or modified under 18 U.S.C. § 3664(o).").   Thus, this Court lacks authority to modify Robinson's restitution order now.

Robinson argues that the "Court has the ability to modify [his] restitution order," (Dkt. No. 2588 at 4), but he is wrong.   While Robinson relies on the Sixth Circuit's decision in *United States v. Phillips*, his motion fails to mention what the Sixth Circuit there made explicit—i.e., that "the circuits are split on the issue."   9 F.4th 382, 383 (6th Cir. 2021).   In *United States v. Puentes*, the Eleventh Circuit held that a "court may only alter a sentence imposing mandatory restitution in the limited circumstances set forth in 18 U.S.C. § 3664(o)."   803 F.3d 597, 610 (11th Cir. 2015).   While the Fifth Circuit has not squarely addressed the issue, the language in its caselaw suggests that it views

**Government's Opposition to Motion for an Amended Judgment - Page  2  of  4**

Section 3664(o) as setting out the only circumstances under which a district court may modify interest obligations post sentencing.    *See Singh*, 836 F. App'x at 333 (noting that the district court "correctly noted" that Section 3664(o) "sharply limits a district court's discretion to modify restitutionary orders") (internal quotation marks omitted). Accordingly, this Court should deny Robinson's request because it lacks the authority to grant it.    *See Phillips*, 9 F.4th at 389-92 (Bush, J., dissenting) (explaining why a district court lacks the ability to modify a defendant's interest obligations post sentencing).

**2.      Alternatively, this Court should reject Robinson's request as speculative and premature.**

Even if this Court had the authority to eliminate Robinson's responsibility to pay interest on his restitution judgment, this Court should deny his request "as premature." *Phillips*, 9 F.4th at 389.    Even the Sixth Circuit—which has held that a district court may modify a defendant's interest obligation after sentencing—has recognized a court's ability to properly deny a premature request.    *See id.* at 388-89.

Here, Robinson premises his request on a series of speculations, none of which has come to pass (or necessarily will come to pass).    Specifically, Robinson speculates that he may be transferred to U.S.P. Florence, but even he admits that it is "unclear when (*and if*)" that will happen.    (Dkt. No. 2588 at 4 (emphasis added).)    Should he be transferred, he further speculates that he may or may not be able to land a prison job, which may (or may not) pay well enough for him to make the required monthly interest payments. (Dkt. No. 2588 at 4-5.)    But Robinson has not been transferred, denied a job, or landed one that pays too little for him to satisfy his interest obligation.    Rather, today, Robinson

**Government's Opposition to Motion for an Amended Judgment - Page  3  of  4**

remains imprisoned in Terre Haute, where he presumably still holds the job that has enabled him "to pay significantly more than the $25 minimum payment."   (Dkt. No. 2588 at 5.)   His request that this Court relieve him of his obligation to pay interest on his restitution judgment, therefore, is speculative and premature.   This Court should deny it accordingly, and if it chooses to deny his request as premature, it need not wade into the threshold issue discussed above.

## Conclusion

This Court should deny Robinson's motion.

Respectfully submitted,

Nancy E. Larson
Acting United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 4, 2025, I electronically filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.   The electronic case filing system sent a "Notice of Electronic Filing" to Robinson's counsel, Jonathan C. Aminoff.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

**Government's Opposition to Motion for an Amended Judgment - Page  4  of 4**