IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §     CRIMINAL NO. 4:00-CR-260-Y
                                  §
JULIUS OMAR ROBINSON (2)          §

ORDER DENYING MOTION TO AMEND JUDGMENT

Before the Court is the defendant's Motion for Issuance of an Amended Judgment Relating to Restitution (doc. 2588). After review, the Court DENIES the motion.

Defendant was ordered to pay restitution in the amount of $22,768 (doc. 1740). While the Court did not explicitly order Robinson to pay interest on this amount, it was not required to do so. *United States v. Brewer*, 699 F. App'x 318, 318 (5th Cir. 2017)(citing 18 U.S.C. § 3612(f)). Interest is required unless the Court waives it at sentencing. *See id.* Nevertheless, defendant Robinson now requests that the Court amend its judgment relating to restitution under 18 U.S.C. § 3612(f)(3).

This section permits a court to modify interest owed on restitution if "the Court determines that the defendant does not have the ability to pay interest under this subsection." 18 U.S.C. 3612(f). Further, a district court may "adjust the payment schedule or require immediate payment in full if there is 'a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."

ORDER DENYING MOTION FOR AMENDED JUDGMENT – PAGE 1

*United States v. Hancock*, No. 3:10-CR-333-D, 2021 WL 829953 at *2 (N.D. Tex. 4, 2021) (Fitzwater, J.) (citing 18 U.S.C. §3664(k)). Notably, §3664(k) "provides no basis for the discharge of an entire restitution obligation." *Id.* Rather, "[t]he court is permitted only to 'adjust the payment *schedule*' or 'require immediate payment in full.'" *Id.* (emphasis in original).

In this case, Robinson's request is premature. He has failed to demonstrate to the Court that his circumstances have changed materially, rendering him unable to make the requisite interest payments he owes under 18 U.S.C. § 3612(f). Each reason provided in his motion (doc. 2588) is speculative and therefore does not entitle him to relief under either 18 U.S.C § 3612(f) or 18 U.S.C. § 3664(k). Based on the foregoing, the Defendant's motion is DENIED.

SIGNED October 14, 2025.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE